1   Stephen R. Holden, Bar No. 166094
    HOLDEN LAW GROUP
2   1234 High Street
    Auburn, CA 95603
3   Email:          steve@holdenlawgroup.com
    Telephone:      530.888.0901
4   Facsimile:      530.888.0902

5   Attorneys for Defendant University of the Pacific

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JOANNE WARWICK,

12              Plaintiff,          Case No.    CV 08      3904

13      v.                          NOTICE OF REMOVAL OF ACTION
                                    UNDER 28 U.S.C § 1441 (b) [FEDERAL
14  UNIVERSITY OF THE PACIFIC;      QUESTION]
    CALIFORNIA DEPARTMENT OF
15  CORRECTIONS AND
    REHABILITATION ("CDCR");
16  PATRICIA MILLER; DAVID ROMERO;
    DOES TWO THROUGH TWENTY-
17  FIVE, inclusive,

18              Defendants.

19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendant University of the Pacific ("UOP") hereby removes to

22  this Court the state court action described below.

23  **1.    PLAINTIFF'S INITIAL COMPLAINT:** On September 7, 2006, an action was commenced in

24  the Superior Court of the State of California in and for the City and County of San Francisco, entitled

25  JOANNE WARWICK v. CALIFORNIA PAROLE ADVOCACY PROGRAM, et al., as Case Number

26  CGC-06-455973, a copy of which is attached hereto as Exhibit "1." A summons was issued on the

27  same date, September 7, 2006, a copy of which is attached hereto as Exhibit "2." This complaint,

28

Plaintiff's Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief, was not served on UOP.

2. **PLAINTIFF'S FIRST AMENDED COMPLAINT:** On September 22, 2006, Plaintiff filed in the above-mentioned action Plaintiff's Amended Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief, a copy of which is attached hereto as Exhibit "3." Plaintiff did not properly serve UOP with this first amended complaint until July 2, 2008.

3. **PLAINTIFF'S SECOND AMENDED COMPLAINT:** On July 18, 2008, Plaintiff filed in the above-mentioned action Plaintiff's Second Amended Verified Complaint for Damages, Declaratory Judgment and Injunctive Relief, a copy of which is attached hereto as Exhibit "4." This second amended complaint was served on July 18, 2008, via mail, on counsel for Defendant UOP and counsel for Defendant the California Department of Corrections and Rehabilitation ("CDCR"). (*See*, Proof of Service in Exhibit "4.")

4. **JURISDICTION:** This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in that the First Claim of Relief of the Second Amended Verified Complaint arises under 42 U.S.C. section 1983.

5. **DOCUMENTS FILED IN STATE COURT ACTION:** In addition to Exhibits "1" - "4," identified above, the following documents have been filed in the above-mentioned state court action, copies of which are attached hereto as the following exhibits:

- Exhibit "5": Civil Case Cover Sheet, filed Sept. 7, 2006
- Exhibit "6": Case Management Statement, filed January 31, 2007
- Exhibit "7": Notice of Motion and Motion to Be Relieved as Counsel, filed June 6, 2007
- Exhibit "8": Order to Show Cause, issued May 2, 2007
- Exhibit "9": Plaintiff's Response to Order to Show Cause, filed June 18, 2007
- Exhibit "10": Proof of Service: Summons; Plaintiff's Amended Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief served on UOP, filed June 18, 2007
- Exhibit "11": Order Granting Attorney's Motion to Be Relieved as Counsel, issued June

27, 2007

- Exhibit "12": Proof of Service: Order Granting Attorney's Motion to Be Relieved as Counsel, filed July 19, 2007

- Exhibit "13": Notice of Motion and Motion to Be Relieved as Counsel; Declaration in Support of Motion to Be Relieved as Counsel, filed September 25, 2007

- Exhibit "14": Plaintiff's Opposition to Motion to Be Relieved as Counsel, filed October 10, 2007  Exhibit "15": Notice of Motion and Motion to Be Relieved as Counsel, filed November 15, 2007

- Exhibit "16": Order Denying Attorney's Motion to Be Relieved as Counsel With Prejudice, issued December 11, 2007

- Exhibit "17": Plaintiff's Opposition to Motion to Be Relieved as Counsel and Notice of Plaintiff's Address, filed December 14, 2007

- Exhibit "18": Plaintiff's Response to Order to Show Cause, filed February 5, 2008

- Exhibit "19": Order Granting Attorney's Motion to Be Relieved as Counsel, issued March 6, 2008

- Exhibit "20": Plaintiff's Response to Order to Show Cause, filed March 12, 2008

- Exhibit "21": Plaintiff's Request to Present Oral testimony at Order to Show Cause on March 20, 2008, filed March 18, 2008

- Exhibit "22": Order to Show Cause, issued March 20, 2008

- Exhibit "23": Notice of Entry of Order, filed March 21, 2008

- Exhibit "24": Responsive Declaration of Joanne Warwick to Order to Show Cause, filed May 22, 2008

- Exhibit "25": Notice of Unavailability, filed May 22, 2008

- Exhibit "26": Proof of Service: Summons; Plaintiff's Amended Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief served on UOP, filed May 22, 2008

- Exhibit "27": Proof of Service: Summons; Plaintiff's Amended Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief served on CalPAP, filed

May 22, 2008

- Exhibit "28":  Proof of Service:  Summons; Plaintiff's Amended Verified Complaint for Damages, Declaratory Judgment and Permanent Injunctive Relief served on CDCR, filed May 22, 2008
- Exhibit "29":  Continued Order to Show Cause, issued May 23, 2008
- Exhibit "30":  UOP's Notice of Motion to Quash Service of Summons by Special Appearance and Memorandum of Points and Authorities in Support Thereof; Declaration of Stephen R. Holden; Declaration of Kelly Jones, filed June 30, 2008
- Exhibit "31":  UOP's Notice of Motion and Motion for Attorney's Fees and Costs, field June 30, 2008
- Exhibit "32":  Amendment to Complaint, filed July 2, 2008
- Exhibit "33":  Amended Proof of Service of Summons on UOP, filed July 2, 2008
- Exhibit "34":  Substitution of Attorney; Proof of Service, filed July 3, 2008
- Exhibit "35":  Plaintiff's Opposition to Motion to Quash Service of Summons; Proof of Service, filed July 3, 2008
- Exhibit "36":  Proof of Service, filed July 7, 2008
- Exhibit "37":  Stipulation of Counsel Allowing Plaintiff to Amend Her First Amended Complaint, filed July 18, 2008
- Exhibit "38":  Stipulation of Counsel Allowing Plaintiff to Amend Her First Amended Complaint; Order, filed July 18, 2008
- Exhibit "39":   Continued Order to Show Cause, issued August 12, 2008

   **6.    JOINDER:**  Defendant California Department of Corrections and Rehabilitation, who has been served with the Summons and Plaintiff's Second Amended Verified Complaint, has joined in this Notice of Removal, as evidenced by its Joinder, filed concurrently herewith.

   **7.    DEFENDANTS NOT SERVED:**  To date, UOP has not been provided notice by Plaintiff that she has served Plaintiff's Second Amended Verified Complaint on Defendants Patricia Miller and

///

///

1    David Romero.    Therefore, UOP is not required to obtain joinder from Defendants Millers and

2    Romero.

3                                        Respectfully Submitted,

4

5    Dated:  August 15, 2008                     HOLDEN LAW GROUP

6

7

8    By:_____

9           Stephen R. Holden
             Attorneys for Defendant University of the Pacific

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



1   RAMIN NADERI, State Bar No. 183001
2   THE WALSTON LEGAL GROUP
    A Professional Corporation
3   222 Columbus Avenue, Suite 320
    San Francisco, California 94133
4   Telephone: (415) 956-9200
    Facsimile: (415) 956-9205
5   ATTORNEYS FOR PLAINTIFF



SEP 8 2006 San Francisco

SEP 7 2006

GORDON

BY:
     CASE MANAGEMENT CONFERENCE SET
     Deputy Clerk

6

7                    SUPERIOR COURT OF CALIFORNIA   FEB 9   2007  - 9:00 AM

8                    CITY AND COUNTY OF SAN FRANCISCO
                                                    DEPARTMENT 212
9   JOANNE WARWICK,                CGC-06-45597  CGC-06-455   Case No. 455   SUMMONS ISSUED

10             Plaintiff,                              PLAINTIFF'S VERIFIED
                                                       COMPLAINT FOR
11       v.                                            DAMAGES,
                                                       DECLARATORY
12  CALIFORNIA PAROLE ADVOCACY PROGRAM, a              JUDGMENT AND
13  business entity, form unknown; CALIFORNIA BOARD    PERMANENT
    OF PAROLE HEARINGS, a state agency;                INJUNCTIVE RELIEF;
14  CALIFORNIA DEPARTMENT OF CORRECTIONS               DEMAND FOR JURY
    AND REHABILITATION, a state agency; MARVIN         TRIAL
15  SPEED, in his individual and official capacities; MARY
16  SWANSON, in her individual and official capacities;
    ANDREW WALKER, in his individual and official
17  capacities; RICK HEYER, in his individual and official
    capacities; PAUL LACY in his individual and official
18  capacities; TED RICH, in his individual and official
    capacities; J.D. STOKES, in his individual and official
19  capacities; JILL BROWN, in her individual and official
20  capacities; CLAUDIA BELSHAW, in her individual and
    official capacities; PAT CASSADY, in her individual
21  and official capacities; RICK WINISTORFER, in his
    individual and official capacities; PATRICIA MILLER,
22  in her individual and official capacities; ROBERT
23  AMBROSELLI, in his individual and official capacities;
    SUE E. FACCIOLA, in her individual and official
24  capacities; GARY C. SWARTHOUT, in his individual
    and official capacities; DAVID ROMERO, in his
25  individual and official capacities; MIKE MILLER, in his
26  individual and official capacities; DOES ONE through
    TWENTY-FIVE, inclusive
27
                   Defendants.
28

EXHIBIT 1

- 1 -

1    Plaintiff JOANNE WARWICK (plaintiff) alleges as follows:

2    1.    Plaintiff is a natural person, residing in the City and County of San Francisco.

3    2.    Defendant CALIFORNIA PAROLE ADVOCACY PROGRAM (CalPAP) is a

4    business entity, form unknown, operating and doing business in the State of California, in the City

5    and County of San Francisco.

6    3.    Defendant CALIFORNIA BOARD OF PAROLE HEARINGS (BPH), formerly

7    known as the California Board of Prison Terms, is a State of California agency.

8    4.    Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND

9    REHABILITATION (CDCR), formerly known as the California Department of Corrections, is a

10    State of California agency.

11    5.    Defendant MARVIN SPEED (defendant SPEED) was at all times relevant to this

12    action the Executive Director of BPH. Defendant SPEED is sued in his individual and official

13    capacities.

14    6.    Defendant MARY SWANSON (defendant SWANSON) was at all times relevant

15    to this action the CalPAP program director. Defendant SWANSON is sued in her individual and

16    official capacities.

17    7.    Defendant ANDREW WALKER (defendant WALKER) was at all times relevant

18    to this action a CalPAP staff attorney. Defendant WALKER is sued in his individual and official

19    capacities.

20    8.    Defendant RICK HEYER was at all times relevant to this action a Senior Staff

21    Attorney with CalPAP. Defendant HEYER is sued in his individual and official capacities.

22    9.    Defendant PAUL LACY was at all times relevant to this action a Senior Staff

23    Attorney with CalPAP. Defendant LACY is sued in his individual and official capacities.

24    10.    Defendant TED RICH (defendant RICH) was at all times relevant to this action a

25    BPH Commissioner. Defendant RICH is sued in his individual and official capacities.

26    11.    Defendant J.D. STOKES (defendant STOKES) was at all times relevant to this

27    action a CDCR employee at San Quentin State Prison. Defendant STOKES is sued in his

28    individual and official capacities.

THE WALSTON LEGAL GROUP
A Professional Corporation

12. Defendant JILL BROWN (defendant BROWN) was at all times relevant to this action a CDCR employee at San Quentin State Prison. Defendant BROWN is sued in her individual and official capacities.

13. Defendant CLAUDIA BELSHAW (defendant BELSHAW) was at all time to this action a CDCR employee. Defendant BELSHAW is sued in her individual and official capacities.

14. Defendant PAT CASSADY (defendant CASSADY) was at all times relevant to this action an Associate Chief Deputy Commissioner, employed by the BPH. Defendant CASSADY is sued in her individual and official capacities.

15. Defendant RICK WINISTORFER (defendant WINISTORFER) was at all times relevant to this action a CDCR employee. Defendant WINISTORFER is sued in his individual and official capacities.

16. Defendant PATRICIA MILLER (defendant P. MILLER) was at all times relevant to this action a CDCR employee. Defendant MILLER is sued in her individual and official capacities.

17. Defendant ROBERT AMBROSELLI (defendant AMBROSELLI) was at all times relevant to this action a CDCR employee. Defendant AMBROSELLI is sued in his individual and official capacities.

18. Defendant SUE E. FACCIOLA (defendant FACCIOLA) was at all times relevant to this action a CDCR employee. Defendant FACCIOLA is sued in her individual and official capacities.

19. Defendant GARY C. SWARTHOUT (defendant SWARTHOUT) was at all times relevant to this action a CDCR employee. Defendant SWARTHOUT is sued in his individual and official capacities.

20. Defendant DAVID ROMERO (defendant ROMERO) was at all times relevant to this action a CDCR employee. Defendant ROMERO is sued in his individual and official capacities.

Warwick v. California Parole Advocacy Program, et al.

THE WALSTON LEGAL GROUP
A Professional Corporation

21.     Defendant MIKE MILLER (defendant M. MILLER) was at all times relevant to this action a CDCR employee.  Defendant MILLER is sued in his individual and official capacities.

22.     Plaintiff is presently unaware of the identities of DOES ONE through TWENTY FIVE, inclusive, and accordingly names those defendants with fictitious names.  Plaintiff will seek leave to amend this complaint to add the names of those fictitiously named defendants when their names are revealed through discovery.

23.     All allegations in this complaint substantially occurred in the City and County of San Francisco.

24.     Under the applicable provisions of the California Penal Code, CDCR is the State of California agency responsible for custody of inmates in the State of California prison system.

25.     Under the applicable provisions of the California Penal Code, BPH is the State of California agency responsible for reviewing parole decisions of inmates and parolees in the custody of the State of California prison system.

26.     CalPAP was created pursuant by to the terms of a permanent injunction issued by the United States District Court for the Northern District of California in *Valdivia v Schwarzenegger*, for the purpose of providing legal defense to parolees during parole-revocation proceedings.  On information and belief, CalPAP is a publicly-funded entity that is tantamount to a public agency given that it now performs what was previously a BPH government function, namely the assignment of parole revocation cases to panel attorneys, and which entity has ratifed and conspired with CDCR employees, and therefore it and its employees are state actors for purposes of the causes of action set forth in this complaint.

27.     In or about January 2005, plaintiff began working with CalPAP as an attorney.

28.     Although plaintiff was hired to work as an independent contractor, as a CalPAP attorney, CalPAP exercised considerable control and supervision over the details of plaintiff's work with CalPAP sufficient to constitute an employer-employee relationship, including, but not limited to, the following:

        a.   Controlling the time and place that plaintiff worked;

- 4 -

THE WALSTON LEGAL GROUP
A Professional Corporation

b. Controlling when plaintiff made work-related phone calls, who she made them to, and what she said during the phone call;

c. Controlling when plaintiff wrote work-related letters, who she wrote them to, and what she wrote in the letter.

d. Controlling which clients plaintiff would represent and determining that plaintiff could no longer represent clients even after her representation had begun.

e. On information and belief, controlling when plaintiff would be permitted to represent and visit parolees at San Quentin State Prison

29.    During her employment as a CalPAP attorney, plaintiff frequently voiced concerns that CalPAP was not effectively serving the interests of its clients – *i.e.,* State of California parolees facing parole revocation – in violation of various State of California Rules of Professional Conduct, including but not limited to the following:

a. Discussing her concerns with defendant SWANSON and other senior CalPAP attorneys that CalPAP's policies regarding compensation of its attorneys fosters a conflict-of-interest between the monetary interests of its attorneys and the interests of its parolee-clients in effective representation;

b. Assisting a client in making a well-founded complaint to the California State Bar Association that a CalPAP attorney had improperly spoken to him outside the presence of plaintiff (who was his attorney), in violation of the Rules of Professional Conduct, in order to secure a screening offer (which is similar to a plea bargain in the criminal context) from him;

c. Making phone calls to State of Arizona authorities to determine a client's probation status in that state, in order to determine whether he was properly being extradited to that State, in order to determine what legal strategies to make with the client's state court attorney (which was her duty to determine under applicable Rules of Professional Conduct);

d.  Informing a BPH attorney that BPH had failed to update their procedures to comply with the Health Information Privacy Act (which, on information and belief, BPH conceded), which compromised CalPAP attorneys' ability to defend their clients;

e.  Complaining to a BHP commissioner, defendant RICH, when defendant RICH had told plaintiff he would inform her of the reasoning for an adverse ruling he made against her client in a probable cause hearing, and he failed to contact her and give her the reasoning;

f.  Complaining to a BPH commissioner, defendant RICH, when defendant RICH denied her issuance of a subpoena duces tecum she had requested in order to defend a client;

g.  Complaining to various BPH and CalPAP officials and *Valdivia* plaintiffs' counsel when, on two occasions, she was denied access to her client's files, and was therefore unable to adequately defend them;

h.  After egregious problems with the case of the interstate parolee client, she wrote a nine-page letter to BPH Executive Director, defendant SPEED, detailing the violations of her client's rights under state law and regulations, and federal caselaw, and asking him to exercise his discretion (conferred on him by the California Code of Regulations) to lift the parole hold on her client..

30.  In engaging in the measures set forth in paragraph 29 and the ensuing subparagraphs, plaintiff was fulfilling her duties of diligent and competent representation required of her as an attorney by the State Bar of California.

31.  As a result of plaintiff's conduct set forth in paragraph 29 and the ensuing subparagraphs, plaintiff was terminated from her employment as a CalPAP attorney.

32.  On information and belief, all defendants facilitated the decision to terminate plaintiff's employment as a CalPAP attorney by engaging in the following conduct:

a.  Defendants STOKES and DOES ONE through TWENTY-FIVE inclusive withheld, and subsequently revoked, plaintiff's gate clearance at San Quentin

Warwick v. California Parole Advocacy Program, et al.

THE WALSTON LEGAL GROUP
A Professional Corporation

1    State Prison without adequate notice to her. On information and belief, this was

2    done for the purpose of preventing plaintiff from taking parole cases at that

3    institution and ultimately facilitating her termination from CalPAP.

4    b.   On information and belief, defendants BPH, SPEED, RICH, WALKER, P.

5    MILLER and DOES ONE through TWENTY-FIVE inclusive told CalPAP

6    personnel that plaintiff was disruptive and unqualified as an attorney, and/or

7    was misrepresenting CalPAP, and additionally made other negative comments

8    concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate

9    plaintiff's termination as a CalPAP attorney.

10   c.   On information and belief, defendants BPH, SWARTHOUT, P. MILLER,

11   BELSHAW, STOKES, SPEED, RICH, WALKER, HEYER, BROWN, M.

12   MILLER, LACY, SWANSON, CASSADY, WINISTORFER, AMBROSELLI,

13   FACCIOLA, ROMERO, and DOES ONE through TWENTY-FIVE inclusive

14   were participants in the actions that lead to revocation of plaintiff's gate

15   clearance and/or plaintiffs' resultant termination, although their precise roles in

16   these events are presently unknown to plaintiff;

17   d.   Defendants M. MILLER, ROMERO, and WINISTORFER wrecklessly and/or

18   intentionally made false and defamatory statements about plaintiff in order to

19   cause her injury;

20   e.   Defendants CalPAP and HEYER terminated plaintiff on or about May 31, 2005

21   because plaintiff engaged in the conduct identified in paragraph 29 and the

22   ensuing subparagraphs.

23   33.   Plaintiff has exhausted all applicable administrative remedies with respect to the

24   foregoing allegations, including those required by Cal. Govt. Code § 810 *et seq.*

25   / / /

26   / / /

27   / / /

28   / / /

THE WALSTON LEGAL GROUP
A Professional Corporation

**FIRST CAUSE OF ACTION**

**AGAINST DEFENDANT CALPAP**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

34.     Plaintiff incorporates by reference and realleges all above paragraphs.

35.     There was an employment relationship between plaintiff and defendant CalPAP.

36.     Defendant CalPAP terminated plaintiff in retaliation for fulfilling her duties of diligent and competent representation required of her as an attorney by the State Bar of California, as alleged in paragraph 31 and for her whistleblowing activities regarding CDCR, CalPAP and *Valdivia* plaintiffs' counsel.

37.     Defendant CalPAP, terminated plaintiff's employment in violation of the public policy prohibiting employers from terminating attorney-employees when they fulfill their duties of diligent and competent representation required of attorneys by the State Bar of California.

38.     The termination proximately caused plaintiff to suffer injury, damage, loss and harm, including but not limited to lost wages, diminished community and professional reputation, and emotional distress.

39.     Accordingly, defendant CalPAP is liable to plaintiff for the aforementioned damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**AGAINST DEFENDANT CALPAP**

**BREACH OF CONTRACT**

40.     Plaintiff incorporates by reference and realleges all above paragraphs.

41.     To the extent that plaintiff lacked an employer-employee relationship with defendant CalPAP, plaintiff worked for CalPAP pursuant to the terms of an enforceable contract, whereby plaintiff agreed to provide legal representation (which must comply with the California Rules of Professional Conduct) for parolees facing parole-revocation proceedings in consideration of money.

42.     Under operation of law, the aforementioned contract imposed upon defendant CalPAP a duty of good faith and fair dealing owed to plaintiff.

THE WALSTON LEGAL GROUP
A Professional Corporation

43.    Defendant CalPAP breached the aforementioned express contractual duties, as well as its duty of good faith and fair dealing, by terminating plaintiff's contractual employment when she fulfilled her duties of diligent and competent representation required of attorneys by the State Bar of California and her duties under the her contract with CalPAP.

44.    The breach proximately caused plaintiff to suffer injury, damage, loss and harm, including but not limited to lost wages, and diminished community and professional reputation.

45.    Accordingly, defendant CalPAP is liable to plaintiff for the aforementioned damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### AGAINST DEFENDANTS BPH, SPEED, ROMERO, RICH, CDCR WALKER, M. MILLER, CALPAP, BPH AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

### SLANDER

46.    Plaintiff incorporates by reference and realleges all above paragraphs.

47.    On information and belief, defendant SPEED, RICH, and WALKER deliberately made false, oral, and unprivileged statements to unknown CalPAP personnel that plaintiff was disruptive and/or unqualified as an attorney, and/or was misrepresenting CalPAP and additionally made other negative comments concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate plaintiff's termination as a CalPAP attorney.

48.    Defendant M.MILLER slandered plaintiff in a false and defamatory statement that was republished by defendant ROMERO in an e-mail to defendant P.MILLER.  According to the e-mail, defendant M.MILLER told defendant ROMERO "that after the prior violation Ms. Warwick called him and stated that since she wasn't able to do much for (a parolee client listed by name) at the hearing that she was going to give some of the money she got for representing him."

49.    Defendant ROMERO slandered plaintiff when he made defamatory statements regarding plaintiff in which he implied that she had an inappropriate relationship with [a] parolee X, that she misrepresented herself as the parolee's CalPAP attorney, and that she "attempted to interject herself into any business relating to [a] parolee"

THE WALSTON LEGAL GROUP
A Professional Corporation

1      50.  On information and belief, defendants ROMERO, M. MILLER and DOES ONE

2    through TWENTY-FIVE, inclusive, told others that plaintiff was terminated for drug use.

3      51.  Defendants' statements were in bad faith and for the sole purpose of causing

4    plaintiff to be subject to adverse and unfounded action.

5      52.  Defendants' statements tended to directly injure plaintiff in respect to her office,

6    profession, trade and business by imputing general disqualification in those respects that her

7    position as an attorney particularly require, and by imputing something with reference his the

8    office, profession, trade, and business that has a natural tendency to lessen its profits and by

9    natural consequence, causes actual damage.

10      53.  As a result of defendants' aforementioned conduct, plaintiff sustained injuries

11    including the loss of her job and a diminished professional and community reputation.

12      54.  Accordingly, defendants SPEED, RICH, WALKER ROMERO, WALKER M.

13    MILLER and DOES ONE through TWENTY-FIVE, inclusive are liable to plaintiff for

14    compensatory damages in an amount to be proven at trial.

15      55.  Additionally, because defendants SPEED, RICH, WALKER, ROMERO,

16    WALKER, M. MILLER and DOES ONE through TWENTY-FIVE, inclusive were acting within

17    the scope of their employment, defendants CDCR, BPH and CALPAP are vicariously liable in an

18    amount to be proven at trial for defendant SPEED, RICH, WALKER, ROMERO, WALKER, M.

19    MILLER and DOES ONE through TWENTY-FIVE, inclusive's acts under *respondeat superior*

20    principles.

**FOURTH CAUSE OF ACTION**

**AGAINST DEFENDANTS BPH, SPEED, RICH,
WALKER, CALPAP AND DOES ONE THROUGH
TWENTY-FIVE, INCLUSIVE**

**LIBEL**

25      56.  Plaintiff incorporates by reference and realleges all above paragraphs.

26      57.  On information and belief, defendants SPEED, RICH, WALKER and DOES ONE

27    through TWENTY-FIVE, inclusive deliberately made false, oral, and unprivileged written

28    statements to unknown CalPAP personnel that plaintiff was disruptive and unqualified as an

THE WALSTON LEGAL GROUP
A Professional Corporation

1  attorney, and/or was misrepresenting CalPAP, and additionally made other negative written

2  statements concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate plaintiff's

3  termination as a CalPAP attorney. Additionally, on information and belief, these defendants made

4  written statements similar to the oral statements alleged in the previous cause of action.

5       58.    Defendants' statements were in bad faith and for the sole purpose of causing

6  plaintiff to be subject to adverse and unfounded action by the police.

7       59.    Defendants' statements tended to directly injure plaintiff in respect to her office,

8  profession, trade and business by imputing general disqualification in those respects that her

9  position as an attorney particularly require, and by imputing something with reference his the

10  office, profession, trade, and business that has a natural tendency to lessen its profits and by

11  natural consequence, causes actual damage.

12       60.    As a result of defendants' aforementioned conduct, plaintiff sustained injuries

13  including the loss of her job and a diminished professional and community reputation.

14       61.    Accordingly, defendants SPEED, RICH, WALKER and DOES ONE through

15  TWENTY-FIVE, inclusive are liable to plaintiff for compensatory damages in an amount to be

16  proven at trial.

17       62.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE

18  through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendants

19  BPH and CALPAP are vicariously liable in an amount to be proven at trial for defendant SPEED,

20  RICH, and WALKER's acts under *respondeat superior* principles.

**FIFTH CAUSE OF ACTION**

**AGAINST DEFENDANTS BPH, SPEED, RICH,
WALKER AND DOES ONE THROUGH
TWENTY-FIVE, INCLUSIVE**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE**

26       63.    Plaintiff incorporates by reference and realleges all previous paragraphs.

27       64.    There was an economic relationship between the plaintiff and defendant CalPAP

28  containing the probability of future economic benefit to plaintiff.

THE WALSTON LEGAL GROUP
A Professional Corporation

1    65.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE,

2  inclusive had knowledge of the existence of the aforementioned relationship.

3    66.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE,

4  inclusive undertook intentional acts designed to disrupt the relationship between plaintiff and

5  CalPAP.

6    67.    There was actual disruption of the relationship between plaintiff and CalPAP.

7    68.    The aforementioned disruption proximately caused damages to the plaintiff as a

8  proximate result of the acts of the defendants, including lost wages, a diminished community and

9  professional reputation, and emotional distress.

10    69.    As a result, defendants SPEED, RICH, WALKER AND DOES ONE THROUGH

11  TWENTY-FIVE, INCLUSIVE are liable to plaintiff for the aforementioned damages in an

12  amount to be proven at trial.

13    70.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE

14  through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendant

15  BPH is vicariously liable under for defendant SPEED, RICH, WALKER and DOES ONE through

16  TWENTY-FIVE, inclusive's acts under *respondeat superior* principles in an amount to be proven

17  at trial.

18                    **SIXTH CAUSE OF ACTION:**

19              **AGAINST DEFENDANTS BPH, SPEED, RICH,**
20        **WALKER AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE**

21        **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

22    71.    Plaintiff incorporates by reference and realleges all previous paragraphs.

23    72.    There was a contractual relationship between the plaintiff and defendant CalPAP

24  containing the probability of future economic benefit to the plaintiff.

25    73.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE,

26  inclusive had knowledge of the existence of the aforementioned relationship.

27  / / /

28  / / /

THE WALSTON LEGAL GROUP
A Professional Corporation

- 12 -

Warwick v. California Parole Advocacy Program, et al.

THE WALSTON LEGAL GROUP
A Professional Corporation

1    74.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE,

2    inclusive undertook intentional acts designed to disrupt the relationship between plaintiff and

3    defendant CalPAP.

4    75.    There was actual disruption of the relationship between plaintiff and defendant

5    CalPAP.

6    76.    The aforementioned disruption proximately caused damages to the plaintiff as a

7    proximate result of the acts of the defendants, including lost wages, a diminished community and

8    professional reputation, and emotional distress.

9    77.    As a result, defendants SPEED, RICH, WALKER and DOES ONE through

10   TWENTY-FIVE, inclusive are liable to plaintiff for the aforementioned damages.

11   78.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE

12   through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendant

13   BPH is vicariously liable under for defendant SPEED, RICH, WALKER and DOES ONE through

14   TWENTY-FIVE, inclusive's acts under *respondeat superior* principles in an amount to be proven

15   at trial.

16                              **SEVENTH CAUSE OF ACTION**

17                    **AGAINST DEFENDANTS CALPAP, CDCR, STOKES, BROWN,**
                     **BELSHAW, CASSADY, WINISTORFER, SWANSON, MILLER,**
18                   **AMBROSELLI, FACCIOLA, SWARTHOUT, ROMERO, HEYER,**
                     **MILLER, CHRONES, DOVEY AND DOES ONE**
19                   **THROUGH TWENTY-FIVE, INCLUSIVE**

20   **VIOLATION OF STATE DUE PROCESS: CAL. CONST. ART. I. SECTION 15**

21   79.    Plaintiff incorporates by reference and realleges all preceding paragraphs.

22   80.    Under state law, plaintiff was entitled to pre-revocation notice and an opportunity

23   to be heard regarding the revocation of her gate clearance at San Quentin State Prison.  These

24   requirements conferred a state due-process interest on plaintiff.

25   81.    Plaintiff's gate clearance was revoked by defendants CDCR, STOKES, and DOES

26   ONE through TWENTY-FIVE, inclusive.

27   82.    On information and belief, defendants CDCR, CalPAP, STOKES, SWANSON,

28   HEYER, BROWN, BELSHAW, CASSADY, WINISTORFER, MILLER, AMBROSELLI,

- 13 -

THE WALSTON LEGAL GROUP
A Professional Corporation

1  FACCIOLA, SWARTHOUT, ROMERO, MILLER, CHRONES, DOVEY, and DOES ONE

2  THROUGH TWENTY-FIVE, inclusive did not afford plaintiff pre-revocation notice regarding

3  her gate clearance at San Quentin State Prison.

4        83.    The lack of pre-revocation notice regarding plaintiff's gate clearance at San

5  Quentin State Prison caused plaintiff injury, including lost wages, lost clients, a diminished

6  community and professional reputation, and emotional distress.

7        84.    Defendants CDCR, STOKES, BROWN, BELSHAW, CASSADY,

8  WINISTORFER, MILLER, AMBROSELLI, FACCIOLA, SWARTHOUT, ROMERO, MILLER,

9  CHRONES, DOVEY and DOES ONE through TWENTY-FIVE, inclusive are therefore liable to

10  plaintiff for compensatory damages in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST ALL DEFENDANTS**

14        85.    Plaintiff incorporates by reference and realleges all previous paragraphs.

15        86.    On information and belief, all natural-person defendants, and each of them,

16  engaged in the aforementioned conduct with the specific and/or reckless intent to cause plaintiff

17  emotional distress.

18        87.    The conduct of all natural-person defendants, and each of them, was extreme and

19  outrageous.

20        88.    As a proximate and actual result of the extreme and outrageous conduct of all

21  natural-person defendants, and each of them, plaintiff suffered severe emotional distress as a result

22  of being fired from her job.

23        89.    Accordingly, all natural-person defendants, and each of them, are liable to plaintiff

24  for compensatory damages in an amount to be proven at trial.

25        90.    Additionally, because all natural-person defendants, and each of them, were acting

26  within the scope of their respective employments, defendant BPH, CalPAP and CDCR are

27  vicariously liable under under *respondeat superior* principles.

28  / / /

- 14 -

# NINTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### NEGLIGENCE

91.    Plaintiff incorporates by reference and realleges all previous paragraphs.

92.    All natural-person defendants, and each of them, owed plaintiff a duty of reasonable care in their conduct to avoid causing injury to her, including injury to her in her profession and community and professional reputations.

93.    All natural-person defendants, and each of them, breached this duty by engaging in the above-alleged conduct.

94.    As a proximate and actual result of defendants' aforementioned breach, plaintiff suffered injury, damage and harm, including but not limited to lost wages, a diminished community and professional reputation, and emotional distress.

95.    All natural-person defendants, and each of them, are therefore liable to plaintiff for compensatory damages in an amount to be proven at trial.

96.    Additionally, because all natural-person defendants, and each of them, were acting within the scope of their respective employments, defendant BPH, CalPAP and CDCR are vicariously liable under under *respondeat superior* principles.

# TENTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97.    Plaintiff incorporates by reference and realleges all previous paragraphs

98.    The conduct of all natural-person defendants, and each of them, alleged above was an actual and proximate cause of emotional distress suffered by plaintiff.

99.    Accordingly, all natural-person defendants, and each of them, are liable to plaintiff for compensatory damages in an amount to be proven at trial

100.    Additionally, since all natural-person defendants, and each of them, were acting within the scope of their respective employments, defendants BPH, CDCR and CalPAP are liable

THE WALSTON LEGAL GROUP
A Professional Corporation

1 | to plaintiff for compensatory damages in an amount to be proven at trial under *respondeat*

2 | *superior* principles.

3 | <center>**ELEVENTH CAUSE OF ACTION**</center>

4 | <center>**AGAINST ALL DEFENDANTS**</center>

<center>**VIOLATION OF CALIFORNIA WHISTLEBLOWER PROTECTION ACT:**</center>

5 | <center>**CAL. GOVT. CODE § 8547 *ET SEQ.***</center>

6 | 101.    Plaintiff incorporates by reference and realleges all previous paragraphs.

7 | 102.    All natural-person defendants, and each of them, engaged in the aforementioned

8 | conduct in retaliation for plaintiff's act of telling authorities that CalPAP was not fulfilling its

9 | duties of diligent and competent representation required of it by the State Bar of California, and

10 | that BPH and CDCR were not acting in compliance with state and federal law.

11 | 103.    .Plaintiff's statements that CalPAP was not fulfilling its duties of diligent and

12 | competent representation required of it by the State Bar of California were accurate, and that

13 | CDCR and BPH were not in compliance with state and federal law.

14 | 104.    All natural-person defendants, and each of them, are therefore liable to plaintiff for

15 | a violation of Cal. Govt. Code § 8547 *et seq.*

16 | 105.    Additionally, because all natural-person defendants, and each of them, were acting

17 | within the scope of their respective employments, defendant BPH, CalPAP and CDCR are

18 | vicariously liable under under *respondeat superior* principles.

19 | <center>**TWELFTH CAUSE OF ACTION**</center>

20 | <center>**AGAINST ALL DEFENDANTS**</center>

21 | <center>**DECLARATORY RELIEF**</center>

22 | 106.    Plaintiff incorporates by reference and realleges all preceding paragraphs.

23 | 107.    Defendants, and each of them, violated plaintiff's rights in the manners set forth

24 | above.

25 | 108.    As a result of the aforementioned violations, an actual controversy now exists

26 | between plaintiff and defendants as to the compliance with CalPAP's representation of its parolee-

27 | clients with applicable rules of professional conduct required by the State Bar of California.

28 |

THE WALSTON LEGAL GROUP
A Professional Corporation

Warwick v. California Parole Advocacy Program, et al.

1    109.    The controversy is ripe for review and will, until resolved, damage plaintiff.

2    110.    Plaintiff is therefore entitled to a declaratory judgment that CalPAP's

3  representation of its parolee-clients does not comply with applicable rules of professional conduct

4  required by the State Bar of California, and that she adequately and appropriately performed her

5  duties as a CalPAP attorney.

**PUNITIVE DAMAGES**

7    111.    Plaintiff incorporates by reference and realleges all above paragraphs.

8    112.    In engaging in the aforementioned conduct, all natural-person defendants, and each

9  of them, acted with malice in an intentional effort to violate plaintiff's rights as alleged above, thus

10  warranting punitive damages.

11    113.    Accordingly, all natural-person defendants, and each of them, are liable to plaintiff

12  for punitive damages in an amount to be proven at trial.

13    114.    Additionally, because all natural-person defendants, and each of them, were acting

14  within the scope of their respective employments, and because defendants BPH, CDCR and

15  CalPAP ratified defendants' conduct, they are vicariously liable defendant's punitive damages

16  under *respondeat superior* principles.

**PRAYER**

18  WHEREFORE, plaintiff prays for judgment as follows:

19    1.    For compensatory and punitive damages in an amount to be proven at trial;

20    2.    For a declaratory judgment that CalPAP's representation of its parolee-clients does

21          not comply with applicable rules of professional conduct required by the State Bar

22          of California, and that she adequately and appropriately performed her duties as a

23          CalPAP attorney;

24    3.    For a permanent injunction prohibiting CalPAP from failing to comply with all

25          California Rules of Professional Conduct;

26    4.    For costs of suit;

27    5.    For attorneys' fees as provided for by law;

28    6.    For all other relief the Court deems just and proper.

THE WALSTON LEGAL GROUP
A Professional Corporation

- 17 -

Warwick v. California Parole Advocacy Program, et al.

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff demands trial by jury.

3    Dated: September 7, 2006                    Respectfully Submitted,

4                                               THE WALSTON LEGAL GROUP

5

6                                               _____
                                               By: Ramin Naderi, Esq.
7

8                                               ATTORNEYS FOR PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Warwick v. California Parole Advocacy Program, et al.

1

## VERIFICATION

2      I, Joanne Warwick, declare under penalty of perjury that the foregoing is true and correct

3  and based on my personal knowledge, except those allegations made on information and belief,

4  and with respect to those allegations, I believe them to be true.  Executed on September 7, 2006 in

5  San Francisco, California.

6

7                                         _____
                                          JOANNE WARWICK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Warwick v. California Parole Advocacy Program, et al.

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOANNE WARWICK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.    There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.    If you cannot pay the filing fee, ask the court clerk for a fee waiver form.    If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.    Una carta o una llamada telefónica no lo protegen.    Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.    Es posible que haya un formulario que usted pueda usar para su respuesta.    Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.    Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.    Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.    Es recomendable que llame a un abogado inmediatamente.    Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.    Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.    Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94133 | CASE NUMBER:<br>*(Número del Caso):* **06-455973** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin Naderi, THE WALSTON LEGAL GROUP
222 Columbus Ave, Ste. 320, San Francisco, CA 94133  Tel: (415) 956-9200; Fax: (415) 966-9205

DATE: SEP 7  2006      Gordon Park-Li      Clerk, by _____, Deputy
*(Fecha)*              *(Secretario)*    CRISTINA E. BAUTISTA    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

**SUMMONS**

# EXHIBIT 2

## **NOTICE TO DEFENDANTS**

CALIFORNIA PAROLE ADVOCACY PROGRAM, a business entity, form unknown; CALIFORNIA BOARD OF PAROLE HEARINGS, a state agency; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a state agency; MARVIN SPEED, in his individual and official capacities; MARY SWANSON, in her individual and official capacities; ANDREW WALKER, in his individual and official capacities; RICK HEYER, in his individual and official capacities; PAUL LACY in his individual and official capacities; TED RICH, in his individual and official capacities; J.D. STOKES, in his individual and official capacities; JILL BROWN, in her individual and official capacities; CLAUDIA BELSHAW, in her individual and official capacities; PAT CASSADY, in her individual and official capacities; RICK WINISTORFER, in his individual and official capacities; PATRICIA MILLER, in her individual and official capacities; ROBERT AMBROSELLI, in his individual and official capacities; SUE E. FACCIOLA, in her individual and official capacities; GARY C. SWARTHOUT, in his individual and official capacities; DAVID ROMERO, in his individual and official capacities; MIKE MILLER, in his individual and official capacities; DOES ONE through TWENTY-FIVE, inclusive

# EXHIBIT 3

ORIGINAL

1  RAMIN NADERI, State Bar No. 183001
2  THE WALSTON LEGAL GROUP
   A Professional Corporation
3  222 Columbus Avenue, Suite 320
   San Francisco, California 94133
4  Telephone: (415) 956-9200
   Facsimile: (415) 956-9205
5  ATTORNEYS FOR PLAINTIFF

**F I L E D**
San Francisco County Superior Court

SEP 2 2 2006

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

**I M A G E D**

OCT _ 2006

6
7                SUPERIOR COURT OF CALIFORNIA

8              CITY AND COUNTY OF SAN FRANCISCO

9  JOANNE WARWICK,                          Case No. CGC 06455973

10              Plaintiff,                   **PLAINTIFF'S AMENDED
                                            VERIFIED COMPLAINT
11     v.                                   FOR DAMAGES,
                                            DECLARATORY
12 CALIFORNIA PAROLE ADVOCACY PROGRAM, a    JUDGMENT AND
   business entity, form unknown; CALIFORNIA BOARD  PERMANENT
13 OF PAROLE HEARINGS, a state agency;      INJUNCTIVE RELIEF;
   CALIFORNIA DEPARTMENT OF CORRECTIONS     DEMAND FOR JURY
14 AND REHABILITATION, a state agency; MARVIN  TRIAL**
   SPEED, in his individual and official capacities; MARY
15 SWANSON, in her individual and official capacities;
   ANDREW WALKER, in his individual and official
16 capacities; RICK HEYER, in his individual and official
   capacities; PAUL LACY in his individual and official
17 capacities; TED RICH, in his individual and official
   capacities; J.D. STOKES, in his individual and official
18 capacities; JILL BROWN, in her individual and official
   capacities; CLAUDIA BELSHAW, in her individual and
19 official capacities; PAT CASSADY, in her individual
20 and official capacities; RICK WINISTORFER, in his
   individual and official capacities; PATRICIA MILLER,
21 in her individual and official capacities; ROBERT
   AMBROSELLI, in his individual and official capacities;
22 SUE E. FACCIOLA, in her individual and official
   capacities; GARY C. SWARTHOUT, in his individual
23 and official capacities; DAVID ROMERO, in his
   individual and official capacities; MIKE MILLER, in his
24 individual and official capacities; INSTITUTE FOR
   ADMINISTRATION OF McGEORGE SCHOOL OF
25 LAW, DOES ONE through TWENTY-FIVE, inclusive,
26
27
28              Defendants.

**EXHIBIT 3**

-1-

Plaintiff JOANNE WARWICK (plaintiff) alleges as follows:

1.    Plaintiff is a natural person, residing in the City and County of San Francisco.

2.    Defendant CALIFORNIA PAROLE ADVOCACY PROGRAM (CalPAP) is a business entity, form unknown, operating and doing business in the State of California, in the City and County of San Francisco.

3.    Defendant CALIFORNIA BOARD OF PAROLE HEARINGS (BPH), formerly known as the California Board of Prison Terms, is a State of California agency.

4.    Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), formerly known as the California Department of Corrections, is a State of California agency.

5.    Defendant MARVIN SPEED (defendant SPEED) was at all times relevant to this action the Executive Director of BPH. Defendant SPEED is sued in his individual and official capacities.

6.    Defendant MARY SWANSON (defendant SWANSON) was at all times relevant to this action the CalPAP program director. Defendant SWANSON is sued in her individual and official capacities.

7.    Defendant ANDREW WALKER (defendant WALKER) was at all times relevant to this action a CalPAP staff attorney. Defendant WALKER is sued in his individual and official capacities.

8.    Defendant RICK HEYER was at all times relevant to this action a Senior Staff Attorney with CalPAP. Defendant HEYER is sued in his individual and official capacities.

9.    Defendant PAUL LACY was at all times relevant to this action a Senior Staff Attorney with CalPAP. Defendant LACY is sued in his individual and official capacities.

10.    Defendant TED RICH (defendant RICH) was at all times relevant to this action a BPH Commissioner. Defendant RICH is sued in his individual and official capacities.

11.    Defendant J.D. STOKES (defendant STOKES) was at all times relevant to this action a CDCR employee at San Quentin State Prison. Defendant STOKES is sued in his individual and official capacities.

THE WALSTON LEGAL GROUP
A Professional Corporation

1       12.     Defendant JILL BROWN (defendant BROWN) was at all times relevant to this

2  action a CDCR employee at San Quentin State Prison.  Defendant BROWN is sued in her

3  individual and official capacities.

4       13.     Defendant CLAUDIA BELSHAW (defendant BELSHAW) was at all time to this

5  action a CDCR employee.  Defendant BELSHAW is sued in her individual and official capacities.

6       14.     Defendant PAT CASSADY (defendant CASSADY) was at all times relevant to

7  this action an Associate Chief Deputy Commissioner, employed by the BPH. Defendant

8  CASSADY is sued in her individual and official capacities.

9       15.     Defendant RICK WINISTORFER (defendant WINISTORFER) was at all times

10  relevant to this action a CDCR employee.  Defendant WINISTORFER is sued in his individual

11  and official capacities.

12       16.     Defendant PATRICIA MILLER (defendant P. MILLER) was at all times relevant

13  to this action a CDCR employee.  Defendant MILLER is sued in her individual and official

14  capacities.

15       17.     Defendant ROBERT AMBROSELLI (defendant AMBROSELLI) was at all times

16  relevant to this action a CDCR employee.  Defendant AMBROSELLI is sued in his individual and

17  official capacities.

18       18.     Defendant SUE E. FACCIOLA (defendant FACCIOLA) was at all times relevant

19  to this action a CDCR employee.  Defendant FACCIOLA is sued in her individual and official

20  capacities.

21       19.     Defendant GARY C. SWARTHOUT (defendant SWARTHOUT) was at all times

22  relevant to this action a CDCR employee.  Defendant SWARTHOUT is sued in his individual and

23  official capacities.

24       20.     Defendant DAVID ROMERO (defendant ROMERO) was at all times relevant to

25  this action a CDCR employee.  Defendant ROMERO is sued in his individual and official

26  capacities.

27

28

THE WALSTON LEGAL GROUP
A Professional Corporation

21.    Defendant MIKE MILLER (defendant M. MILLER) was at all times relevant to this action a CDCR employee. Defendant MILLER is sued in his individual and official capacities.

22.    Defendant INSTITUTE FOR ADMINISTRATION OF McGEORGE SCHOOL OF LAW is a business, form unknown, operating throughout the State of California.

23.    Plaintiff is presently unaware of the identities of DOES ONE through TWENTY FIVE, inclusive, and accordingly names those defendants with fictitious names. Plaintiff will seek leave to amend this complaint to add the names of those fictitiously named defendants when their names are revealed through discovery.

24.    All allegations in this complaint substantially occurred in the City and County of San Francisco.

25.    Under the applicable provisions of the California Penal Code, CDCR is the State of California agency responsible for custody of inmates in the State of California prison system.

26.    Under the applicable provisions of the California Penal Code, BPH is the State of California agency responsible for reviewing parole decisions of inmates and parolees in the custody of the State of California prison system.

27.    CalPAP was created pursuant by to the terms of a permanent injunction issued by the United States District Court for the Northern District of California in *Valdivia v Schwarzenegger*, for the purpose of providing legal defense to parolees during parole-revocation proceedings. On information and belief, CalPAP is a publicly-funded entity that is tantamount to a public agency given that it now performs what was previously a BPH government function, namely the assignment of parole revocation cases to panel attorneys, and which entity has ratifed and conspired with CDCR employees, and therefore it and its employees are state actors for purposes of the causes of action set forth in this complaint.

28.    In or about January 2005, plaintiff began working with CalPAP as an attorney.

29.    Although plaintiff was hired to work as an independent contractor, as a CalPAP attorney, CalPAP exercised considerable control and supervision over the details of plaintiff's

THE WALSTON LEGAL GROUP
A Professional Corporation

1  work with CalPAP sufficient to constitute an employer-employee relationship, including, but not

2  limited to, the following:

    a.  Controlling the time and place that plaintiff worked;

    b.  Controlling when plaintiff made work-related phone calls, who she made them to, and what she said during the phone call;

    c.  Controlling when plaintiff wrote work-related letters, who she wrote them to, and what she wrote in the letter.

    d.  Controlling which clients plaintiff would represent and determining that plaintiff could no longer represent clients even after her representation had begun.

    e.  On information and belief, controlling when plaintiff would be permitted to represent and visit parolees at San Quentin State Prison

30.    During her employment as a CalPAP attorney, plaintiff frequently voiced concerns that CalPAP was not effectively serving the interests of its clients – *i.e.,* State of California parolees facing parole revocation – in violation of various State of California Rules of Professional Conduct, including but not limited to the following:

    a.  Discussing her concerns with defendant SWANSON and other senior CalPAP attorneys that CalPAP's policies regarding compensation of its attorneys fosters a conflict-of-interest between the monetary interests of its attorneys and the interests of its parolee-clients in effective representation;

    b.  Assisting a client in making a well-founded complaint to the California State Bar Association that a CalPAP attorney had improperly spoken to him outside the presence of plaintiff (who was his attorney), in violation of the Rules of Professional Conduct, in order to secure a screening offer (which is similar to a plea bargain in the criminal context) from him;

    c.  Making phone calls to State of Arizona authorities to determine a client's probation status in that state, in order to determine whether he was properly being extradited to that State, in order to determine what legal strategies to

THE WALSTON LEGAL GROUP
A Professional Corporation

make with the client's state court attorney (which was her duty to determine under applicable Rules of Professional Conduct);

    d.  Informing a Defendant WALKER that BPH had failed to update their procedures to comply with the Health Information Privacy Act (which, on information and belief, BPH conceded), which compromised CalPAP attorneys' ability to defend their clients;

    e.  Complaining to a BHP commissioner, defendant RICH, when defendant RICH had told plaintiff he would inform her of the reasoning for an adverse ruling he made against her client in a probable cause hearing, and he failed to contact her and give her the reasoning;

    f.  Complaining to a BPH commissioner, defendant RICH, when defendant RICH denied her issuance of a subpoena duces tecum she had requested in order to defend a client;

    g.  Complaining to various BPH and CalPAP officials and *Valdivia* plaintiffs' counsel when, on two occasions, she was denied access to her client's files, and was therefore unable to adequately defend him;

    h.  After egregious problems with the case of the interstate parolee client, she wrote a nine-page letter to BPH Executive Director, defendant SPEED, detailing the violations of her client's rights under state law and regulations, and federal caselaw, and asking him to exercise his discretion (conferred on him by the California Code of Regulations) to lift the parole hold on her client..

31.    In engaging in the measures set forth in paragraph 29 and the ensuing subparagraphs, plaintiff was fulfilling her duties of diligent and competent representation required of her as an attorney by the State Bar of California.

32.    As a result of plaintiff's conduct set forth in paragraph 29 and the ensuing subparagraphs, plaintiff was terminated from her employment as a CalPAP attorney.

33.    On information and belief, all defendants facilitated the termination of plaintiff's employment as a CalPAP attorney by engaging in the following conduct:

THE WALSTON LEGAL GROUP
A Professional Corporation

a. On information and belief, defendants STOKES and DOES ONE through TWENTY-FIVE inclusive withheld, and subsequently revoked, plaintiff's gate clearance at San Quentin State Prison without adequate notice to her nor an opportunity to be heard. On information and belief, this was done for the purpose of preventing plaintiff from taking parole cases at that institution and ultimately facilitating her termination from CalPAP.

b. On information and belief, defendants BPH, SPEED, RICH, WALKER, P. MILLER and DOES ONE through TWENTY-FIVE inclusive told CalPAP personnel that plaintiff was disruptive and unqualified as an attorney, and/or was misrepresenting CalPAP, and additionally made other negative comments concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate plaintiff's termination as a CalPAP attorney.

c. On information and belief, defendants BPH, SWARTHOUT, P. MILLER, BELSHAW, STOKES, SPEED, RICH, WALKER, HEYER, BROWN, M. MILLER, LACY, SWANSON, CASSADY, WINISTORFER, AMBROSELLI, FACCIOLA, ROMERO, and DOES ONE through TWENTY-FIVE inclusive were participants in the actions that lead to revocation of plaintiff's gate clearance and/or plaintiffs' resultant termination, although their precise roles in these events are presently unknown to plaintiff;

d. Defendants M. MILLER, ROMERO, and WINISTORFER wrecklessly and/or intentionally made false and defamatory statements about plaintiff in order to cause her injury;

e. Defendants CalPAP and HEYER terminated plaintiff on or about May 31, 2005 because plaintiff engaged in the conduct identified in paragraph 29 and the ensuing subparagraphs.

34. Plaintiff has exhausted all applicable administrative remedies with respect to the foregoing allegations, including those required by Cal. Govt. Code § 810 *et seq.*

/ / /

THE WALSTON LEGAL GROUP
A Professional Corporation

- 7 -

THE WALSTON LEGAL GROUP
A Professional Corporation

1     **FIRST CAUSE OF ACTION**

2     **AGAINST DEFENDANT CALPAP**

3     **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

4     35.    Plaintiff incorporates by reference and realleges all above paragraphs.

5     36.    There was an employment relationship between plaintiff and defendant CalPAP.

6     37.    Defendant CalPAP terminated plaintiff in retaliation for fulfilling her duties of

7     diligent and competent representation required of her as an attorney by the State Bar of California,

8     as alleged in paragraph 31 and for her whistleblowing activities regarding CDCR, CalPAP and

9     *Valdivia* plaintiffs' counsel.

10    38.    Defendant CalPAP, terminated plaintiff's employment in violation of the public

11    policy prohibiting employers from terminating attorney-employees when they fulfill their duties of

12    diligent and competent representation required of attorneys by the State Bar of California.

13    Additionally, defendants' decision to terminate plaintiff was in violation of the various statutory,

14    constitutional, common-law and other rights elsewhere alleged in this complaint.

15    39.    The termination proximately caused plaintiff to suffer injury, damage, loss and

16    harm, including but not limited to lost wages, diminished community and professional reputation,

17    and emotional distress.

18    40.    Accordingly, defendant CalPAP is liable to plaintiff for the aforementioned

19    damages in an amount to be proven at trial.

20    **SECOND CAUSE OF ACTION**

21    **AGAINST DEFENDANT CALPAP**

22    **BREACH OF CONTRACT**

23    41.    Plaintiff incorporates by reference and realleges all above paragraphs.

24    42.    To the extent that plaintiff lacked an employer-employee relationship with

25    defendant CalPAP, plaintiff worked for CalPAP pursuant to the terms of an enforceable contract,

26    whereby plaintiff agreed to provide legal representation (which must comply with the California

27    Rules of Professional Conduct) for parolees facing parole-revocation proceedings in consideration

28    of money.

Warwick v. California Parole Advocacy Program, et al.

43.     Under operation of law, the aforementioned contract imposed upon defendant CalPAP a duty of good faith and fair dealing owed to plaintiff.

44.     Defendant CalPAP breached the aforementioned express contractual duties, as well as its duty of good faith and fair dealing, including but not limited to engaging in the conduct of terminating plaintiff's contractual employment when she fulfilled her duties of diligent and competent representation required of attorneys by the State Bar of California and her duties under the her contract with CalPAP.

45.     The breach proximately caused plaintiff to suffer injury, damage, loss and harm, including but not limited to lost wages, and diminished community and professional reputation.

46.     Accordingly, defendant CalPAP is liable to plaintiff for the aforementioned damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### AGAINST DEFENDANTS BPH, SPEED, ROMERO, RICH, CDCR WALKER, M. MILLER, CALPAP, BPH AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

### SLANDER

47.     Plaintiff incorporates by reference and realleges all above paragraphs.

48.     On information and belief, defendant SPEED, RICH, and WALKER and DOES ONE through TWENTY FIVE, inclusive, deliberately made false, oral, and unprivileged statements to unknown CalPAP personnel that plaintiff was disruptive and/or unqualified as an attorney, and/or was misrepresenting CalPAP and additionally made other negative comments concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate plaintiff's termination as a CalPAP attorney.

49.     Defendant M.MILLER slandered plaintiff in a false and defamatory statement that was republished by defendant ROMERO in an e-mail to defendant P.MILLER.  According to the e-mail, defendant M.MILLER told defendant ROMERO "that after the prior violation Ms. Warwick called him and stated that since she wasn't able to do much for (a parolee client listed by name) at the hearing that she was going to give some of the money she got for representing him."

THE WALSTON LEGAL GROUP
A Professional Corporation

Warwick v. California Parole Advocacy Program, et al.

1    50.    Defendant ROMERO slandered plaintiff when he made defamatory statements

2  regarding plaintiff in which he implied that she had an inappropriate relationship with [a] parolee

3  X, that she misrepresented herself as the parolee's CalPAP attorney, and that she "attempted to

4  interject herself into any business relating to [a] parolee"

5    51.    On information and belief, defendants ROMERO, M. MILLER and DOES ONE

6  through TWENTY-FIVE, inclusive, told others that plaintiff was terminated for drug use.

7    52.    Defendants' statements were in bad faith and for the sole purpose of causing

8  plaintiff to be subject to adverse and unfounded action.

9    53.    Defendants' statements tended to directly injure plaintiff in respect to her office,

10  profession, trade and business by imputing general disqualification in those respects that her

11  position as an attorney particularly require, and by imputing something with reference his the

12  office, profession, trade, and business that has a natural tendency to lessen its profits and by

13  natural consequence, causes actual damage.

14    54.    As a result of defendants' aforementioned conduct, plaintiff sustained injuries

15  including the loss of her job and a diminished professional and community reputation.

16    55.    Accordingly, defendants SPEED, RICH, WALKER ROMERO, WALKER M.

17  MILLER and DOES ONE through TWENTY-FIVE, inclusive are liable to plaintiff for

18  compensatory damages in an amount to be proven at trial.

19    56.    Additionally, because defendants SPEED, RICH, WALKER, ROMERO,

20  WALKER, M. MILLER and DOES ONE through TWENTY-FIVE, inclusive were acting within

21  the scope of their employment, defendants CDCR, BPH and CALPAP are vicariously liable in an

22  amount to be proven at trial for defendant SPEED, RICH, WALKER, ROMERO, WALKER, M.

23  MILLER and DOES ONE through TWENTY-FIVE, inclusive's acts under *respondeat superior*

24  principles.

25  / / /

26  / / /

27  / / /

28  / / /

THE WALSTON LEGAL GROUP
A Professional Corporation

THE WALSTON LEGAL GROUP
A Professional Corporation

1

2
3
4

5

6
7
8
9
10
11
12

13
14

15
16
17
18
19

20
21

22
23
24

25
26
27
28

## FOURTH CAUSE OF ACTION

### AGAINST DEFENDANTS BPH, SPEED, RICH, WALKER, CALPAP AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

### LIBEL

57.    Plaintiff incorporates by reference and realleges all above paragraphs.

58.    On information and belief, defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive deliberately made false, oral, and unprivileged written statements to unknown CalPAP personnel that plaintiff was disruptive and unqualified as an attorney, and/or was misrepresenting CalPAP, and additionally made other negative written statements concerning plaintiff's fitness as a CalPAP attorney, in an effort to facilitate plaintiff's termination as a CalPAP attorney.  Additionally, on information and belief, these defendants made written statements similar to the oral statements alleged in the previous cause of action.

59.    Defendants' statements were in bad faith and for the sole purpose of causing plaintiff to be subject to adverse and unfounded action by the police.

60.    Defendants' statements tended to directly injure plaintiff in respect to her office, profession, trade and business by imputing general disqualification in those respects that her position as an attorney particularly require. and by imputing something with reference his the office, profession, trade, and business that has a natural tendency to lessen its profits and by natural consequence, causes actual damage.

61.    As a result of defendants' aforementioned conduct, plaintiff sustained injuries including the loss of her job and a diminished professional and community reputation.

62.    Accordingly, defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive are liable to plaintiff for compensatory damages in an amount to be proven at trial.

63.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendants BPH and CALPAP are vicariously liable in an amount to be proven at trial for defendant SPEED, RICH, and WALKER's acts under *respondeat superior* principles.

- 11 -

**FIFTH CAUSE OF ACTION**

**AGAINST DEFENDANTS BPH, SPEED, RICH,
WALKER AND DOES ONE THROUGH
TWENTY-FIVE, INCLUSIVE**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE**

64.    Plaintiff incorporates by reference and realleges all previous paragraphs.

65.    There was an economic relationship between the plaintiff and defendant CalPAP containing the probability of future economic benefit to plaintiff.

66.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive had knowledge of the existence of the aforementioned relationship.

67.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive undertook intentional acts designed to disrupt the relationship between plaintiff and CalPAP.

68.    There was actual disruption of the relationship between plaintiff and CalPAP.

69.    The aforementioned disruption proximately caused damages to the plaintiff as a proximate result of the acts of the defendants, including lost wages, a diminished community and professional reputation, and emotional distress.

70.    As a result, defendants SPEED, RICH, WALKER AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE are liable to plaintiff for the aforementioned damages in an amount to be proven at trial.

71.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendant BPH is vicariously liable under for defendant SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive's acts under *respondeat superior* principles in an amount to be proven at trial.

/ / /

/ / /

/ / /

THE WALSTON LEGAL GROUP
A Professional Corporation

Warwick v. California Parole Advocacy Program, et al.

1

## SIXTH CAUSE OF ACTION:

2

3

### AGAINST DEFENDANTS BPH, SPEED, RICH, WALKER AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

4

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

5

72.    Plaintiff incorporates by reference and realleges all previous paragraphs.

6

73.    There was a contractual relationship between the plaintiff and defendant CalPAP

7

containing the probability of future economic benefit to the plaintiff.

8

74.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE,

9

inclusive had knowledge of the existence of the aforementioned relationship.

10

75.    On information and belief, defendants SPEED, RICH, WALKER and DOES ONE

11

through TWENTY-FIVE, inclusive undertook intentional acts designed to disrupt the relationship

12

between plaintiff and defendant CalPAP.

13

76.    There was actual disruption of the relationship between plaintiff and defendant

14

CalPAP.

15

77.    The aforementioned disruption proximately caused damages to the plaintiff as a

16

proximate result of the acts of the defendants, including lost wages, a diminished community and

17

professional reputation, and emotional distress.

18

78.    As a result, defendants SPEED, RICH, WALKER and DOES ONE through

19

TWENTY-FIVE, inclusive are liable to plaintiff for the aforementioned damages.

20

79.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE

21

through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendant

22

BPH is vicariously liable under for defendant SPEED, RICH, WALKER and DOES ONE through

23

TWENTY-FIVE, inclusive's acts under *respondeat superior* principles in an amount to be proven

24

at trial.

25

///

26

///

27

///

28

///

- 13 -

Warwick v. California Parole Advocacy Program, et al.

# SEVENTH CAUSE OF ACTION

## AGAINST DEFENDANTS CALPAP, CDCR, STOKES, BROWN, BELSHAW, CASSADY, WINISTORFER, SWANSON, MILLER, AMBROSELLI, FACCIOLA, SWARTHOUT, ROMERO, HEYER, MILLER, CHRONES, DOVEY AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

## VIOLATION OF STATE DUE PROCESS: CAL. CONST. ART. I. SECTION 15

80.     Plaintiff incorporates by reference and realleges all preceding paragraphs.

81.     Under state law, plaintiff had liberty and/or property interest protected by Article I, Section 15 of the California Constitution, including but not limited to pre-revocation notice and an opportunity to be heard regarding the revocation of her gate clearance at San Quentin State Prison. These requirements conferred a state due-process interest on plaintiff.

82.     Plaintiff's gate clearance was revoked by defendants CDCR, STOKES, and DOES ONE through TWENTY-FIVE, inclusive.

83.     On information and belief, defendants CDCR, CalPAP, STOKES, SWANSON, HEYER, BROWN, BELSHAW, CASSADY, WINISTORFER, MILLER, AMBROSELLI, FACCIOLA, SWARTHOUT, ROMERO, MILLER, CHRONES, DOVEY, and DOES ONE THROUGH TWENTY-FIVE, inclusive did not afford plaintiff pre-revocation notice regarding her gate clearance at San Quentin State Prison.

84.     The lack of pre-revocation notice regarding plaintiff's gate clearance at San Quentin State Prison caused plaintiff injury, including lost wages, lost clients, a diminished community and professional reputation, and emotional distress.

85.     Defendants CDCR, STOKES, BROWN, BELSHAW, CASSADY, WINISTORFER, MILLER, AMBROSELLI, FACCIOLA, SWARTHOUT, ROMERO, MILLER, CHRONES, DOVEY and DOES ONE through TWENTY-FIVE, inclusive are therefore liable to plaintiff for compensatory damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

Warwick v. California Parole Advocacy Program, et al.

THE WALSTON LEGAL GROUP
A Professional Corporation

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST ALL DEFENDANTS**

86.     Plaintiff incorporates by reference and realleges all previous paragraphs.

87.     On information and belief, all natural-person defendants, and each of them, engaged in the aforementioned conduct with the specific and/or reckless intent to cause plaintiff emotional distress.

88.     The conduct of all natural-person defendants, and each of them, was extreme and outrageous.

89.     As a proximate and actual result of the extreme and outrageous conduct of all natural-person defendants, and each of them, plaintiff suffered severe emotional distress as a result of being fired from her job.

90.     Accordingly, all natural-person defendants, and each of them, are liable to plaintiff for compensatory damages in an amount to be proven at trial.

91.     Additionally, because all natural-person defendants, and each of them, were acting within the scope of their respective employments, defendant BPH, CalPAP and CDCR are vicariously liable under under *respondeat superior* principles.

**NINTH CAUSE OF ACTION**

**AGAINST ALL DEFENDANTS**

**NEGLIGENCE**

92.     Plaintiff incorporates by reference and realleges all previous paragraphs.

93.     All natural-person defendants, and each of them, owed plaintiff a duty of reasonable care in their conduct to avoid causing injury to her, including injury to her in her profession and community and professional reputations.

94.     All natural-person defendants, and each of them, breached this duty by engaging in the above-alleged conduct.

THE WALSTON LEGAL GROUP
A Professional Corporation

- 15 -

1    95.    As a proximate and actual result of defendants' aforementioned breach, plaintiff

2    suffered injury, damage and harm, including but not limited to lost wages, a diminished

3    community and professional reputation, and emotional distress.

4    96.    All natural-person defendants, and each of them, are therefore liable to plaintiff for

5    compensatory damages in an amount to be proven at trial.

6    97.    Additionally, because all natural-person defendants, and each of them, were acting

7    within the scope of their respective employments, defendant BPH, CalPAP and CDCR are

8    vicariously liable under under *respondeat superior* principles.

9                        **TENTH CAUSE OF ACTION**

10                       **AGAINST ALL DEFENDANTS**

11              **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

12    98.    Plaintiff incorporates by reference and realleges all previous paragraphs

13    99.    The conduct of all natural-person defendants, and each of them, alleged above was

14    an actual and proximate cause of emotional distress suffered by plaintiff.

15    100.    Accordingly, all natural-person defendants, and each of them, are liable to plaintiff

16    for compensatory damages in an amount to be proven at trial

17    101.    Additionally, since all natural-person defendants, and each of them, were acting

18    within the scope of their respective employments, defendants BPH, CDCR and CalPAP are liable

19    to plaintiff for compensatory damages in an amount to be proven at trial under *respondeat*

20    *superior* principles.

21                      **ELEVENTH CAUSE OF ACTION**

22                       **AGAINST ALL DEFENDANTS**
        **VIOLATION OF CALIFORNIA WHISTLEBLOWER PROTECTION ACT:**
23                  **CAL. GOVT. CODE § 8547 *ET SEQ.***

24    102.    Plaintiff incorporates by reference and realleges all previous paragraphs.

25    103.    All natural-person defendants, and each of them, engaged in the aforementioned

26    conduct in retaliation for plaintiff's act of telling authorities that CalPAP was not fulfilling its

27    duties of diligent and competent representation required of it by the State Bar of California, and

28    that BPH and CDCR were not acting in compliance with state and federal law.

THE WALSTON LEGAL GROUP
A Professional Corporation

104.    .Plaintiff's statements that CalPAP was not fulfilling its duties of diligent and competent representation required of it by the State Bar of California were accurate, and that CDCR and BPH were not in compliance with state and federal law.

105.    All natural-person defendants, and each of them, are therefore liable to plaintiff for a violation of Cal. Govt. Code § 8547 *et seq.*

106.    Additionally, because all natural-person defendants, and each of them, were acting within the scope of their respective employments, defendant BPH, CalPAP and CDCR are vicariously liable under under *respondeat superior* principles.

## TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANTS BPH, SPEED, RICH, WALKER AND DOES ONE THROUGH TWENTY-FIVE, INCLUSIVE

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

107.    Plaintiff incorporates by reference and realleges all previous paragraphs.

108.    There was an economic relationship between the plaintiff and defendant CalPAP containing the probability of future economic benefit to plaintiff.

109.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive knew or should have known of the existence of the aforementioned relationship.

110.    Defendants SPEED, RICH, WALKER and DOES ONE through TWENTY-FIVE, inclusive had a duty to refrain from disrupting plaintiff's aforementioned economic relationship by violating plaintiff's aforementioned.

111.    There was actual and proximate disruption of the relationship between plaintiff and CalPAP.

112.    The aforementioned disruption proximately and actually caused damages to the plaintiff as a proximate result of the acts of the defendants, including lost wages, a diminished community and professional reputation, and emotional distress.

THE WALSTON LEGAL GROUP
A Professional Corporation

1    113.    As a result, defendants SPEED, RICH, WALKER AND DOES ONE THROUGH

2  TWENTY-FIVE, INCLUSIVE are liable to plaintiff for the aforementioned damages in an

3  amount to be proven at trial.

4    114.    Additionally, because defendants SPEED, RICH, WALKER and DOES ONE

5  through TWENTY-FIVE, inclusive were acting within the scope of their employment, defendant

6  BPH is vicariously liable under for defendant SPEED, RICH, WALKER and DOES ONE through

7  TWENTY-FIVE, inclusive's acts under *respondeat superior* principles in an amount to be proven

8  at trial.

9                    **THIRTEENTH CAUSE OF ACTION**

10                   **AGAINST ALL DEFENDANTS**

11                   **DECLARATORY RELIEF**

12    115.    Plaintiff incorporates by reference and realleges all preceding paragraphs.

13    116.    Defendants, and each of them, violated plaintiff's rights in the manners set forth

14  above.

15    117.    As a result of the aforementioned violations, an actual controversy now exists

16  between plaintiff and defendants as to the compliance with CalPAP's representation of its parolee-

17  clients with applicable rules of professional conduct required by the State Bar of California.

18    118.    The controversy is ripe for review and will, until resolved, damage plaintiff.

19    119.    Plaintiff is therefore entitled to a declaratory judgment that CalPAP's

20  representation of its parolee-clients does not comply with applicable rules of professional conduct

21  required by the State Bar of California, and that she adequately and appropriately performed her

22  duties as a CalPAP attorney.

23                    **PUNITIVE DAMAGES**

24    120.    Plaintiff incorporates by reference and realleges all above paragraphs.

25    121.    In engaging in the aforementioned conduct, all natural-person defendants, and each

26  of them, acted with malice in an intentional effort to violate plaintiff's rights as alleged above, thus

27  warranting punitive damages.

28

THE WALSTON LEGAL GROUP
A Professional Corporation

- 18 -

1    122.    Accordingly, all natural-person defendants, and each of them, are liable to plaintiff

2  for punitive damages in an amount to be proven at trial.

3    123.    Additionally, because all natural-person defendants, and each of them, were acting

4  within the scope of their respective employments, and because defendants BPH, CDCR and

5  CalPAP ratified defendants' conduct, they are vicariously liable defendant's punitive damages

6  under *respondeat superior* principles.

### PRAYER

8    WHEREFORE, plaintiff prays for judgment as follows:

9    1.    For compensatory and punitive damages in an amount to be proven at trial;

10    2.    For a declaratory judgment that CalPAP's representation of its parolee-clients does

11          not comply with applicable rules of professional conduct required by the State Bar

12          of California, and that she adequately and appropriately performed her duties as a

13          CalPAP attorney;

14    3.    For a permanent injunction prohibiting CalPAP from failing to comply with all

15          California Rules of Professional Conduct;

16    4.    For costs of suit;

17    5.    For attorneys' fees as provided for by law;

18    6.    For all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

20    Plaintiff demands trial by jury.

21  Dated: September 7, 2006                    Respectfully Submitted,

22                                              THE WALSTON LEGAL GROUP

23

24

25                                              By: Ramin Naderi, Esq.

26                                              ATTORNEYS FOR PLAINTIFF

27

28

THE WALSTON LEGAL GROUP
A Professional Corporation

- 19 -

1

**VERIFICATION**

2    I, Joanne Warwick, declare under penalty of perjury that the foregoing is true and correct

3  and based on my personal knowledge, except those allegations made on information and belief,

4  and with respect to those allegations, I believe them to be true.  Executed on September 22, 2006

5  in San Francisco, California.

6

7    JOANNE WARWICK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Warwick v. California Parole Advocacy Program, et al.

THE WALSTON LEGAL GROUP
A Professional Corporation

# EXHIBIT 4

1   DAN SIEGEL, SBN 56400
2   JOSE LUIS FUENTES, SBN 192236
    SIEGEL & YEE
3   499 14th Street, Suite 220
    Oakland, California 94612
4   Telephone: (510) 839-1200
    Facsimile: (510) 444-6698
5
6   Attorneys for Plaintiff
    JOANNE WARWICK
7

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUL 18 2008

GORDON PARK-LI, Clerk
BY:    MICHAEL RAYRAY
              Deputy Clerk

8           SUPERIOR COURT OF CALIFORNIA

9           CITY AND COUNTY OF SAN FRANCISCO

10  JOANNE WARWICK,                          | Case No. CGC 06-455-973

11          Plaintiff,

12      vs.                                  **PLAINTIFF'S SECOND- AMENDED
                                             VERIFIED COMPLAINT FOR
13                                           DAMAGES, DECLARATORY
    UNIVERSITY OF THE PACIFIC, a California  JUDGMENT AND INJUNCTIVE
14  Corporation; CALIFORNIA DEPARTMENT       RELIEF;**
    OF CORRECTIONS AND
15  REHABILITATION ("CDCR"), a State         DEMAND FOR JURY TRIAL
    Agency; PATRICIA MILLER, a CDCR          CIVIL UNLIMITED
16  employee; DAVID ROMERO, a CDCR
    employee; DOES TWO through TWENTY-
17  FIVE, inclusive,
18
19          Defendants.
20
21
22
23
24
25
26
27

# EXHIBIT 4

1

28

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

1   Plaintiff JOANNE WARWICK brings this action against the UNIVERSITY OF THE

2   PACIFIC ("UOP"), also known as,  MCGEORGE SCHOOL OF LAW, INSTITUTE FOR

3   ADMINISTRATIVE JUSTICE, CALIFORNIA PAROLE ADVOCACY PROGRAM

4   ("CalPAP"), CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

5   ( "CDCR"), PATRICIA MILLER ("P. MILLER"), a CDCR employee in her official and

6   individual capacities, DAVID ROMERO (ROMERO), parole agent unit supervisor and employee

7

8   of CDCR, in his official and individual capacities, and DOES 1-25 for: general, compensatory,

9   and punitive,  damages; prejudgment interest, costs, and attorneys' fees;  declaratory and

10  injunctive relief;  and other appropriate and just relief resulting from defendants' unlawful and

11  tortious conduct, and as grounds therefore alleges:

12

13                    **INTRODUCTION**

14       1.      On March 8, 2004, Chief Justice Emeritus Lawrence Karlton of the United States

15  District Court for the Eastern District of California signed a Stipulated Order for Permanent

16  Injunctive Relief in *Valdivia v Schwarzenegger*, No. Civ. S-94-0671 LKK/GGH ("Valdivia

17  Injunction"), which created the right to counsel for all California parolees facing parole-

18  revocation proceedings.  Rosen Bien & Asaro, now Rosen Bien & Galvan, is the Valdivia

19  Plaintiffs' Counsel firm that continues to oversee implementation of the Valdivia Injunction.  The

20  Valdivia Injunction called for a parole revocation process that comports with due process, which

21  is now commonly known as the Valdivia Remedial Plan ("VRP").  The Valdivia Injunction and

22

23  the VRP resulted in the creation of a state contract for statewide parolee revocation representation

24  services.  This contract was awarded to UOP to train and appoint attorneys to all parolees facing

25  parole revocation proceedings. Although UOP is a private university, UOP/CalPAP is extensively

26  funded by the State of California and is currently scheduled to receive $141,223,000.00 over four

27  years five months, contingent upon availability of funds.

28

2.      This case arises from a series of retaliatory and unlawful acts by defendants against Plaintiff. On information and belief, P. MILLER acted in concert with JILL BROWN, CLAUDIA BELSHAW, GARY SWARTHOUT, LINDA RIANDA, DAVID ROMERO, SUE FACCIOLA, ROBERT AMBROSELLI, PAT CASSADY, UOP's employees including Paul Lacy and Mary Swanson, and Does 1-25 to plan and execute the final retaliatory act, namely Plaintiff's termination from UOP/CalPAP on May 31, 2005. Plaintiff has lost income, suffered humiliation and damage to her professional reputation, mental anguish, and emotional and physical distress. Defendants violated the settled public policy prohibiting retaliation against a public servant for exercising her First Amendment rights as guaranteed by the Fourteenth Amendment to the United States Constitution for voicing her concerns about the violation of parolee due process rights to UOP/CalPAP, the Board of Prison Terms, CDC, and Valdivia Plaintiffs' Counsel.

## JURISDICTION

3.      This is an action brought pursuant to the laws of the United States, to wit, 42 U.S.C. § 1983 and the laws of the State of California.   Each of the state claims arises out of the same set of operative facts as do the aforesaid claims brought under the laws of the United States and form part of the same case or controversy.

4.      Because the hiring, firing, training, and a majority of the work occurred in the City and County of San Francisco, California, venue is proper in the unlimited civil Superior Court of San Francisco County, California.

## PARTIES

5.      Plaintiff is an attorney licensed to practice in the State of California who was residing in the City and County of San Francisco at the time of the actions that are the subject of this suit.

6.      Defendant UNIVERSITY OF THE PACIFIC is a California corporation, operating and doing business with the State of California under the name of the California Parole Advocacy Program (CalPAP).

7.      Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), formerly known as the California Department of Corrections ("CDC"), is a State of California agency which now encompasses the Board of Parole Hearings ("BPH") formerly known as the Board of Prison Terms ("BPT") and formerly separate from CDC.

8.      Defendant PATRICIA MILLER ("P. MILLER") was at all times relevant to this action a CDCR employee.  Defendant MILLER is sued in her individual and official capacities.

9.      Defendant DAVID ROMERO was at all times relevant to this action a CDCR employee.  Defendant ROMERO is sued in his individual and official capacities.

10.      The true names and capacities of defendants Does 1 through 25, inclusive, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to set forth the true names and capacities of said defendants when they are ascertained.  Plaintiff is informed and believes, and upon such information and belief alleges, that at all times relevant, each of the fictitiously-named defendants was an agent, employee, or co-conspirator of one or more of the named defendants, and was acting within the course and scope of said agency or employment, and was a resident of the State of California. Plaintiff is further informed and believes, and upon such information and belief alleges, that each of the fictitiously named defendants aided and assisted and/or ratified the acts of the named defendants in committing the wrongful acts alleged herein, and that plaintiff's damages, as alleged herein, was proximately caused by such defendants.

11.      Plaintiff is informed and believes, and upon such information and belief alleges,

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

1   those defendants, and each of them, conspired, ratified and agreed among themselves to do the

2   acts complained of herein and were, in doing such acts, acting pursuant to and in furtherance of

3   said conspiracy, and each defendant sued herein is jointly and severally responsible and liable to

4   plaintiff for the damages alleged herein.

5

6                          **FACTUAL ALLEGATIONS**

7

8       12.    On November 8, 9, and 10 of 2004, Plaintiff went to the Milton Marks Conference

9   Center in San Francisco for a parole attorney training which included as presenters UOP/CalPAP

10  employees Mary Swanson, Paul Lacy, Rick Heyer and Director of UOP/McGeorge Law School's

11  Institute of Administrative Justice, Glenn Fait, and, Michael Bien of Rosen Bien & Asaro, now

12  Rosen Bien & Galvan, the Valdivia Plaintiffs' Counsel firm that continues to oversee

13  implementation of the Valdivia Injunction, among other participants.  At the training, Mr. Fait

14  told the trainee participants that CalPAP would have staff attorneys and clerical staff to provide

15  support for the CalPAP attorneys.  Mary Swanson, Director of CalPAP told participants that

16  CalPAP anticipated giving parole attorneys six cases at a time.  At the training Attorney Michael

17

18  Bien asked the attorney participants to report to his firm violations of the Valdivia Injunction.

19      13.    In December 2004, CalPAP Senior Attorney Paul Lacy told Warwick that

20  attorneys in the San Francisco area who were doing parole revocation defense were making

21  potentially"$70-80,000" per year.

22

23      14.    On January 12, 2005, plaintiff began working with UOP/CalPAP as a CalPAP

24  attorney.  As a CalPAP attorney, UOP/CalPAP exercised considerable control and supervision

25  over the details of plaintiff's work with CalPAP sufficient to constitute an employer-employee

26  relationship, including, but not limited to, the following:

27

28       a.   Controlling the time and place that plaintiff worked;

1        b.  Controlling when plaintiff made work-related phone calls, who she made them

2            to, and what she said during the phone call;

3        c.  Controlling when plaintiff wrote work-related letters and who she wrote them

4            to;

5        d.  Controlling which clients plaintiff would represent and determining that

6            plaintiff could no longer represent clients even after her representation had

7            begun;

8        e.  Controlling when plaintiff would be permitted to represent and visit parolees at

9            San Quentin State Prison; and

10        f.  UOP/CalPAP provided workspace, legal reference books, computers, printers,

11            telephones, a fax machine, a copy machine, business cards, interpreter services,

12            and inboxes for use of the CalPAP attorneys in the Larkspur UOP/CalPAP

13            office to which Plaintiff was assigned.

15.    During her employment as a CalPAP attorney, plaintiff frequently exercised her

First Amendment rights guaranteed under the 14th Amendment of the United States by voicing

concerns that UOP/CalPAP was not effectively serving the interests of its clients – *i.e.,* State of

California parolees facing parole revocation and in violation of, including but not limited to,

various State of California Rules of Professional Conduct and the Valdivia Permanent Injunction,

and that CDC and the Board of Prison Terms (BPT), now known as the Board of Parole Hearings

(BPH) were not in compliance with the Valdivia Permanent Injunction and other rules and

regulations and/or written policy governing their conduct, including but not limited to the

following:

        a.  On March 23, 2005, Warwick communicated with Plaintiffs' Valdivia Counsel

            regarding the lack of CalPAP training and support on interstate parolee cases,

            which impacted a client's due process rights;

6

b.  In spring of 2005, Warwick assisted a client in making a complaint to the California State Bar Association and then with the client's permission discussed the contents of the bar complaint with UOP/CalPAP Senior Attorney Paul Lacy in hopes of rectifying the due process violation;

c.  In April of 2005, Warwick complained to a BPT attorney that CalPAP did not know the subpoena duces tecum procedure for the BPT, nor did BPT personnel at the San Quentin Decentralized Revocation Unit, thereby compromising parolees' due process rights;

d.  In 2005, Warwick complained to the BPT and UOP/CalPAP after Warwick was denied the issuance of a subpoena which violated her client's due process rights;

e.  Complaining to various BPT, UOP/ CalPAP officials and *Valdivia* Plaintiffs' counsel when, on two occasions, she was denied access to her client's files in direct violation of the Valdivia Injunction, and was therefore unable to adequately  defend him; and

f.  Complaining to BPT Executive Director, Marvin Speed, detailing violations of her parolee client's rights under state law, the CDC Department Operations Manual, and federal law.

16.    In engaging in the measures set forth in paragraph 14 and the ensuing subparagraphs, plaintiff was fulfilling her duties of diligent and competent representation of parolees pursuant to her contract with defendants and as required of her as an attorney by the State Bar of California and was exercising her First Amendment  rights secured by the Fourteenth Amendment.

17.    On information and belief, UOP/CalPAP caused Warwick's "parole attorney" clearance at San Quentin State Prison to be withheld, and subsequently P. Miller, Lacy, Romero, CDC and UOP/CALPAP and DOES ONE through TWENTY-FIVE inclusive caused the

7

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

suspension/revocation of plaintiff's gate clearance (referred to as a "gatestop") at San Quentin State Prison on May 27, 2005 without proper notice to plaintiff. Plaintiff was not given the specific reason(s) for the gatestop in writing in a timely fashion nor was she given instructions regarding the process for reconsideration as required under the California Code of Regulations. On information and belief, this coordinated effort leading to placement of the gatestop was done for the purpose of retaliating against plaintiff for engaging in the conducted described in paragraph 15. On information and belief, UOP/CalPAP employee Paul Lacy ratified and/or conspired with CDCR employee Patricia Miller to terminate Plaintiff from CalPAP.

18.    On November 28, 2005, Warwick filed a claim with the California Victim Compensation and Government Claims Board (VCGCB). On March 21, 2006, the VCGCB mailed Warwick a denial order. Therefore Warwick has exhausted all applicable administrative remedies with respect to the foregoing allegations, including those required by Cal. Govt. Code § 810 et seq.

19.    On December 12, 2005, the California State Personnel Board ("SPB") received a copy of plaintiff's complaint against defendants for improper governmental activities. On May 3, 2006, SPB denied the complaint.

20.    As a direct and proximate result of the unlawful conduct of defendants, and each of them, as alleged herein, plaintiff has suffered and will continue to suffer loss of her employment and seniority, earnings, diminished professional reputation, and promotional opportunities in an amount as yet unascertained but subject to proof at trial.

21.    As a direct and proximate result of the unlawful conduct of the defendants, and each of them, as alleged herein, plaintiff has suffered and continues to suffer physical injury, pain and suffering, humiliation, sleep difficulties, mental anguish and emotional distress, including but

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

1    not limited to anxiety, depression, irritability, withdrawal, and loss of productive work time, and

2    has incurred costs, in an amount as yet unascertained but subject to proof at trial.

3        22.    The conduct of the defendants as alleged herein was malicious, fraudulent,

4    oppressive and despicable, in that defendants acted with knowledge and/or conscious disregard of

5    the consequences to plaintiff, as alleged herein, and with the intent to harass and retaliate against

6    plaintiff, and in willful, conscious and wanton and reckless disregard for the rights of plaintiff and

7    for the deleterious consequences and cruel and unjust hardship resulting to plaintiff from such

8    conduct.  Consequently, plaintiff is entitled to exemplary and punitive damages.

9

10    ### FIRST CLAIM FOR RELIEF

11    ### VIOLATION OF 42 U.S.C. §1983 FREE SPEECH, RETALIATION & DUE PROCESS

12        23.    The allegations of each of the preceding paragraphs are realleged and incorporated

13    herein by reference.

14        24.    In perpetrating the above described acts and omissions, CDC was, at all relevant

15

16    times herein, a California State Agency, and P. Miller and Romero were at all relevant times

17    herein, its agents and employees.   At all relevant times herein, on information and belief

18    UOP/CALPAP was a co-conspirator, aider and abettor, and agent of CDC who also ratified

19    CDC's and P. Miller's action by engaging in the planning and termination of plaintiff.  Thus,

20    defendants' above-described acts and omissions constitute cognizable state action under color of

21    state law.

22        25.    On information and belief, in perpetrating the above-described acts and failures to

23    act, P. Miller, Romero and Lacy engaged in a pattern, practice, policy, tradition and/or custom of

24    restraining free speech on a matter of public concern about conduct violative of Parolees due

25    process rights, the  right to counsel under the Valdivia Injunction, the Valdivia Injunction and

26

27    VRP, and harassing and retaliating against plaintiff because of such speech, in violation of the

28

First Amendment to the United States Constitution, and the California Constitution along with California Labor Code §§ 1102.5, 1105 and California Government Code §§ 8547.8. Because rights under the federal and state Constitutions are federally protected, defendants also violated plaintiff's rights under 42 U.S.C. §1983.

26.    On information and belief, in perpetrating the above-described acts and failures to act, P. Miller, Romero and Lacy engaged in a pattern, practice, policy, tradition and/or custom of failing to provide due process in connection with plaintiff's termination in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and the California Code of Regulations. Because rights under the federal Constitution are federally protected, defendants also violated plaintiff's rights under 42 U.S.C. §1983.

27.    On information and belief, at all relevant times herein, there existed within the CDC and/or UOP/CALPAP a pattern, policy, practice, tradition, custom, and usage of harassment and retaliation against public servants who engage in speech on a matter of public concern, which resulted in a deliberate indifference to plaintiff's right to free speech.

28.    On information and belief, at all relevant times herein, there existed within the CDC and/or UOP/CALPAP a pattern, policy, practice, tradition, custom, and usage of depriving its employees of their due process rights, which resulted in the violation of plaintiff's Fifth and Fourteenth Amendment rights.

29.    As a result of the acts and failures to act as alleged herein, and as a result of CDC and/or UOP/CALPAP customs, traditions, usages, patterns, practices, and policies, plaintiff was deprived of her constitutional rights to free speech and due process, and suffered damages caused thereby as more particularly alleged above.

30.    As a direct and proximate result of defendants unlawful conduct, and prolonged harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

physical injuries, including but not limited to, sleep difficulties.  She has also sustained

prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem,

depression, and extreme and severe mental anguish and emotional distress; and plaintiff has

suffered and continues to suffer a loss of earnings, diminished community and professional

reputation and other employment benefits.  Plaintiff is thereby entitled to general and

compensatory damages in amounts to be proven at trial.

<center>

**SECOND CLAIM FOR RELIEF**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

</center>

31.    The allegations of each of the preceding paragraphs are realleged and incorporated

herein by reference.

32.    As alleged herein, said defendants terminated plaintiff, all for engaging in speech

protected by the First Amendment to the United States Constitution as guaranteed by the

Fourteenth Amendment, Article 1, Section 2 and Section 3 of the California Constitution, and

California's public policy against punishing public servants for reporting violations of state and

federal law, set forth in California Labor Code §§ 1102.5, 1105, and California Government Code

§§ 8547 et. al..

33.    As alleged herein, plaintiff's termination effected by defendants, was in violation

of California public policy as expressed in, among other things, the United States Constitution's

First Amendment right of free speech, and California's public policy against punishing employees

for reporting violations of state and federal law, California Code of Civil Procedure 284,

California Labor Code §§ 1102.5, 1105, California Government Code §§ 8547 et. seq. and

California Code of Regulations Title 15.

34.    Defendants termination of Warwick was in violation of, or was for the purpose of

violating, certain statutes and public policies recognized by the State of California, including but

1  not limited to, plaintiff's refusal to engage in the code of silence on behalf of CDC,

2  UOP/CALPAP and BPT, and plaintiff's refusal to stop complaining about parolee due process

3  violation by CDC, UOP/CALPAP and BPT.

4      35.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

5  harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer

6  physical injuries, including but not limited to, sleep difficulty.  She has also sustained prolonged

7  pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and

8  extreme and severe mental anguish and emotional distress; and plaintiff has suffered and

9  continues to suffer a loss of earnings, diminished community and professional reputation and

10  other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in

11  amounts to be proven at trial.

12

13              **THIRD CLAIM FOR RELIEF**

14              **NEGLIGENT SUPERVISION**

15      36.    The allegations of each of the preceding paragraphs are realleged and

16  incorporated herein by reference.

17

18      37.    At all relevant times, CDC and UOP/CALPAP and each of them, and/or their

19  agents/employees, knew or reasonably should have known that unless they intervened to protect

20  plaintiff, and adequately supervised, prohibited, penalized, regulated, disciplined, and/or

21  otherwise controlled the conduct of the remaining defendants and/or their agents/employees, the

22  remaining defendants, and/or their agents/employees would perceive the conduct and omissions

23  as being ratified and condoned.

24      38.    At all relevant times, the negligent failure of CDC and UOP/CALPAP, to protect

25  plaintiff and to supervise, prohibit, penalize, regulate, discipline, and/or otherwise control

26  adequately the conduct of the remaining defendants and/or their agents/employees would perceive

27

28

1   the said conduct as being ratified and condoned.

2       39.    At all relevant times, CDC and UOP/CALPAP, and each of them, and their

3   agents/employees had the power, ability, authority, and duty to stop engaging in the conduct

4   described herein and to intervene to prevent or prohibit the same.

5       40.    Despite the knowledge, power, and duty, CDC and UOP/CALPAP, and each of

6   them, and/or their agents/employees, negligently failed to act so as to stop engaging in the

7   conduct described herein and to prevent or prohibit such conduct or to otherwise protect plaintiff.

8   On information and belief, to the extent that said negligent conduct was perpetrated by certain

9   defendants, the remaining defendants confirmed and ratified the same with the knowledge that

10  plaintiff's emotional and physical distress was thereby increased, and with wanton and reckless

11  disregard for the deleterious consequences to plaintiff.

12      41.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

13

14  harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer

15  physical injuries, including but not limited to, sleep difficulties.   She has also sustained

16  prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem,

17  depression, and extreme and severe mental anguish and emotional distress; and plaintiff has

18  suffered and continues to suffer a loss of earnings, diminished community and professional

19  reputation and other employment benefits.  Plaintiff is thereby entitled to general and

20  compensatory damages in amounts to be proven at trial.

21

22

23              **FORTH CLAIM FOR RELIEF**

24       **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25      42.    The allegations of each of the preceding paragraphs are realleged and

26  incorporated herein by reference.

27      43.    As described above, defendants and their agents/employees engaged in outrageous

28

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

13

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

conduct towards plaintiff with the intention to cause, or with reckless disregard for the probability

of causing, plaintiff to suffer, inter alia, severe physical and emotional distress. On information

and belief, to the extent that said outrageous conduct was perpetrated by certain defendants, the

remaining defendants confirmed and ratified said conduct with the knowledge that plaintiff's

emotional and physical distress would thereby increase, and/or with a wanton and reckless

disregard for the deleterious consequences to plaintiff.

44.    As a direct and proximate result of defendants' unlawful conduct, and prolonged

harassment, discrimination, and retaliation, plaintiff has suffered and will continue to suffer

physical injuries, including but not limited to, sleep difficulties. She has also sustained

prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem,

depression, and extreme and severe mental anguish and emotional distress; and plaintiff has

suffered and continues to suffer a loss of earnings and other employment benefits. Plaintiff is

thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA LABOR CODE § 1102.5 AND CALIFORNIA

## GOVERNMENT CODE §§ 8547 ET. AL.

45.    The allegations of each of the preceding paragraphs are realleged and incorporated

herein by reference.

46.    Plaintiff is informed and believes, and thereon alleges defendants retaliated and

discriminated against plaintiff because plaintiff exercised her right to disclose information to the

BPT and Valdivia plaintiffs' attorneys regarding her belief that defendant UOP/CALPAP

engaged in violations of the Valdivia Injunction, statute, or regulations during their stewardship

of CALPAP.

47.    Plaintiff alleges and believes that defendants and each of their acts alleged above

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

14

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

were a result of plaintiff's protected right to disclose information of suspected violation or noncompliance with state laws and regulations to a government or law enforcement agency

48.     As a result of defendants and each of their discriminatory acts as alleged herein, plaintiff has been caused to suffer loss of wages and benefits, suffers and continues to suffer pain, discomfort, anxiety, humiliation and emotional distress and will continue to suffer said damages in the future in an amount according to proof, as well as costs to remedy the retaliation.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

49.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

50.     Plaintiff worked for UOP/CalPAP pursuant to the terms of a written contract, signed by Plaintiff on January 12, 2005, whereby Warwick agreed to provide legal representation for parolees facing parole-revocation proceedings in consideration of money, and UOP/CalPAP agreed to secure Plaintiff's clearance into CDC institutions and jails upon Warwick's completion and return of the "Institution Clearance Form", which Warwick completed and returned to UOP/CalPAP on January 12, 2005.

51.     Under operation of law, the aforementioned contract imposed upon defendant UOP/CalPAP a duty of good faith and fair dealing owed to Warwick.

52.     Defendant UOP/CalPAP breached the aforementioned express and implied contractual duties, as well as its duty of good faith and fair dealing including but not limiting to cutting Warwick's caseload and by conspiring/ratifying P. Miller and Romero acts to have plaintiff's gate clearance suspended/revoked in order to terminate her under the terms of the contract.

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

15

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

53.    The breach proximately caused Warwick to suffer injury, damage, loss and harm, including but not limited to lost wages.

54.    Accordingly, defendant CalPAP/UOP is liable to Warwick for the aforementioned damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

55.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

56.    There was an economic relationship between Warwick and defendant UOP/CalPAP containing the probability of future economic benefit to Warwick.

57.    Defendants CDCR,  P. MILLER, ROMERO and DOES ONE through TWENTY-FIVE, inclusive had knowledge of the existence of the aforementioned relationship.

58.    Defendants CDCR, P. MILLER, ROMERO and DOES ONE through TWENTY-FIVE, inclusive undertook intentional acts designed to disrupt the relationship between Warwick and UOP/CalPAP.

59.    There was actual disruption of the relationship between Warwick and UOP/CalPAP.

60.    The aforementioned disruption proximately caused damages to the Warwick as a proximate result of the acts of the defendants, including lost wages, a diminished community and professional reputation, and emotional distress.

61.    As a result, defendants are liable to plaintiff for the aforementioned damages in an amount to be proven at trial.

**EIGHT CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

62.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

63.     There was a contractual relationship between the Warwick and UOP/CalPAP containing the probability of future economic benefit to the Warwick.

64.     Defendants and DOES ONE through TWENTY-FIVE, inclusive had knowledge of the existence of the aforementioned relationship.

65.     Defendants P. MILLER, ROMERO and DOES ONE through TWENTY-FIVE, inclusive undertook intentional acts designed to disrupt the relationship between Warwick and UOP/CalPAP.

66.     There was actual disruption of the relationship between Warwick and UOP/CalPAP.

67.     The aforementioned disruption proximately caused damages to the Warwick as a proximate result of the acts of the defendants, including lost wages, a diminished community and professional reputation, and emotional distress.

68.     As a result, defendants are liable to plaintiff for the aforementioned damages.

**NINTH CAUSE OF ACTION**

**NEGLIGENCE**

69.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

70.     Defendants, and each of them, owed plaintiff a duty of reasonable care in their conduct to avoid causing injury to her, including injury to her in her profession and community and professional reputations.  Defendants owed Warwick this duty under but not limited to California Code of Regulations Tit. 15, §§ 3285 et. seq., 3172.1 et. seq., 3176, the Valdivia Injunction, and under the employment contract.

71.     Defendants, and each of them, breached this duty by engaging in the above-alleged conduct.

72.     As a proximate and actual result of defendants' aforementioned breach, Warwick suffered injury, damage and harm, including but not limited to lost wages, a diminished community and professional reputation, and emotional and physical distress.

73.     Defendants, and each of them, are therefore liable to Warwick for compensatory damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

## DECLARATORY RELIEF

74.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

75.     Defendants, and each of them, violated plaintiff's rights in the manners set forth above.

76.     As a result of the aforementioned violations, an actual controversy now exists between plaintiff and defendants as to the compliance with CalPAP's representation of its parolee-clients with applicable rules of professional conduct required by the State Bar of California, California State Law and/or Regulations, Federal Law, the Valdivia Injunction and VRP.  The controversy is ripe for review and will, until resolved, damage plaintiff.

SIEGEL & YEE
499 14ᵗʰ Street, Suite 220
Oakland, CA 94612
510-839-1200

18

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

77.     Plaintiff is therefore entitled to a declaratory judgment that CalPAP's representation of its parolee-clients does not comply with applicable rules of professional conduct required by the State Bar of California, California State Law , Federal Law, the Valdivia Injunction and VRP and that she did not do anything wrong to merit suspension/revocation of her clearance at San Quentin State Prison.

## PUNITIVE DAMAGES

78.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

79. In engaging in the aforementioned conduct, all natural-person defendants, and each of them, engaged in conduct that was willful and malicious and was intended to oppress and cause injury to plaintiff.

80. Accordingly, all natural-person defendants, and each of them, are liable to plaintiff for punitive damages in an amount to be proven at trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1.     For compensatory damages including economic losses, lost back pay and front pay, mental and emotional distress, and other special and general damages according to proof;

2.     For an award of interest, including pre-judgment interest, at the legal rate;

3.     For reasonable attorneys' fees pursuant to 42 U.S.C. §1988, California Code of Civil Procedure §1021.5, and any other appropriate statutes;

4.     For punitive damages against the individual defendants and UOP/CalPAP;

5.     For costs of suit incurred herein;

6.     For injunctive and declaratory relief;

7.     For a jury trial on all issues so triable; and

19

PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES

8.    For such other and further relief as this Court may deem just and proper.

June 26, 2008                                            Siegel & Yee

JOSE LUIS FUENTES

Attorneys for Plaintiff
JOANNE WARWICK

## **VERIFICATION**

I, JOANNE WARWICK, declare as follows:

I am the plaintiff in the above-entitled case. I have read the foregoing Verified Complaint and know the contents thereof. The same is true of my own personal knowledge, except where stated therein upon information and belief, and as to such matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 26, 2008, at Oakland, California.

JOANNE WARWICK

**PLAINTIFF'S SECOND- AMENDED COMPLAINT FOR DAMAGES**

1   DAN SIEGEL, SBN 56400
    JOSE LUIS FUENTES, SBN 192236
2   SIEGEL & YEE
    499 14th Street, Suite 220
3   Oakland, California 94612
    Telephone: (510) 839-1200
4   Facsimile: (510) 444-6698

5

6   Attorneys for Plaintiff
    JOANNE WARWICK

7

8                    SUPERIOR COURT OF CALIFORNIA

9                  CITY AND COUNTY OF SAN FRANCISCO

10  JOANNE WARWICK,                    Case No. CGC 06-455-973

11          Plaintiff,

12      vs.                            **PROOF OF SERVICE**

13
    CALIFORNIA PAROLE ADVOCACY
14  PROGRAM, ET. AL.,

15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1       I am employed in the County of Alameda, State of California.  I am over the age of

2   18 years and not a party to the within action.  My business address is 499 14th Street,

3   Suite 220, Oakland, California 94612.

4       On July 18, 2008, I served the following document(s):

5   1.   STIPULATION OF COUNSEL ALLOWING PLAINTIFF TO AMEND HER FIRST
        AMENDED COMPLAINT; ORDER.

6   2.   STIPULATION OF COUNSEL  ALLOWING PLAINTIFF TO AMEND HER FIRST
        AMENDED COMPLAINT

7   3.   PLAINTIFF'S SECOND- AMENDED VERIFIED COMPLAINT FOR DAMAGES,
        DECLARATORY JUDGMENT AND  INJUNCTIVE RELIEF

8

9   by transmitting a copy as follows:

10  Stephen R. Holden
    Holden Law Group
11  1234 High Street
    Auburn, CA 95603

    COURTNEY LUI
    Deputy Attorney General
    1515 Clay Street, 20th Fl
    Oakland, CA 94612-0550

12

13  Via the following manner:

14      I am readily familiar with this office's business practice for collection and processing of

15  correspondence for mailing with the United States Postal Service.  This document, which is in an

16  envelope addresses as stated above, will be sealed with postage fully prepaid and will be

17  deposited with the United States Postal Service this date in the ordinary course of business.

18      I declare under penalty of perjury that the above is true and correct under the laws

19  of the State of California.

20  Dated: July 18, 2008          SIEGEL & YEE

21

22              By:

23              Jose Luis Fuentes

24

25

26

27

28

# EXHIBIT 5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Gregory S. Walston, State Bar No. 196776
THE WALSTON LEGAL GROUP
222 Columbus Ave., Ste. 320, San Francisco, CA 94133

TELEPHONE NO.: (415) 956-9200    FAX NO.: (415) 956-9205
ATTORNEY FOR *(Name):*  Plaintiff JOANNE WARWICK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**F I L E D**
San Francisco County Superior Court

SEP  7 2006

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE NAME:
Warwick v. California Parole Advisory Program, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | CGC-06-455973 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [✓] Wrongful termination (36)
   [✓] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Sept. 7, 2006
GREGORY S. WALSTON
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc. www.USCourtForms.com |

# EXHIBIT 5

# EXHIBIT 6

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Gregory S. Walston, State Bar No. 196776
THE WALSTON LEGAL GROUP
222 Columbus Avenue, Suite 320
San Francisco, California 94133
TELEPHONE NO: (415) 956-9200    FAX NO. *(Optional):* (415) 956-9205
E-MAIL ADDRESS *(Optional):* gwalston@walstonlaw.com
ATTORNEY FOR *(Name):* Plaintiff Joanne Warwick

**F I L E D**
San Francisco County Superior Court

JAN 3 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER:  JOANNE WARWICK .

DEFENDANT/RESPONDENT:  CALPAP, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CGC 06 455973 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 9, 2007    Time: 9:00 a.m.    Dept.: 212    Div.: ~~~~  6-25    Room:

Address of court *(if different from the address above):*    1130

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiff Joanne Warwick
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  September 7, 2006
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☑ have been served but have not appeared and have not been dismissed *(specify names):*
         All Defendants (the parties have agreed to an extension of time to 3/12/07 to answer).
      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint  ☐ cross-complaint  *(describe, including causes of action):*
      CALPap is an entity that was created to defend parolees in parole revocation proceedings. Plaintiff alleges various civil rights were violated when she was employed by CALPap as an attorney.

---

Page 1 of 4

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court, rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT 6**



American LegalNet, Inc.

CM-110

| PLAINTIFF/PETITIONER:  JOANNE WARWICK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CALPAP, et al. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that CalPAP retaliated against her and wrongfully discharged her when she engaged in legally protected conduct.  Plaintiff further alleges that the way CalPAP is run violates state law because it prevents CalPAP attorneys from diligently representing their clients.  Plaintiff seeks compensatory and punitive damages in an unspecified amount, and also seeks recovery of her attorneys' fees.

☐    *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial        *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Nov. 2-13, 2007 (counsel will be in a jury trial); July 30-Aug. 3, 2007 (counsel in jury trial); July 12-20, 2007 (pre-paid vacation); May 8-18, 2007 (counsel in jury trial).

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):*   10
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐  by the attorney or party listed in the caption   ☑  by the following:
a.  Attorney:  Ramin Nadiri
b.  Firm:  THE WALSTON LEGAL GROUP
c.  Address:  222 Columbus Avenue, Suite 320
d.  Telephone number:  (415) 956-9200
e.  Fax number:  (415) 956-9205
f.  E-mail address:
g.  Party represented:  Plaintiff JOANNE WARWICK
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: JOANNE WARWICK | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CALPAP, et al. | |

10. d.  The party or parties are willing to participate in *(check all that apply):*
   (1) ☑ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference
☑ The party or parties are willing to participate in an early settlement conference *(specify when):*
At any time after March 12, 2007.

## 12. Insurance
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

## 14. Related cases, consolidation, and coordination
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
   ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JOANNE WARWICK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALPAP, et al. | |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Paper Discovery | May 25, 2007 |
| Plaintiff | Depositions | August 17, 2007 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 30, 2007

GREGORY S. WALSTON
_____
        (TYPE OR PRINT NAME)

► _____
        (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

► _____
        (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached

# EXHIBIT 7

06/06/07  13:42 FAX 650 968 1627    GAZZERA O'GRADY STEVENS    ☒002

MC–051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Ramin Naderi SBN# 183001
Attorney at Law
P.O. Box 341
P.O. Box 341
Belmont, CA 94002
  TELEPHONE NO.: (650) 554-1767  FAX NO: (650) 595-3814
ATTORNEY FOR *(Name):* Plaintiff JOANNE WARWICK

**FILED**
San Francisco County Superior Court

JUN 0 6 2007

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

NAME OF COURT: San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: WARWICK V. CALPAP, ET AL.

CASE NUMBER: CGC-06-455973

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS
COUNSEL—CIVIL**

HEARING DATE: June 27, 2007
DEPT: 301  TIME: 9:30 a.m.
BEFORE HON: Peter Busch
DATE ACTION FILED: 09/07/2006
TRIAL DATE:

TO *(name and address of client):* Joanne Warwick, P.O. Box 210126, San Francisco, CA 94121
and Gregory Walston, co-counsel for plaintiff.

1. **PLEASE TAKE NOTICE** that *(name of withdrawing attorney):*
  moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting
  the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| a. | Date: June 27, 2007 | Time: 9:30 a.m. | Dept.: 301 | Room: |
|---|---|---|---|---|

  b.  The address of the court [ X ] same as noted above  [ ] other *(specify):*

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and
  the following additional documents or evidence *(specify):*

## BY FAX

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is

  a. [ X ] an individual.
  b. [ ] a corporation.
  c. [ ] a partnership.
  d. [ ] an unincorporated association.
  e. [ ] a guardian.
  f. [ ] a conservator.

  g. [ ] a trustee.
  h. [ ] a personal representative.
  i. [ ] a probate fiduciary.
  j. [ ] a guardian ad litem.
  k. [ ] other *(specify):*

# EXHIBIT 7

*(Continued on reverse)*

Page 1 of 2

NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL

Legal
Solutions
Plus

Code of Civil Procedure, § 284
Cal. Rules of Court, rule 3.1362

06/06/07  13:43 FAX 650 968 1627          GAZZERA O'GRADY STEVENS                          ☒003

MC–051

| CASE NAME: WARWICK V. CALPAP, ET AL. | CASE NUMBER: CGC-06-455973 |
|---|---|

### NOTICE TO CLIENT

**If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

5.  If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

6.  If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

Date: June 4, 2007

Ramin Naderi
_____
(TYPE OR PRINT NAME)

▶ _~~signature~~_
_____
(SIGNATURE OF ATTORNEY)

Attorney for *(name)*: Plaintiff JOANNE WARWICK

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

10349926 tif  6/6/2007 1:45:46 PM

06/06/07  13:43 FAX 650 968    27        GAZZERA O'GRADY STEVENS                    ☒004

*Warwick v. CALP 1P, et al.*                          *Case No.: CGC-06-455973*

### PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 years and not a party to the within Action; my business is 1134 West El Camino Real, Mountain View, California 94040.

On June 5, 2007, I served the within **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL; DECLARATION IN SUPPORT THEREOF; AND PROPOSED ORDER IN SUPPORT THEROF** on all interested parties in said action addressed as follows:

Joanne Warwick
P.O. Box 210126
San Francisco, CA 94121

[ X ] (**BY MAIL**), By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing that same day at GAZZERA, O'GRADY & STEVENS, 1134 West El Camino Real, Mountain View, California 94040  I declare that I am readily familiar with the business practice of GAZZERA, O'GRADY & STEVENS for collection and processing of correspondence for mailing with the U.S. Postal Service and that the correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business.

[ ] (**BY HAND**), By causing each such envelope to be delivered by hand to the address(es) noted above.

[ ] (**FEDERAL**), I am employed in the office of a member of the bar of this Court at whose direction the service was made.

[ ] (**BY FACSIMILE**), By causing a true copy to be transmitted via facsimile to the address(es) noted above at the FAX number shown.

[ ] (**BY FEDERAL EXPRESS**), By placing a true copy enclosed in a sealed envelope for overnight delivery via Federal Express to the address(es) noted above

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed at Santa Clara County, California, on June 5, 2007.

LUCY GONZALES

10349925 tif - 6/6/2007 1 45 45 PM

06/06/07  13:44 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑005

MC-052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ramin Naderi SBN# 183001<br>Attorney at Law<br>P.O. Box 341<br>P.O. Box 341<br>Belmont, CA 94002<br>TELEPHONE NO. (650) 54-1767  FAX NO. (650) 595-3814 | |

ATTORNEY FOR *(Name)*: Plaintiff JOANNE WARWICK

NAME OF COURT: San Francisco County Superior Court
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: WARWICK V CALPAP, ET AL.

| | |
|---|---|
| **DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CASE NUMBER<br>CGC-06-455973 |
| | HEARING DATE: June 26, 2007<br>DEPT: 301    TIME: 9:30 a.m.<br>BEFORE HON: Peter Busch<br>DATE ACTION FILED: 09/07/2006<br>TRIAL DATE |

1. **Attorney and Represented Party.** Attorney *(name)*: Ramin Naderi SBN# 183001
   is presently counsel of record for *(name of party)*: Plaintiff JOANNE WARWICK
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead
   of filing a consent under section 284(1) for the following reasons *(describe)*: See Attached.

[X] Continued on Attachment 2.

3. **Service**
   a. Attorney has
      (1) [ ] personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service
          will be filed with the court at least 5 days before the hearing.
      (2) [X] served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) [X] confirmed within the past 30 days that the address is current
          (a) [ ] by mail, return receipt requested.
          (b) [ ] by telephone.
          (c) [X] by conversation.
          (d) [X] by other means *(specify)*: client is an admitted attorney in California. She
   lists this address with the State Bar.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-052 [Rev. January 1, 2007] | **DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | Legal<br>Solutions™<br>Plus | Code of Civil Procedure, § 284<br>Cal. Rules of Court, rule 3.1362 |

MC-052

| CASE NAME: WARWICK V. CALPAP, ET AL. | CASE NUMBER: CGC-06-455973 |
|---|---|

3. b. (2) ☐ been unable t  confirm that the address is current or to locate a more current address for the client after making the
following effor s:

(a) ☐ maili  g the motion papers to the client's last known address, return receipt requested.

(b) ☐ callir  g the client's last known telephone number or numbers.

(c) ☐ cont: cting persons familiar with the client (specify):

(d) ☐ cond ucting a search (describe):

(e) ☐ othe  (specify):

c. Even if attorney has be  :n unable to serve the client with the moving papers, the court should grant attorney's motion to be
relieved as counsel of  ecord (explain):

4. The next hearing schedule  j in this action or proceeding

a. ☐ is not yet set.

b. ☒ is set as follows ( specify the date, time, and place): 1:30 p.m., June 25, 2006, Department 212.

c. ☒ concerns (descri ve the subject matter of the hearing): OSC RE: answers or defaults by
defendants

☐ Continued on Attacl ment 4.

5. The following additional he arings and other proceedings (including discovery matters) are presently scheduled in this case (for each,
describe the date, time, pl ce, and subject matter): None.

☐ Continued on Attacl ment 5.

6. Trial in this action or proce eding

a. ☒ is not yet set.

b. ☐ is set as follows  specify the date, time, and place):

7. Other. Other matters that the court should consider in determining whether to grant this motion are the following (explain):

I declare under penalty of per ury under the laws of the State of California that the foregoing is true and correct.
Date: June 4, 2007

Ramin Naderi
        (TYPE Oi PRINT NAME)

▶  _signature_
        (SIGNATURE OF DECLARANT)

8. Number of pages attache : _____

MC-052 [Rev January 1, 2007]          **DECLARATION IN SUPPORT OF ATTORNEY'S**
                                       **MOTION TO BE RELIEVED AS COUNSEL—CIVIL**          Page 2 of 2

*Warwick vs. California Parole Advocacy Program, et al.*    *Case No.: CGC-06-455973*

## ATTACHMENT 2 TO DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL

1.  The undersigned declarant, Ramin Naderi, is an attorney duly licensed to practice before all of the courts of the State of California.

2.  The plaintiff/client in this action is Joanne Warwick. The case arises out of plaintiff's former employment as an attorney with the California Advocacy Program. Plaintiff was discharged from her employment in May of 2005. She seeks to recover on various causes of action arising out of her former employment including wrongful termination in violation of public policy, breach of contract, slander, libel, intentional interference with prospective economic advantage and related claims.

3.  The undersigned was injured in an automobile collision that occurred on March 26 of 2006.

I sustained multiple injuries including neck, back, shoulder and head injuries. I also have a heart condition that was compromised by medication prescribed for my car accident injuries. I remain under a doctor's care for my heart condition.

4.  I began representing plaintiff regarding this matter on about March 16 of 2007 when I assisted plaintiff in pursuing her administrative remedies. After available administrative remedies were exhausted it became necessary to file this court action.

5.  Because of my health problems, I told plaintiff that I would not be able to undertake

1

*Warwick vs. California Parole Advocacy Program, et al.*          *Case No.: CGC-06-455973*

1  representation of her in this action without assistance.  To this end, plaintiff retained attorney

2  Gregory Walston of the Walston Legal Group.  I agreed to represent plaintiff in this matter in

3  association with Gregory Walston.

4

5      6.  Plaintiff's initial complaint was filed herein on September 7, 2006.  Thereafter an

6  amended complaint was filed on September 22, 2006.  The complaints were prepared by my co-

7  counsel Gregory Walston.

8

9      7.  Gregory Walston prepared and filed with the court a Case Management Conference

10  statement dated January 31, 2007.

11     8.  Since the filing of the action in September of 2006, I have had minimal communication

12  with co-counsel Gregory Walston.  There now appears to be a complete breakdown in my

13  relationship with the client and co-counsel.  I believe that grounds for my withdrawal now exist

14  under the provisions of Rules of Professional Conduct 3-700(d)(1) and 3-700(3).  California Rule of

15  Court 3.1362(c) requires that a declaration filed in support of a motion to withdrawal shall state

16  reasons in general terms and without compromising the confidentiality of the attorney/client

17  relationship.  Accordingly, I am not able to explain in more detail the particulars of the problems I

18  have encountered in working with plaintiff and co-counsel.  However, I faithfully represent to this

19  court that the relationship is now ineffective and untenable and I cannot effectively discharge my

20  obligations to the client in this circumstance.

21

22     9.  Moreover, this unfortunate situation has created considerable stress which has negatively

23  impacted my health.  My doctor has recommended that I avoid working in stressful circumstances.

24  Accordingly, I submit that my withdrawal from this matter is mandatory under Rule of Professional

25  Conduct 3-700(B) 3).

26

27     10. Plaintiff Joanne Warwick has consented to my withdrawal from this action.  Attached to

28

2

*Warwick vs. California Parole Advocacy Program, et al.*        **Case No.: CGC-06-455973**

1  this declaration as Exhibit A is a true and correct copy of the Notice of Withdrawal with client's

2  consent. This consent to withdrawal was signed by Joanne Warwick on May 30, 2007. I attempted

3
4  to file the Notice of Withdrawal with the court but the clerk of the court did not file the notice

   because the clerk incorrectly considers me to be the *only* attorney of record in this action.

5
6       11. It appears that there is some confusion over my association with Gregory Walston. The

7  caption on the initial complaint and the amended complaint filed herein listed "Ramin Naderi, The

8  Walston Legal Group" as "Attorneys for Plaintiff". I am not now and nor have I ever been a
9
10 member or employee of the Walston Legal Group. While the initial pleadings may have been

11 somewhat ambiguous, the intent was to show declarant as attorney of record for plaintiff in

12 association with Gregory Walston of the Walston Legal Group.

13
14      12. This motion is made necessary because the clerk would not accept the withdrawal signed

15 by client Joanne Warwick. However, Gregory Walston remains as an attorney of record for the

16 plaintiff.

17      13. The next hearing scheduled in this action is set for June 25, 2007. The hearing is on an

18 order to show cause filed May 2, 2007. This OSC was served by the clerk *only* on the office of

19
20 Gregory Walston. I learned about the OSC by happenstance when I checked the court's websit. On

21 or about May 6, 2007, I also advised plaintiff Joanne Warwick of the hearing of June 25, 2007 on

22 the OSC. Joanne Warwick is an attorney admitted in California and is knowledgeable about the

23 status of this action including the pending OSC.

24      14. The hearing of June 25, 2007 is on the court's order to show cause regarding the status of

25
26 service and answers from the named defendants.

27      15. My withdrawal in this matter will not cause any prejudice to plaintiff. She continues to

28 be represented by attorney Gregory Walston of the Walston Legal Group who has been served with

06/06/07  13:46 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑010

*Warwick vs. California Parole Advocacy Program, et al.*          *Case No.: CGC-06-455973*

1  this motion. The clerk's office uses the address of the Walston Legal Group as the address for the

2  attorney of record for plaintiff.

3         16. Declarant respectfully requests that he be relieved as attorney of record in this matter for

4  the reasons stated herein.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**ATTACHMENT 2 TO DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

1  RAMIN NADERI  BN# 183001
2  ATTORNEY AT LAW
   P.O. Box 341
3  Belmont, CA 9400
   Telephone:  (650) 654-1767
4  Fax:        (650) 595-3814

5  Attorneys for Plaintiff JOANNE WARWICK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO, UNLIMITED CASE

10 JOANNE WARWICK,                    )  Case No.: CGC-06-455973
                                      )
11              Plaintiff,            )  **NOTICE OF WITHDRAWAL AS**
                                      )  **ATTORNEY WITH CLIENT'S CONSENT**
12      vs.                           )
                                      )
13                                    )  **NOTICE OF WITHDRAWAL OF**
                                      )  **ATTORNEY FROM ASSOCIATION**
14 CALIFORNIA PAROLE ADVOCACY         )
   PROGRAM A BUSINESS, et al.         )
15                                    )
                                      )
16              Defendant             )
   _____

17      NOTICE IS HEREBY GIVEN that Ramin Naderi hereby withdraws as attorney of record for

18 Plaintiff Joanne Warwick.  Notice is further given that the association of Ramin Naderi as attorney

19 for plaintiff with Gregory S. Walston, the Walston Legal Group, is hereby terminated.

20

21 DATED: May 25, 2007

22                                    By: _____

23                                        RAMIN NADERI
                                          Attorney for Plaintiff,
24                                        JOANNE WARWICK

25 ///
26 ///
   ///
27

28

                                        1

Warwick v. California Parole Advocacy Program, et al.

06/06/07  13:47 FAX 650 968 1627          GAZZERA O'GRADY STEVENS                    ☑013

1

## CONSENT

2

3          I consent to the withdrawal of Attorney, Ramin Naderi, in this action, Case Number: CGC-

4    06-455973

5

6    DATED: _May 30, 2007_                    _Joanne Warwick_

7                                             JOANNE WARWICK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Warwick v. California Parole Advocacy Program, et al.

*Warwick v. California Parole Advocacy Program, A Business et al    Case No: CGC-06-455973*

## PROOF OF SERVICE

I, the undersigned, certify that I am over the age of 18 years and not a party to the within Action. My business address is P.O. Box 341, Belmont, California, 94002.

On May 31, 2007 and May 31, 2007, I served the within **NOTICE OF WITHDRAWAL OF ATTORNEY WITH CLIENT'S CONSENT** and **NOTICE OF WITHDRAWAL OF ASSOCIATION** to the Parties/Persons hereinafter listed in said action as follows:

Gregory S. Walston, Esq.
The Walston Legal Group
222 Columbus Avenue, Suite 320
San Francisco, California 94133
Tel.:    (415) 956-9200
Fax:    (415) 956-9205

Joanne Warwick
P. O. Box 210126
San Francisco, California 94121
Tel.:    (415) 724-3124

Stephen R. Holden, Esq.
Holden Law Group
1250 Sutterville Road, Suite 240
Sacramento, California 95822
Tel.:    (916) 455-5015
Fax:    (916) 455-5016

Karen L. Donald, Esq.
Office of the Attorney General
Department of Justice
1515 Clay Street
Oakland, California 94612
Tel.:    (510) 622-2202
Fax:    (510) 622-2121

[X]    (**BY HAND**), By causing a true copy thereof  to be delivered by hand to Joanne Warwick on May 31, 2007, in the City and County of San Francisco.

[X]    (**BY MAIL**), By placing  true copies thereof in  sealed envelopes with postage thereon fully paid and by depositing said envelopes in the United States Postal Service located at 640 Masonic Way, Belmont, California 94002-9998, addressed to all Parties/Persons, as listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed at Belmont, California, on May 31, 2007.

*Ramin R. Bolt* (signature)

RAMIN NADERI
Attorney at Law
P. O. Box 341
Belmont, California 94002

1

06/06/07  13:48 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑015

MC–053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ramin Naderi SBN# 183001<br>Attorney at Law<br>P.O. Box 341<br>P.O. Box 341<br>Belmont, CA 94002<br>TELEPHONE NO: (650 654-1767  FAX NO *(Optional)* (650) 595-3814<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*  Plaintiff JOANNE WARWICK | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| CASE NAME: WARWICK V. CALPAP, ET AL. | |
|---|---|

| | CASE NUMBER: |
|---|---|
| **[PROPOSED] ORDER GRANTING ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CGC-06-455973 |
| | HEARING DATE: June 27, 2007<br>DEPT.: 301    TIME 9:30 a.m.<br>BEFORE HON.: Peter Busch<br>DATE ACTION FILED: 09/07/2006<br>TRIAL DATE: |

1. The motion of *(name of attorney)*: Ramin Naderi SBN# 183001
   to be relieved as counsel of record for *(name of client)*:  Plaintiff JOANNE WARWICK
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

### FINDINGS

3. Attorney has
   a. ____ personally served the client with papers in support of this motion.
   b. _X_ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

### ORDER

5. Attorney is relieved as counsel of record for client
   a. _X_ effective upon the filing of the proof of service of this signed order upon the client.
   b. ____ effective on *(specify date)*:

6. The client's _X_ current  ____ last known  address and telephone number: P.O. Box 21026, San Francisco, CA 94121.

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011(b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*: June 25, 2007, Department 212  San Francisco County Superior Court, 400 McAllister Street,San Francisco,CA 94102.
   b. The hearing will concern *(subject matter)*: Order to Show Cause RE: appearance or defaults of defendants.

---

**NOTICE TO CLIENT**
You or your new attorney, if any, must prepare for and attend this hearing.

Page 1 of 2

06/06/07  13:48 FAX 650 968 1627          GAZZERA O'GRADY STEVENS                      Ø016

MC—053

| CASE NAME: WARWICK \. CALPAP, ET AL. | CASE NUMBER: CGC-06-455973 |

8.  The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each)*:

9.  The trial in this action or proceeding:
    a. [ X ]  is not yet set.
    b. [   ]  is set for *(specify date, time, and place)*:

10. Client is hereby notified of the following effects this order may have upon parties.

---

### NOTICE TO CLIENT

**Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

13. The court further orders *(specify)*:  This order shall also be served on attorney Gregory Walston, The Walston Legal Group, 222 Columbus Avenue, Suite 320, San Francisco, CA 94133 and the association of attorneys by and between Ramin Naderi and Gregory Walston in this action is hereby dissolved.  Gregory Walston shall be the sole attorney of record herein until further order of this court or voluntary substitution pursuant to C.C.P. SEction 284(1).


Date: June 4, 2007

_____
JUDGE OR JUDICIAL OFFICER

---

**ORDER GRANTING ATTORNEY'S**
**MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

10349925-td  6/6/2007 1:45:45 PM

# EXHIBIT 8

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| JOANNE WARWICK | **Pretrial Department 212**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-455973** |
| CALIFORNIA PAROLE ADVOCACY PROGRAM<br>A BUSINESS et al | **Order To Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The MAY-11-2007 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on JUN-25-2007 at 1:30 PM, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: MAY-02-2007

ARLENE T. BORICK

JUDGE/COMMISSIONER

# EXHIBIT 8

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-02-2007 I served the foregoing Order To Show Cause on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated :  MAY-02-2007                    By: JEFFREY LEE

RAMIN NADERI  (183001)
THE WALSTON LEGAL GROUP
222 COLUMBUS AVENUE
SUITE 320
SAN FRANCISCO, CA  94133

RAMIN NADERI  (183001)
THE WALSTON LEGAL GROUP
222 COLUMBUS AVENUE
SUITE 320
SAN FRANCISCO, CA  94133

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# EXHIBIT 9

Joanne Warwick, Esq.
P.O. Box 210126
San Francisco, CA 94121
415 724 3124 tel.

Plaintiff in propria persona

**FILED**
San Francisco County Superior Court

JUN 1 8 2007

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SONOMA

|  |  |
|---|---|
| JOANNE WARWICK | ) Case No.: CGC 06 455973 |
|      Plaintiff., | ) **RESPONSE TO ORDER TO SHOW** |
|  | ) **CAUSE** |
| vs. | ) |
| CALIFORNIA PAROLE ADVOCACY | ) |
| PROGRAM, et al | ) |
|      Defendants | ) **Date: June 25, 2007** |
|  | ) **Time: 1:30 pm** |
|  | ) **Judge/Commissioner: Arlene T. Borick** |
|  | ) |

COMES NOW the Plaintiff to oppose the imposition of sanctions for not taking answer or default of Defendants, and oppose dismissal of the above action.

## INTRODUCTION

Plaintiff JOANNE WARWICK filed suit against defendants CALIFORNIA PAROLE ADVOCACY PROGRAM (CALPAP) et al for inter alia, wrongful termination.

# EXHIBIT 9

RESPONSE TO ORDER TO SHOW CAUSE WARWICK v. CALPAP.- 1

1  The Walston Legal Group caused to be served the original complaint on Defendants

2  CalPAP and CDCR. On January 19, 2007, counsel for defendant CalPAP contacted Counsel

3  Ramin Naderi via letter contending that service was not proper and that the complaint contained

4  defects. Plaintiff's lead counsel Ramin Naderi contacted defendants' counsel and the parties

5  agreed not to answer or take a default until plaintiff could have an opportunity to file an amended

6  complaint. On May 2, 2007, this Court served an Order to Show Cause pertaining as to why an

7  answer or entry of default has not yet taken place. This notice was addressed and mailed to Mr.

8  Naderi at the Waltson Law Group, which was receiving lead counsel Naderi's mail. Due to

9  apparent clerical error, the Waltson Legal Group did not forward the Court's correspondence to

10  Mr. Naderi. Fortunately, Mr. Naderi discovered said motion while reviewing the Courts online

11  docket. Mr. Naderi later contacted Walston Legal Group staff and confirmed receipt of this

12  Court's OSC notice.

13

14  **ARGUMENT I**

15  **WHY ENTRY OF DEFAULT WAS NOT TAKEN**

16

17  After it came to the attention of the plaintiff and her counsel that the complaint possibly

18  contained errors, the parties agreed to an extension of time to answer in an effort to prevent

19  unnecessary litigation in this Court, such as motions to quash or demur. Had this brokerage of

20  cooperation not taken place the defendants would have likely filed a motion to strike or move for

21  a demurrer, which would have taken up unnecessary court time, and which likely would have

22  resulted in leave to amend. To plaintiff's knowledge, Counsel Naderi was in continuous contact

23  with opposing counsel regarding these matters.

24

25  **ARGUMENT II**

26  **WHY SERVICE OSC WAS NOT TIMELY SERVED ON OPPOSING COUNSEL**

27  Plaintiff did not receive the Courts OSC notice personally. Said notice was mailed to co-

28  counsel's office and never forwarded due to a regrettable communication error. Plaintiff's

1  counsel Ramin Naderi, discovered this Court's OSC while reviewing the online docket and

2  promptly make appropriate inquires to ascertain the nature of said motion. Unfortunately, in the

3  midst of this discovery a breakdown of the attorney client relationship occurred and the plaintiff

4  is now reluctantly answering this Courts motion in pro per. Plaintiff has now caused to be served

5  the notice of OSC on the opposing counsels.

## CONCLUSION

Plaintiff has agreed to the withdrawal of Ramin Naderi as counsel given his ongoing
health problems.  Plaintiff apologizes to the Court for unfortunate delay in the litigation of this
case.  It was not her counsel's intentions to proceed in this way, rather Mr. Naderi felt that it
would serve the Court's interest and save time by not taking a default because he had agreed
with adverse counsel to an extension of time to file an amended complaint. It would not be
economical to make the defendants answer to one verified complaint and then summarily file an
amended complaint to which would have to be answered twice. Plaintiff has caused to be served
the notice of OSC albeit late, however the defendants have not been prejudiced in any way by
these proceedings given communication maintained with opposing counsel by Mr. Naderi.

Because plaintiff, who also has been dealing with her own health issues, is now in need
of counsel, she respectfully asks this Court for three to four months time to find legal
representation.  Plaintiff also respectfully requests that she and former counsel Naderi not be
penalized for the unfortunate delay and that you allow plaintiff's case to proceed.

Date: June ___18___, 2007

_Joanne Warwick_

Joanne Warwick, Plaintiff

PROOF OF SERVICE

Case No. CGC-06-455973

I live in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my address is 446A 39th Avenue, San Francisco, CA 94121.

On June 18, 2007, I SERVED Plaintiff's original  RESPONSE TO ORDER TO SHOW CAUSE on:

The Superior Court of California
City and County of San Francisco
Pretrial Department 212
400 McAllister Street
San Francisco, CA 94102,

And served a true and correct copy of the RESPONSE TO ORDER TO SHOW CAUSE by placing said copies in a sealed postage paid envelope addressed to the persons hereinafter listed, and by depositing said envelope in the U.S. Mail, First Class delivery.

Steve Holden,
Holden Law Group,
1250 Sutterville Rd. #240,
Sacramento, CA  95822,
tel. 916-455-5915

Karen L. Donald
Office of the Attorney General
Department of Justice
1515 Clay Street
Oakland, California
Tel: 510-622-2202

Executed this June 18, 2007, in San Francisco California.

Adam Berger
446A 39th Avenue
San Francisco, CA 94121

# EXHIBIT 10

Attorney or Party without Attorney:
RAMIN NADERI
THE WALSTON LEGAL GROUP
222 COLUMBUS AVE., STE 320
North Beach, CA 94133
Telephone No: 415.956.9200    FAX No: 415.956.9205

Attorney for: Plaintiff

Ref. No. or File No.:

**FILED**
San Francisco County Superior Court
JUN 1 8 2007
GORDON PAHK-LI, Clerk
BY
Deputy Clerk

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

Plaintiff: JOANNE WARWICK

Defendant: California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar

| **PROOF OF SERVICE** **Summons** | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-06-455973 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; PLANTIFF'S AMENDED VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF; DEMAND FOR JURY TRAIL

3. a. Party served:                      UNIVERSITY OF THE PACIFIC MCGEORGE SCHOOL OF LAW
   b. Person served:                     TERI ENGLE - AUTHORIZED AGENT

4. Address where the party was served:    3455 FIFTH AVENUE
                                          SACRAMENTO, CA 95817

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 09, 2007 (2) at: 2:42PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. **Person Who Served Papers:**                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GERI L. TONEY                      d.  **The Fee** for Service was:    $45.00
   **b. AGGRESSIVE PROCESS SERVING**     e.  I am: (3) registered California process server
      2214 Loma Vista Drive, Registration # 03-07        (i)   Independent Contractor
      Sacramento, CA 95825                               (ii)  Registration No.:      2007-06
   c. (916) 488-5813, FAX (916) 488-5812                 (iii) County:               Sacramento
                                                         (iv)  Expiration Date:       Fri, Jun. 08, 2007

# EXHIBIT 10

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:Thu, May. 10, 2007

Judicial Council form POS-010
Rule 982.9.(a)&(b) Rev July 1, 2004

PROOF OF SERVICE
Summons

(GERI L. TONEY)
cgc-06-455.walston.6409

# EXHIBIT 11

06/06/07  13:48 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑015

| | | MC–053 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):* | **IMAGED** | **FOR COURT USE ONLY** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Ramin Naderi SBN# 183001
Attorney at Law
P.O. Box 341
P.O. Box 341
Belmont, CA 94002
TELEPHONE NO: (650) 654-1767   FAX NO *(Optional)*: (650) 595-3814
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff JOANNE WARWICK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: WARWICK V. CALPAP, ET AL.

**IMAGED**
JUN 2 9 2007

**FILED**
San Francisco County Superior Court
JUN 27 2007
GORDON PARK-LI, Clerk
BY: _Marlene Schwartz Scott_
Deputy Clerk

| **[PROPOSED] ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CASE NUMBER: CGC-06-455973 |
|---|---|
| | HEARING DATE: June 27, 2007 |
| | DEPT: 301   TIME: 9:30 a.m. |
| | BEFORE HON: Peter Busch |
| | DATE ACTION FILED: 09/07/2006 |
| | TRIAL DATE: |

1. The motion of *(name of attorney)*: Ramin Naderi SBN# 183001
   to be relieved as counsel of record for *(name of client)*: Plaintiff JOANNE WARWICK
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

**FINDINGS**

3. Attorney has
   a. _____ personally served the client with papers in support of this motion.
   b. _X_ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. _X_ effective upon the filing of the proof of service of this signed order upon the client.
   b. ___ effective on *(specify date)*:

6. The client's _X_ current  ___ last known  address and telephone number: P.O. Box 21026, San Francisco, CA 94121.

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011(b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*: June 25, 2007, Department 212  San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA 94102.
   b. The hearing will concern *(subject matter)*: Order to Show Cause RE: appearance or defaults of defendants.

# EXHIBIT 11

| **NOTICE TO CLIENT** |
|---|
| You or your new attorney, if any, must prepare for and attend this hearing.    Page 1 of 2 |

**ORDER GRANTING ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Legal Solutions Plus

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362

10310926-1d · 6/6/2007 1:45:45 PM

06/06/07  13:48 FAX 650 968 1627    GAZZERA O'GRADY STEVENS    ☑016

MC–053

| CASE NAME: WARWICK \. CALPAP, ET AL. | CASE NUMBER: CGC-06-455973 |
| --- | --- |

8.  The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each):*

9.  The trial in this action or proceeding:
    a.  [X] is not yet set.
    b.  [ ] is set for *(specify date, time, and place):*

10. Client is hereby notified of the following effects this order may have upon parties.

---

**NOTICE TO CLIENT**

Your present attorney will no longer be representing you. You may not in most cases represent yourself If you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

---

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

---

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

---

13. The court further orders *(specify):* This order shall also be served on attorney Gregory Walston, The Walston Legal Group, 222 Columbus Avenue, Suite 320, San Francisco, CA 94133 and the association of attorneys by and between Ramin Naderi and Gregory Walston in this action is hereby dissolved. Gregory Walston shall be the sole attorney of record herein until further order of this court or voluntary substitution pursuant to C.C.P. SEction 284(1).

Date: ~~June 4~~, June 27, 2007

_____
JUDGE OR JUDICIAL OFFICER
PETER J. BUSCH

10349926 tif  6/6/2007 1 45 45 PM

# EXHIBIT 12

1  RAMIN NADERI SBN# 183001
2  ATTORNEY AT LAW
   P.O. Box 341
3  Belmont, CA 94002
   Telephone:    (650) 654-1767
4  Fax:          (650) 595-3814

5  Attorneys for Plaintiff JOANNE WARWICK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO, UNLIMITED CASE

10

11 JOANNE WARWICK,                    ) Case No.: CGC-06-455973
                                      )
12         Plaintiff,                 ) **PROOF OF SERVICE: ORDER**
                                      ) **GRANTING ATTORNEY'S MOTION TO**
13    vs.                             ) **BE RELIEVED AS COUNSEL—CIVIL**
                                      )
14                                    ) **EXHIBIT 1: COURT ORDER**
                                      )
15 CALIFORNIA PAROLE ADVOCACY         ) **JUDGE/COMMISSIONER:**
   PROGRAM, et al.                    ) **THE HONORABLE ARLENE T. BORICK**
16                                    )
           Defendants                 ) **DEPARTMENT: 212**
17 _____)

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 //

27

28            EXHIBIT 12

---

**JOANNE WARWICK v. CALIFRONIA PAROLE ADVOCACY PROGRAM, ET AL.**
**PROOF OF SERVICE: ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL**
**EXHIBIT 1: COURT ORDER**

FILED
San Francisco County Superior Court
JUL 1 9 2007
GORDON PARK-LI, Clerk
BY_____
Deputy Clerk

*Warwick v. CALPAP, et al.*                                    *Case No.: CGC-06-455973*

1

## PROOF OF SERVICE

2     I am employed in the County of Santa Clara, State of California. I am over the age of 18

years and not a party to the within Action; my business is 1134 West El Camino Real, Mountain

3     View, California 94040.

4

On June 27, 2007, I served the within **ORDER GRANTING ATTORNEY'S**

5     **MOTION TO BE RELIEVED AS COUNSEL** on all interested parties in said action

addressed as follows:

6

7     Gregory S. Walston                          Joanne Warwick
The Walston Legal Group                     P.O. Box 210126

8     222 Columbus Avenue, Suite 320              San Francisco, CA 94121
San Francisco, CA 94133                     Tel: 415-724-3124

9     Tel: 415-956-9200
Fax: 415-956-9205                           Stephen R. Holden

10                                                Holden Law Group

11    Karen L. Donald                             1250 Sutterville Road, Suite 240
Office of the Attorney General              Sacramento, CA 95822

12    Department of Justice                       Tel: 916-455-5915
1515 Clay Street                            Fax: 916-455-5916

13    Oakland, CA 94612
Tel: 510-622-2202

14    Fax: 510-622-2121

15

16    [ X ]  **(BY MAIL)**, By placing a true copy thereof enclosed in a sealed envelope with

postage thereon fully prepaid, in the ordinary course of business for collection and mailing that

17    same day at GAZZERA, O'GRADY & STEVENS, 1134 West El Camino Real, Mountain View,

California 94040. I declare that I am readily familiar with the business practice of GAZZERA,

18    O'GRADY & STEVENS for collection and processing of correspondence for mailing with the

U.S. Postal Service and that the correspondence would be deposited with the U.S. Postal Service

19    that same day in the ordinary course of business.

20    [  ]  **(BY HAND)**, By causing each such envelope to be delivered by hand to the

address(es) noted above.

21    [  ]  **(FEDERAL)**, I am employed in the office of a member of the bar of this Court at

whose direction the service was made.

22    [ X ]  **(BY FACSIMILE ONLY GREGORY S. WALSTON)**, By causing a true copy to

23    be transmitted via facsimile to the address(es) noted above at the FAX number shown.

[  ]  **(BY FEDERAL EXPRESS)**, By placing a true copy enclosed in a sealed envelope

24    for overnight delivery via Federal Express to the address(es) noted above

25

I declare under penalty of perjury under the laws of the State of California and the United

26    States that the above is true and correct. Executed at Santa Clara County, California, on June 27,

2007.

27

28                                              _____
LUCY GONZALES

1

EXHIBIT 1: COURT ORDER

06/06/07  13:48 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑015

MC-053

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): <br> Ramin Naderi SBN# 183001 <br> Attorney at Law <br> P.O. Box 341 <br> P.O. Box 341 <br> Belmont, CA 94002 <br> TELEPHONE NO: (650  654-1767   FAX NO. (Optional)  (650) 595-3814 <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name):  Plaintiff JOANNE WARWICK | FOR COURT USE ONLY <br><br> **ENDORSED** <br> **F I L E D** <br> *San Francisco County Superior Court* <br><br> JUN 27 2007 <br><br> **GORDON PARK-LI, Clerk** <br> BY: MARJORIE SCHWARTZ-SCOTT <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| CASE NAME: WARWICK V. CALPAP, ET AL. | |
| [~~PROPOSED~~]  ORDER GRANTING ATTORNEY'S <br> MOTION TO BE RELIEVED AS COUNSEL—CIVIL | CASE NUMBER: <br> CGC-06-455973 |
| | HEARING DATE: June 27, 2007 <br> DEPT.: 301    TIME: 9:30 a.m. <br> BEFORE HON.: Peter Busch <br> DATE ACTION FILED: 09/07/2006 <br> TRIAL DATE: |

1. The motion of (name of attorney):  Ramin Naderi SBN# 183001
   to be relieved as counsel of record for (name of client):  Plaintiff JOANNE WARWICK
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

**FINDINGS**

3. Attorney has
   a. ____ personally served the client with papers in support of this motion.
   b. [X] served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. [X] effective upon the filing of the proof of service of this signed order upon the client.
   b. ____ effective on (specify date):

6. The client's [X] current    ____ last known    address and telephone number: P.O. Box 21026, San Francisco, CA 94121.

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011(b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for (date, time, and place): June 25, 2007, Department 212  San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA 94102.
   b. The hearing will concern (subject matter): Order to Show Cause RE: appearance or defaults of defendants.

| |
|---|
| **NOTICE TO CLIENT** <br> You or your new attorney, if any, must prepare for and attend this hearing. |

Page 1 of 2

**ORDER GRANTING ATTORNEY'S**
**MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Legal Solutions Plus

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362

06/06/07  13:48 FAX 650 968 1627        GAZZERA O'GRADY STEVENS                    ☑016

MC–053

| CASE NAME: WARWICK \. CALPAP, ET AL. | CASE NUMBER:<br>CGC–06–455973 |
|---|---|

8.  The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each)*:

9.  The trial in this action or proceeding:
   a. ☒ is not yet set.
   b. ☐ is set for *(specify date, time, and place)*:

10.  Client is hereby notified of the following effects this order may have upon parties.

---

### NOTICE TO CLIENT

**Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

11.  Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

12.  Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

13.  The court further orders *(specify)*: This order shall also be served on attorney Gregory Walston, The Walston Legal Group,222 Columbus Avenue, Suite320, San Francisco, CA 94133 and the association of attorneys by and between Ramin Naderi and Gregory Walston in this action is hereby dissolved.  Gregory Walston shall be the sole attorney of record herein until further order of this court or voluntary substitution pursuant to C.C.P. SEction 284(1).

Date: ~~June~~ June27, 2007

_____
JUDGE OR JUDICIAL OFFICER
**PETER J. BUSCH**

MC-053 [Rev. January 1, 2007]            **ORDER GRANTING ATTORNEY'S**                    Page 2 of 2
     **MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

10349926.tif  6/6/2007 1 46 45 PM

# EXHIBIT 13

MC-051

ORIGINAL

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, . . . number, and address)*:
GREGORY S. WALSTON, State Bar No: 196776
JULIE ZHALKOVSKY, State Bar No: 247617
THE WALSTON LEGAL GROUP
222 Columbus Avenue, Suite 320, San Francisco, CA 94133
TELEPHONE NO.: (415) 956-9200    FAX NO.: (415) 956-9205
ATTORNEY FOR *(Name)*:  JOANNE WARWICK

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

SEP 2 5 2007

GORDON PARK-LI, Clerk
BY _____ Mary Ann Morris
Deputy Clerk

NAME OF COURT:  SAN FRANCISCO COUNTY SUPERIOR COURT
STREET ADDRESS:
MAILING ADDRESS:  400 McAllister Street
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Warwick v. California Parole Advocacy Program, et al.,

| | |
|---|---|
| **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CASE NUMBER: CGC-06-455937 |
| | HEARING DATE: 10/16/07 |
| | DEPT.: 301    TIME: 9:30 a.m. |
| | BEFORE HON.: Peter J. Busch |
| | DATE ACTION FILED: 9/7/06 |
| | TRIAL DATE: |

TO *(name and address of client)*: Joanne Warwick
      3109 Grand Avenue, #411, Miami, Florida 33133

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney)*: Gregory S. Walston, THE WALSTON LEGAL GROUP moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| a. | Date: 10/16/07 | Time: 9:30 a.m. | Dept.: 301 | Room: |
|---|---|---|---|---|

   b.  The address of the court:  [✔] same as noted above  [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify)*:

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is

  a.  [✔] an individual.
  b.  [ ] a corporation.
  c.  [ ] a partnership.
  d.  [ ] an unincorporated association.
  e.  [ ] a guardian.
  f.  [ ] a conservator.

  g.  [ ] a trustee.
  h.  [ ] a personal representative.
  i.  [ ] a probate fiduciary.
  j.  [ ] a guardian ad litem.
  k.  [ ] other *(specify)*:

# EXHIBIT 13

*(Continued on reverse)*

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2007]

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

MC–051

| CASE NAME: | CASE NUMBER: |
|---|---|
| — Warwick v. California Parole Advocacy Program, et al., | CGC-06-455937 |

---

### NOTICE TO CLIENT

**If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have an attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

Date: September 24, 2007

Gregory S. Walston
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

Attorney for *(name)*:

---

MC–052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**GREGORY S. WALSTON**, State Bar No: 196776
**JULIE ZHALKOVSKY**, State Bar No: 247617
**THE WALSTON LEGAL GROUP**
222 Columbus Avenue, Suite 320, San Francisco, CA 94133
TELEPHONE NO.: (415) 956-9200     FAX NO.: (415) 956-9205
ATTORNEY FOR *(Name):* JOANNE WARWICK

**F I L E D**
San Francisco County Superior Court

SEP 2 5 2007

GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

| NAME OF COURT: SAN FRANCISCO COUNTY SUPERIOR COURT |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: 400 McAllister Street |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: |

| CASE NAME: Warwick v. California Parole Advocacy Program, et al., | CASE NUMBER: CGC-06-455037  973 |
|---|---|

| **DECLARATION IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: 10/16/07 |
|---|---|
| | DEPT.: 301    TIME: 9:30 a.m. |
| | BEFORE HON.: Peter J. Busch |
| | DATE ACTION FILED: 9/7/06 |
| | TRIAL DATE: |

1. **Attorney and Represented Party.** Attorney *(name):* Gregory S. Walston, THE WALSTON LEGAL GROUP
is presently counsel of record for *(name of party):* JOANNE WARWICK
in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1) for the following reasons *(describe):*

The original counsel of record, Ramin Naderi, withdrew on June 27, 2007. At the time of Mr. Naderi's withdrawal as counsel of record, he misrepresented to the Court that I agreed to step in as counsel of record for Ms. Warwick. This was not true. I did not agree to represent Ms. Warwick at any point and was only informed that I was counsel of record when I was served with notice to that effect by the court. I do not have a signed retainer agreement with Ms. Warwick. Since I was notified of my status as counsel of record in this matter, I have tried to obtain a signed retainer agreement from Ms. Warwick, but have not been successful in so doing. She refuses to sign the agreement, pay fees, or do anything to secure my representation. I am in an untenable position of serving as Counsel of Record without a fee or even a retainer agreement. For this reason I ask the Court to be relieved as counsel.

☐ Continued on Attachment 2.

3. **Service**
   a. **Attorney has**
      (1) ☐ personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service will be filed with the court at least 5 days before the hearing.
      (2) ☑ served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. **If the client has been served by mail at the client's last known address, attorney has**
      (1) ☑ confirmed within the past 30 days that the address is current
         (a) ☐ by mail, return receipt requested.
         (b) ☑ by telephone.
         (c) ☐ by conversation.
         (d) ☐ by other means *(specify):*

*(Continued on reverse)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–052

| CASE NAME:<br>Warwick v. California Parole Advocacy Program, et al., | CASE NUMBER:<br>CGC-06-455937 |
|---|---|

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

    (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

    (b) ☐ calling the client's last known telephone number or numbers.

    (c) ☐ contacting persons familiar with the client *(specify):*

    (d) ☐ conducting a search *(describe):*

    (e) ☐ other *(specify):*

  c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record *(explain):*

    Because I did not agree to serve as Counsel of Record in the first instance, and am now in the untenable position of working without a fee or retainer agreement because Ms. Warwick refuses to sign a contract.

4. The next hearing scheduled in this action or proceeding
  a. ☐ is not yet set.
  b. ☑ is set as follows *(specify the date, time, and place):*
    Order to Show Cause Hearing - October 9, 2007, 1:30 p.m., Dept 212
  c. ☐ concerns *(describe the subject matter of the hearing):*

☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case *(for each, describe the date, time, place, and subject matter):*

    None.

☐ Continued on Attachment 5.

6. Trial in this action or proceeding
  a. ☑ is not yet set.
  b. ☐ is set as follows *(specify the date, time, and place):*

7. **Other.** Other matters that the court should consider in determining whether to grant this motion are the following *(explain):*

    I did not agree to act as Attorney of Record in the first instance and was only appointed as such due to the misrepresentation of Ms. Warwick's previous attorney. Now, I cannot locate Ms. Warwick in order to have her sign a retainer agreement or to negotiate my fee. Moreover, because I cannot locate her, she cannot assist me in maintaining this action. I do not even have Ms. Warwick's file.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: September 24, 2007

Gregory S. Walston
_____
(TYPE OR PRINT NAME)

▶ _____
           (SIGNATURE OF DECLARANT)

8. Number of pages attached: _____

**DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

# EXHIBIT 14

Gregory Walston, State Bar No. 196776

The Walston Legal Group

222 Columbus Avenue, Suite 320

San Francisco, California 94133

**F I L E D**

San Francisco County Superior Court

OCT 1 0 2007

GORDON PARK-LI, Clerk

BY _____

Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

|  |  |
|---|---|
| JOANNE WARWICK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA PAROLE ADVOCACY<br>PROGRAM, et al.<br><br>　　　　　Defendants. | Case No. CGC –06-455973<br><br><br>**Plaintiff's Opposition to Attorney's<br>Motion to be Relieved as Counsel and<br>Notice of Plaintiff's Address**<br><br>Judge Busch<br>Oct. 16, 9:30 am. |

<u>Opposition to Attorney's Motion to be Relieved as Counsel</u>

Plaintiff Joanne Warwick hereby opposes the Motion to be Relieved as Counsel filed by

Attorney Greg Walston.  Mr. Walston did agree to work on this case with Mr. Ramin

Naderi.  I gave Mr. Walston $2000.00 and I agreed to work and did do work for the

Walston Legal Group on other matters in exchange for Mr. Walston's work on my case.

# EXHIBIT 14

Unfortunately, I have had difficulty communicating with Mr. Walston.  I have repeatedly asked Mr. Walston for a complete accounting of the hours he has worked on my case and how he spent the $2000.00.  I have also repeatedly asked Mr. Walston to please explain to me what service of process was made on the defendants, given the Order to Show Cause that issued in this case and given that Mr. Walston filed a Case Management Conference statement on January 31, 2007 in which he stated that all parties had been served.  To this date, I do not have a complete accounting of the hours and money spent and I have not received an explanation as to what service of process has been done.  I do not understand why in Mr. Walston's Declaration in Support of Attorney's Motion to be Relieved as Counsel in point number 7, page 2, he stated that he cannot locate me, when he has my telephone number, my e-mail address, and my street address.

Notice is hereby given this Court of my address and contact information:

Joanne Warwick

3109 Grand Ave. #411

Miami, Florida 33133

Tel.: 415-724-3124

E-mail:  warwick_joanne@yahoo.com

Respectfully submitted:

Joanne Warwick                    October 9, 2007
Joanne Warwick

PROOF OF SERVICE

Case No. CGC-06-455973

I reside in the City of Oakland, County of Alameda, State of California. I am over the age of 18 years and not a party to the within action; my address is 6351 Brookside Ave., Oakland, California 94618.

On October 9, 2007, I SERVED the original and two copies of:

PLAINTIFF'S OPPOSITION TO ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL on the Superior Court of California County of San Francisco by ~~delivering them to:~~ placing them in an envelope and depositing it in U.S. mail addressed to; W.T.

Superior Court of California County of San Francisco
400 McAllister Street
San Francisco, California 94102,

and served a copy of the same on Gregory Walston by placing it in an envelope and depositing it U.S. mail. That envelope was addressed to:

Gregory Walston
Walston Legal Group
222 Columbus Avenue, Suite 320
San Francisco, California 94133

Executed this October 9, 2007, in San Francisco, California.

Willie Thompson
6351 Brookside Ave.
Oakland, California 94618

# EXHIBIT 15

MC–051

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*<br>Gregory S. Walston, State Bar No. 196776<br>THE WALSTON LEGAL GROUP<br>222 Columbus Avenue, Suite 320<br>San Francisco, California 94133<br>TELEPHONE NO.: (415) 956-9200    FAX NO.: (415) 956-9205<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br><br>**FILED**<br>San Francisco County Superior Court<br><br>NOV 1 5 2007<br><br>GORDON PARK-LI, Clerk<br>BY:<br>Deputy Clerk |
| NAME OF COURT: San Francisco Superior Court<br>STREET ADDRESS: 400 McAllister St.<br>MAILING ADDRESS: 400 McAllister St.<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: Civic Center Courthouse | |
| CASE NAME:<br>Warwick v. Calif. Parole Advocacy Program | CASE NUMBER:<br>CGC-06-455973 |
| **NOTICE OF MOTION AND MOTION**<br>**TO BE RELIEVED AS**<br>**COUNSEL—CIVIL** | HEARING DATE: December 15, 2007<br>DEPT.: 301    TIME: 9:30 a.m.<br>BEFORE HON.: Busch<br>DATE ACTION FILED: Sept. 7, 2006<br>TRIAL DATE: None |

TO *(name and address of client):* JOANNE WARWICK

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney):* Gregory S. Walston
   moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting
   the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

   | | | | | |
   |---|---|---|---|---|
   | a.   Date: December ~~15~~ 17 | Time: 9:30 a.m. | | Dept.: 301 | Room: |

   b. The address of the court: ☑ same as noted above   ☐ other *(specify):*

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and
   the following additional documents or evidence *(specify):*

   Plaintiff Joanne Warwick refuses to sign a legal services agreement, which is required for the undersigned
   to represent her under Bus. & Prof. Code § 6148. Further explanation is provided in the Declaration of
   Gregory S. Walston for this court's consideration in camera.

   *(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
   a. ☑ an individual.
   b. ☐ a corporation.
   c. ☐ a partnership.
   d. ☐ an unincorporated association.
   e. ☐ a guardian.
   f. ☐ a conservator.
   g. ☐ a trustee.
   h. ☐ a personal representative.
   i. ☐ a probate fiduciary.
   j. ☐ a guardian ad litem.
   k. ☐ other *(specify):*

**EXHIBIT 15**

*(Continued on reverse)*

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
MC-051 [Rev. January 1, 2007]

**NOTICE OF MOTION AND MOTION**<br>
**TO BE RELIEVED AS COUNSEL—CIVIL**

American LegalNet, Inc.<br>
www.FormsWorkflow.com

Code of Civil Procedure , § 284;<br>
Cal. Rules of Court, rule 3.1362<br>
www.courtinfo.ca.gov

Page 1 of 2

**MC–051**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Warwick v. Calif. Parole Advocacy Program | CGC-06-455973 |

---

### NOTICE TO CLIENT

**If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

Date:  November 15, 2007

Gregory S. Walston
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY)

Attorney for *(name)*:  Plaintiff

---

PROOF OF SERVICE BY MAIL

I am employed in the City and County of San Francisco, California. I am over the age of 18 and not a party to this action. My business address is 222 Columbus Ave., Suite 320, San Francisco, California 94133. On November 1\5, 2007, I served the following document(s):

MOTION TO BE RELIEVED AS COUNSEL; DECLARATION IN SUPPORT

on the interested parties in this action by placing true copies thereof in sealed envelope(s) addressed as stated on the following mailing list:

> JOANNE WARWICK
> 3901 Grande Avenue, # 411
> Miami, FL 33133

I caused such envelopes, with postage fully prepaid thereon, to be placed in the United States Mail in San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge. Executed November 15, 2007 in San Francisco, California.



# EXHIBIT 16

DEC 1 4 2007

Gregory Walston, State Bar No. 196776

The Walston Legal Group

222 Columbus Avenue, Suite 320

San Francisco, California  94133

**F I L E D**  DEC 0 3 2007
San Francisco County Superior Court

DEC 1 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOANNE WARWICK,<br><br>              **Plaintiff,**<br><br><br>v.<br><br>**CALIFORNIA PAROLE ADVOCACY<br>PROGRAM, et al.**<br><br>              **Defendants.** | Case No.  CGC –06-455973<br><br>*denying*<br>Order ~~Dismissing~~ Attorney's Motion to  *ak*<br>Be Relieved as Counsel Without<br>Prejudice ~~(Proposed Order)~~<br><br><br>Judge:  Peter Busch<br><br>Date: October 16, 2007, 9:30 am<br><br>Dept. 301 |

**ORDER**

*denied* *ak*

Attorney Greg Walston's Motion to be Relieved as Counsel is ~~dismissed~~ without prejudice.   It is so ordered.

DEC 1 1 2007
_____                    _____

**Date**                                   *ak*Judge Peter Busch
                                           JUDGE OF THE SUPERIOR COURT

# EXHIBIT 16

# EXHIBIT 17

Gregory Walston, State Bar No. 196776

The Walston Legal Group

222 Columbus Avenue, Suite 320

San Francisco, California 94133

Attorney for Plaintiff



FILED
San Francisco County Superior Court
DEC 1 4 2007
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOANNE WARWICK,<br><br>Plaintiff,<br><br><br>v.<br><br>CALIFORNIA PAROLE<br>ADVOCACY PROGRAM, et al.<br><br>Defendants. | Case No. CGC –06-455973<br><br>**Plaintiff's Opposition to<br>Attorney's Motion to be Relieved<br>as Counsel and Notice of Plaintiff's<br>Address**<br><br>Judge: Peter Busch<br><br>Dept. 301<br><br>December 17, 9:30 am |

<u>Opposition to Attorney's Motion to be Relieved as Counsel</u>

Plaintiff and Client in this action apologizes to the Court for her untimely response to this motion. Plaintiff has moved since the last hearing and for that reason did not receive Attorney's motion until last week. Unfortunately, this week Plaintiff was



EXHIBIT 17

not feeling well and was advised by a doctor to rest. See Exhibit A, note from Dr. Pindy Wong. However, Plaintiff does not want to postpone the hearing set for December 17, 2007 at 9:30am in Department 301, and so she makes this response with a request for leave to amend the response after the hearing to set the record straight (regarding statements made by Mr. Walston), and hereby expresses her opposition to Attorney's motion.

Attorney Walston has asked to be relieved of counsel on the basis of failure to comply with Business and Professions Code (Bus. & Prof. Code) Section 6148, because he has no signed written retainer with Plaintiff, in other words failure to comply with Bus. & Prof. Code 6148(a). However, this is not a reason for withdrawal under California Rules of Professional Conduct 3-700, not under the provisions for mandatory withdrawal or permissive withdrawal. See California Rules of Professional Conduct 3-700 Termination of Employment.

Assuming arguendo that Attorney Walston argues that failure to comply with Bus.& Prof. Code 6148 (a) is good cause to be relieved of counsel under CRPC 3-700 (c)(6), his argument still fails because failure to comply with any provision of Bus. & Prof. Code 6148 makes the agreement voidable at the option of the client, not the attorney. See Bus. & Prof. Code 6148 (c). In addition, Mr. Walston should not be permitted to fail to comply with Bus. & Prof. Code 6148 (b) regarding responding to a client's reasonable requests for a complete and accurate accounting, and then argue that failure to comply with subsection (a) of that section is grounds for filing a motion to be relieved as counsel.

In addition, Mr. Walston has made representations to the Court that he never accepted Plaintiff as a client (see first motion pg.1, point 2, filed September 24, 2007) and that he thought he was being hired by Mr. Naderi as a consultant, when he did in fact accept Plaintiff as a client and did work for her even though Attorney Walston and Plaintiff/Client Warwick did not have a written legal services contract. Further, Mr. Walston claimed in the present motion that he never received any further compensation from Plaintiff other than $2000.00 that he mischaracterizes as a non-refundable retainer. Mr. Walston neglects to point out that Plaintiff/Client Ms. Warwick did work for Mr. Walston as further compensation for his services. Mr. Walston did not complain about not having a written legal services agreement then. So he should not be permitted to now argue that failure to comply with Bus. & Prof. Code 6148(a) is good cause for withdrawal given that subsection (c) makes the agreement voidable at the option of the client, not the attorney, and given Mr. Walston's misrepresentations as to the nature of the attorney client relationship to begin with. At hearing, Plaintiff/Client will bring a copy of Legal Services Agreement, drafted by Mr. Walston, which shows a proposed retainer agreement with Ms. Warwick as the client.

Regardless of whether the Court finds good cause to permit Mr. Walston's withdrawal, under CRPC 3-700 (A)(2), an attorney cannot withdraw without taking reasonable steps to avoid foreseeable prejudice to the rights of the client. Here, Attorney Walston must comply with CRPC 3-500 Communication and Bus. & Prof. Code 6068(m) by responding to Plaintiff/Client's reasonable status inquiries regarding her case, especially regarding service of process on her defendants, among other reasonable requests, so not to leave her prejudiced in the face of her upcoming Order to Show Cause

hearing set for January 7, 2008 at 1:30PM. Mr. Walston may claim that he never agreed to do service of process on Plaintiff's defendants, but in that case, Plaintiff asks that Mr. Walston please explain why his office contracted with Aggressive Process Serving in Sacramento to serve some of Plaintiff's defendants in Sacramento.

In conclusion, Mr. Walston has not alleged a proper basis to be relieved of counsel, and in any case, Mr. Walston cannot terminate his employment as counsel without first taking reasonable steps to avoid foreseeable prejudice to Plaintiff/Client in her upcoming Order to Show Cause hearing set for January 7, 2008 and otherwise, by responding to Plaintiff/Client's reasonable requests for status inquiries regarding her case.

Plaintiff hereby gives notice of her current address in California:

Joanne Warwick

1390 N. McDowell Blvd. G-169

Petaluma, California 94954

Plaintiff again apologizes for the delay in this response, and apologizes for any inconvenience this may have caused the Court. Plaintiff will bring a proposed order to the hearing on Monday, December 17, 2007.

Respectfully submitted,

*Joanne Warwick*                    *Dec 14, 2007*

Joanne Warwick                    December 14, 2007

# EXHIBIT A



杏林醫館
# Almond Grove
Traditional Chinese Medicine & Acupuncture

**Pindy Wong,** Ph. D., L. Ac.  王淑萍中醫針灸醫師
Herbalist & Acupuncturist  東方醫學博士
Licence No. AC 5584   Tax ID number 94-2919230

12-12-07

To whom it might Concern.

Joanne Warwick is under my medical care. I recoment her to rest from her job for a week from today. Please excuse her absence. Thank you for your kindness.

Pindy Woy
Dr. Pindy Wong

1301 Eastman Lane, Petaluma, CA 94952   (707)763-7442  Fax (707)782-9628

## PROOF OF SERVICE

I am a citizen of the United States and reside in the City and County of San Francisco. I am over the age of eighteen years and not a party to the within above-entitled action. My address is 439A Broderick, San Francisco, California 94117.

On the date indicated below, I served the within copy of Plaintiff's Opposition to Attorney's Motion to be Relieved as Counsel and Notice of Plaintiff's Address (Case No. CGC 06-455973) plus two copies of the same on the Court in this action by serving them on:

> Superior Court of California for the City and County of San Francisco
> Attn: Judge Peter Busch, Dept. 301
> 400 McAllister
> San Francisco, California 94102

Furthermore, I served a copy of the same on Attorney Greg Walston by taking it to:

The Walston Legal Group
222 Columbus Avenue, Suite 320
San Francisco, CA 94133

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 14, 2007 at San Francisco, California.

Beverly Mickens

# EXHIBIT 18

1
Gregory S. Walston, State Bar No. 196776

2
THE WALSTON LEGAL GROUP
A Professional Corporation

3
222 Columbus Avenue, Suite 320
San Francisco, California 94133

4
Telephone: (415) 956-9200
Facsimile: (415) 956-9205

5
ATTORNEYS FOR PLAINTIFF

**F I L E D**
Superior Court of California
County of San Francisco

FEB 0 5 2008

GORDON PARK-LI, Clerk
BY: _____
M.A. MORAN
Deputy Clerk

6

7
SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

8

9
JOANNE WARWICK,

Case No. CGC-06-455973

10
Plaintiff,

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

11
v.

12

13
CALIFORNIA PAROLE ADVOCACY
PROGRAM, et al

Date: February 17, 2008
Time: 1:30 p.m.
Dept.: 212

14
Defendants.

15

16
Plaintiff responds to this Court's Order to Show Cause as follows:

17
**DECLARATION OF GREGORY S. WALSTON**

18
I, Gregory S. Walston, declare as follows:

19
1.      I am an attorney licensed to practice before all California state courts, the United

20
States District Courts for the Northern and Eastern Districts of California, the United States Court

21
of Appeals for the Ninth Circuit, and the Supreme Court of the United States.  I am presently

22
employed as a partner in The Walston Legal Group, P.C., and, in that capacity, I represent plaintiff

23
Joanne in this action.

24
2.      Due to my client's non-cooperation in the execution of her fee agreement, the Court

25
has relieved me as counsel effective at the conclusion of this order to show cause hearing.

26
Regrettably, I no longer have the file in my office, and it has been returned to the client, Ms.

27
Warwick.  Accordingly, I have no first-hand knowledge of which defendants have been served.

28

THE WALSTON LEGAL GROUP
A Professional Corporation

**EXHIBIT 18**

- 1 -

Warwick v. California Parole Advocacy Program, et al.

1   On information and belief, all defendants have either been served or informally waived service.

2   However, no defendant has answered or otherwise responded to the complaint because Ms.

3   Warwick has not yet decided whether to proceed on the operative complaint or amend her

4   complaint.

5       3.      It is my suggestion that the Court continue this order to show cause 60 days so that

6   Ms. Warwick, now pro per, can decide what to do with this case and whether to proceed on the

7   operative complaint.  If she chooses to proceed on the operative complaint, she should

8   communicate that to defendants, who should file a responsive pleading within a reasonable time.

9   60 days should be more than enough time to complete this process, or to take a default if

10  necessary.

11      I declare under penalty of perjury that the foregoing is true and correct and based on my

12  personal knowledge, that I am competent to testify as a witness, and that I would so testify if

13  called as a witness.  Executed on February 1, 2008 in San Francisco, California.

14

15  _____
    Gregory S. Walston

16

17

18

19

20

21

22

23

24

25

26

27

28

THE WALSTON LEGAL GROUP
A Professional Corporation

Warwick v. California Parole Advocacy Program, et al.

1

## PROOF OF SERVICE BY MAIL

2
3
4
5

    I am employed in the City and County of San Francisco, California.  I am over the age of 18 and not a party to this action.  My business address is 222 Columbus Ave., Suite 408, San Francisco, California 94133.  On February 1, 2008, I served the following document described as:

6

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

7
8

on the interested parties in this action by placing true copies thereof in sealed envelope(s) addressed as stated on the following mailing list:

9
10
11

    Joanne Warwick
    P.O. Box 210126
    San Francisco, CA 94121

12
13

    I caused such envelopes, with postage fully prepaid thereon, to be placed in the United States Mail in San Francisco, California.

14
15

    I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge.  Executed February 1, 2008 in San Francisco, California.

16
17
18

_____

19
20
21
22
23
24
25
26
27
28

# EXHIBIT 19

MAR 1 0 2008

MC–053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Gregory S. Walston, State Bar No. 196776
222 Columbus Ave, Suite 420
San Francisco, CA 94133

TELEPHONE NO.: (415) 956-9200    FAX NO. *(Optional)*: (415) 956-9205
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff - Joanne Warwick

**F I L E D**
San Francisco County Superior Court

MAR - 6 2008

**GORDON PARK-LI, Clerk**
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| CASE NAME: | |
|---|---|
| Warwick v. CalPAP, et al. | |

| | CASE NUMBER: |
|---|---|
| **ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | CGC-06-455973 |
| | HEARING DATE: Dec. 17, 2007 |
| | DEPT.: 301    TIME: 9:30 a.m. |
| | BEFORE HON.: Peter Busch |
| | DATE ACTION FILED: Sept. 7, 2006 |
| | TRIAL DATE: None |

1. The motion of *(name of attorney)*:  Gregory S. Walston
   to be relieved as counsel of record for *(name of client)*:  Joanne Warwick
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

   Gregory S. Walston
   Joanne Warwick

**FINDINGS**

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☑ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☑ effective on *(specify date)*: January 7, 2008
6. The client's ☐ current ☑ last known   address and telephone number:

   1390 N. McDowell Blvd., G-169
   Petaluma, CA 94954

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*:

   b. The hearing will concern *(subject matter)*:    **EXHIBIT 19**

| **NOTICE TO CLIENT** |
|---|
| You or your new attorney, if any, must prepare for and attend this hearing. |
| Page 1 of 2 |

| Form Adopted for Mandatory Use Judicial Council of California MC-053 [Rev. January 1, 2007] | **ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | Code of Civil Procedure, § 284; Cal. Rules of Court, rule 3.1362 *www.courtinfo.ca.gov* |
|---|---|---|
| | | American LegalNet, Inc. www.FormsWorkflow.com |

MC–053

| CASE NAME: | CASE NUMBER: |
|---|---|
| Warwick v. CalPAP, et al. | CGC-06-455973 |

8.  The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each)*:

9.  The trial in this action or proceeding:
    a. ☑ is not yet set.
    b. ☐ is set for *(specify date, time, and place)*:

10. Client is hereby notified of the following effects this order may have upon parties.

> **NOTICE TO CLIENT**
>
> **Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**
>
> - A guardian
> - A conservator
> - A trustee
> - A personal representative
> - A probate fiduciary
> - A corporation
> - A guardian ad litem
> - An unincorporated association
>
> **If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

> **NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**
> **You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

> **NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**
> **The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

13. The court further orders *(specify)*:

Date: **MAR 0 5 2008**

*Paul H. Alvarado*
JUDGE OR JUDICIAL OFFICER

**PAUL H. ALVARADO**

**ORDER GRANTING ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

# EXHIBIT 20

1  GREGORY S. WALSTON, State Bar No. 196776
   ORESTES A. CROSS, State Bar No. 250471
2  THE WALSTON LEGAL GROUP
   222 Columbus Avenue, Suite 420
3  San Francisco, California 94133
   Telephone: (415) 956-9200
4  Facsimile: (415) 956-9205
   Email: gwalston@walstonlaw.com
5
   ATTORNEYS FOR PLAINTIFF
6  GORDON L. SLOAN



7

8              SUPERIOR COURT OF CALIFORNIA
            CITY AND COUNTY OF SAN FRANCISCO

9

10  JOANNE WARWICK,                    Case No. CGC-06-455973

11            Plaintiff,               **RESPONSE TO ORDER TO SHOW
                                       CAUSE**
12      v.
                                       Date:  March 20, 2008
13  CALIFORNIA PAROLE ADVOCACY          Time:  10:30 a.m.
    PROGRAM, et al.                     Dept:  212
14            Defendants

15

16

17  I, Gregory S. Walston, declare as follows:

18       (1)    I am an attorney licensed to practice in all state courts in California, the United

19  States District Courts for the Northern and Eastern District of California, the United States Court

20  of Appeal for the Ninth Circuit and the Supreme Court of the United States.  I am presently the

21  principle attorney of The Walston Legal Group, P.C. and in that capacity was retained by plaintiff

22  in this matter.

23       (2)    On or about December 17, 2007 an Order was granted relieving me as counsel in

24  this matter.  Between December 17, 2007 and January 31, 2008 we attempted to confer with the

25  plaintiff to obtain her signature approving the proposed order as to form.  Because we were not

26  able to contact plaintiff due to the lack of current contact information, we sent a proposed order to

27  the court on January 31, 2008.

28                 **EXHIBIT 20**

THE WALSTON LEGAL GROUP
A Professional Corporation

- 1 -

1

(3)    The court subsequently requested that we lodge a proposed in the form of the

2    appropriate California Judicial Counsel form, which we did on February 26, 2008.  Please see

3    attached form.

4        I declare under penalty of perjury that the forgoing is true and correct and based on my

5    personal knowledge, that I am competent  to testify as a witness, and that if called as a witness I

6    would so testify.  Executed March 11, 2008, San Francisco, California.

7

8                                                        Gregory S. Walston

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE WALSTON LEGAL GROUP
A Professional Corporation

EXHIBIT

MC-053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Gregory S. Walston, State Bar No. 196776<br>222 Columbus Ave, Suite 420<br>San Francisco, CA 94133 | |

TELEPHONE NO.: (415) 956-9200    FAX NO. *(Optional)*: (415) 956-9205
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff - Joanne Warwick

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| CASE NAME:<br>Warwick v. CalPAP, et al. | |
|---|---|

| | CASE NUMBER:<br>CGC-06-455973 |
|---|---|
| **ORDER GRANTING ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: Dec. 17, 2007<br>DEPT.: 301    TIME: 9:30 a.m.<br>BEFORE HON.: Peter Busch<br>DATE ACTION FILED: Sept. 7, 2006<br>TRIAL DATE: None |

1. The motion of *(name of attorney)*: Gregory S. Walston
   to be relieved as counsel of record for *(name of client)*: Joanne Warwick
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

   Gregory S. Walston
   Joanne Warwick

### FINDINGS

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☑ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

### ORDER

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☑ effective on *(specify date)*: January 7, 2008

6. The client's ☐ current ☑ last known   address and telephone number:

   1390 N. McDowell Blvd., G-169
   Petaluma, CA 94954

   If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*:

   b. The hearing will concern *(subject matter)*:

---

**NOTICE TO CLIENT**
You or your new attorney, if any, must prepare for and attend this hearing.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-053 [Rev. January 1, 2007] | **ORDER GRANTING ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | Code of Civil Procedure., § 284;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

EXHIBIT

MC–053

| CASE NAME: | CASE NUMBER: |
|---|---|
| Warwick v. CalPAP, et al. | CGC-06-455973 |

8. The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each):*

9. The trial in this action or proceeding:
   a. [✓] is not yet set.
   b. [ ] is set for *(specify date, time, and place):*

10. Client is hereby notified of the following effects this order may have upon parties.

---

### NOTICE TO CLIENT

**Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

---

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

---

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

**The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

---

13. The court further orders *(specify):*

Date: _____

_____
JUDGE OR JUDICIAL OFFICER

**ORDER GRANTING ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

## PROOF OF SERVICE BY MAIL

I am employed in the City and County of San Francisco, California. I am over the age of 18 and not a party to this action. My business address is 222 Columbus Ave., Suite 420, San Francisco, California 94133. On March 12, 2008, I served the following document(s):

### RESPONSE TO ORDER TO SHOW CAUSE

on the interested parties in this action by placing true copies thereof in sealed envelope(s) addressed as stated on the following mailing list:

> Joanne Warwick
> 1390 N. McDowell Blvd., G-169
> Petaluma, CA 94954

I caused such envelopes, with postage fully prepaid thereon, to be placed in the United States Mail in San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge. Executed March 12, 2008 in San Francisco, California.

- 3 -

# EXHIBIT 21

Gregory Walston, State Bar No. 196776

The Walston Legal Group

222 Columbus Avenue, Suite 320

San Francisco, California 94133



**FILED**
San Francisco County Superior Court
MAR 1 8 2008
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOANNE WARWICK, | Case No. CGC –06-455973 |
| Plaintiff, | |
| | **PLAINTIFF'S REQUEST TO PRESENT ORAL TESTIMONY AT ORDER TO SHOW CAUSE HEARING on MARCH 20, 2008** |
| v. | Judge: Arlene Borick |
| CALIFORNIA PAROLE | Dept. 212 |
| ADVOCACY PROGRAM, et al. | March 20, 2008, 10:30 am |
| Defendants. | |

Plaintiff's Request to Present Oral Testimony at Order to Show Cause Hearing

Because Plaintiff Warwick was the opposing party re: the Motion to be Relieved

as Counsel filed by Attorney Greg Walston, Plaintiff respectfully seeks permission to

introduce oral evidence to the Court in the upcoming Order to Show Cause Hearing for

Failure to File Proof of Service of Order Granting Motion to Withdraw set for March 20,

2008. The nature and extent of the evidence to be introduced will be to inform the Court

# EXHIBIT 21

1 of 3

that Mr. Walston has misrepresented to his claimed inability to contact Plaintiff. In addition, if the Court's calendar permits, Plaintiff will introduce testimony regarding other misrepresentations that Mr. Walston has made to the Court, including but not limited to Mr. Walston's claims previously that he had never accepted me as a client, that he was only informed that he was counsel of record when he was served with notice to that effect by the Court, that he never received any compensation from me other than $2000.00 that he mischaracterized as a non-refundable retainer, and that he could not locate me previously (in his Motion to Be Relieved as Counsel dated September 24, 2007.) I estimate that I can present this information in approximately five minutes or less.

It is true that between December 17, 2007 and January 31, 2008 that Attorney Walston attempted to confer with me to obtain my signature approving the proposed order as to form. On Tuesday, December 18, 2008, Ms. Janie Ros of the Walston Legal Group sent me a proposed order via e-mail with a request to please review it, sign and fax it back. On December 20, 2007, I faxed a one-page response to Mr. Walston at 415-956-9205 in which I stated, "Dear Greg, I disapprove of your proposed order sent by e-mail by Janie Ros. I disapprove of your proposed order because it does not comply with the Judge's order in that you failed to state in the order that you are relieved after the OSC in Dept. 212 currently set for January 7, 2008. I am having some computer/internet problems and will not have internet access from Dec. 21-26. So, please call me at 415-724-3124. or 415-847-9870. Thank you, Joanne Warwick." In addition, on that day, I called his office and left several messages to notify Mr. Walston of my objection to his proposed order.

In Plaintiff's Opposition to Attorney's Motion to be Relieved as Counsel and Notice of Plaintiff's Address that I filed with the Court and had served on Mr. Walston on December 14, 2007, I gave Mr. Walston my current address. If Mr. Walston sent the revised proposed order to my current address in Petaluma, I never received it by mail. However, I did receive it subsequently on March 10, 2008 via e-mail from Michael Burns of Mr. Walston's office.

In conclusion, I respectfully request to present testimony at the Order to Show Cause Hearing set for March 20, 2008.   I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge, that I am competent to testify as a witness, and that if called as a witness I would so testify.  Executed March 17, 2008, Petaluma, California.

Respectfully submitted,


Joanne Warwick                    March 17, 2008

## PROOF OF SERVICE

I am a citizen of the United States and reside in the City and County of San Francisco. I am over the age of eighteen years and not a party to the within above-entitled action. My address is 439A Broderick Street, San Francisco, California 94117.

On the date indicated below, I served the original Plaintiff's Request to Present Oral Testimony at Order to Show Cause Hearing on March 20, 2008 (Case No. CGC 06-455973) plus two copies of the same on the Court in this action by placing them in an addressed stamped envelope and depositing it in the United States mail. The envelope was addressed to:

    Superior Court of California for the City and County of San Francisco
    Attn: Judge Arlene Borick, Dept. 212
    400 McAllister
    San Francisco, California 94102

Furthermore, on the date indicated below, I served a copy of the same on Attorney Greg Walston by placing it in an addressed stamped envelope and depositing it in the United States mail. The envelope was addressed to:

Gregory Walston
The Walston Legal Group
222 Columbus Avenue, Suite 320
San Francisco, CA 94133

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 17, 2008 at San Francisco, California.

Beverly Mickens

# EXHIBIT 22

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| JOANNE WARWICK | **Pretrial Department 212** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| | |
| VS. | **NO. CGC-06-455973** |
| | |
| CALIFORNIA PAROLE ADVOCACY PROGRAM | |
| A BUSINESS et al | **Order To Show Cause** |
| | |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on MAY-27-2008 at 1:30 PM, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: MAR-20-2008                    ARLENE T. BORICK
                                      _____
                                      JUDGE/COMMISSIONER

# EXHIBIT 22

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-20-2008 I served the foregoing Order To Show Cause on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA  94102-4514 pursuant to standard court practice.

Dated :  MAR-20-2008                     By: DAVID YUEN

JOANNE WARWICK
1390 N. MCDOWELL BLVD., G-169
PETALUMA, CA  94954

JOANNE WARWICK
1390 N. MCDOWELL BLVD., G-169
PETALUMA, CA  94954

CERTIFICATE OF SERVICE BY MAIL
Form 000001

PROOF OF SERVICE

Case No. CGC-06-455973

I reside in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my address is 825 Hayes, San Francisco, California, 94117.

On March 25, 2008, I served a copy of the Order to Show Cause on the University of the Pacific, McGeorge School of Law/CalPAP and other defendants he may be accepting service for by placing a copy in an envelope and depositing it in U.S. mail.  The envelope was addressed to:

Stephen Holden
Holden Law Group
1234 High Street
Auburn , CA  95603

I also on the above date served a copy of the same on the California Department of Corrections & Rehabilitation/Board of Parole Hearings and other defendants she may be accepting service for by placing a copy in an envelope and depositing it in the U.S. mail.  The envelope was addressed to:

Karen Donald
Department of Justice
1515 Clay St.
Oakland, CA  94612

Executed this March 25, 2008 in San Francisco, California.

Jim Dorenkott

# EXHIBIT 23

ORIGINAL

THE WALSTON LEGAL GROUP
A Professional Corporation

1   Gregory S. Walston, State Bar No. 196776
2   THE WALSTON LEGAL GROUP
    A Professional Corporation
3   222 Columbus Avenue, Suite 320
    San Francisco, California 94133
4   Telephone: (415) 956-9200
    Facsimile: (415) 956-9205



FILED
San Francisco County Superior Court
MAR 2 1 2008
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

6

7           SUPERIOR COURT OF CALIFORNIA

8           CITY AND COUNTY OF SAN FRANCISCO

9   JOANNE WARWICK,                    Case No. CGC-06-455973

10                 Plaintiff,          **NOTICE OF ENTRY OF ORDER**

11        v.

12  CALIFORNIA PAROLE ADVOCACY
13  PROGRAM, et al

14                 Defendants.

15

16      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17      NOTICE IS GIVEN that the Court issued the attached order on March 6, 2008, granting

18  attorneys motion to be relieved as counsel.

19  Dated: March 19, 2008              THE WALSTON LEGAL GROUP

20

21

22                                     By: Gregory S. Walston

23

24

25

26

27

28          **EXHIBIT 23**

- 1 -

MC–053

| CASE NAME: | CASE NUMBER: |
|---|---|
| Warwick v. CalPAP, et al. | CGC-06-455973 |

8. The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each):*

9. The trial in this action or proceeding:
   a. ✓ is not yet set.
   b. ☐ is set for *(specify date, time, and place):*

10. Client is hereby notified of the following effects this order may have upon parties.

**NOTICE TO CLIENT**

Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

13. The court further orders *(specify):*

Date:  **MAR 0 5 2008**

JUDGE OR JUDICIAL OFFICER

**PAUL H. ALVARADO**

**ORDER GRANTING ATTORNEY'S**
**MOTION TO BE RELIEVED AS COUNSEL—CIVIL**
Page 2 of 2

MC-053

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*<br>Gregory S. Walston, State Bar No. 196776<br>222 Columbus Ave, Suite 420<br>San Francisco, CA 94133<br><br>TELEPHONE NO.: (415) 956-9200    FAX NO. *(Optional):* (415) 956-9205<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff - Joanne Warwick | *FOR COURT USE ONLY*<br><br># FILED<br>San Francisco County Superior Court<br><br>MAR - 6 2008<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| CASE NAME:<br>Warwick v. CalPAP, et al. | CASE NUMBER<br>CGC-06-455973 |
|---|---|
| **ORDER GRANTING ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: Dec. 17, 2007<br>DEPT.: 301    TIME: 9:30 a.m.<br>BEFORE HON.: Peter Busch<br>DATE ACTION FILED: Sept. 7, 2006<br>TRIAL DATE: None |

1. The motion of *(name of attorney):* Gregory S. Walston
   to be relieved as counsel of record for *(name of client):* Joanne Warwick
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

   Gregory S. Walston
   Joanne Warwick

**FINDINGS**

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☑ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☑ effective on *(specify date):* January 7, 2008

6. The client's ☐ current ☑ last known    address and telephone number:

   1390 N. McDowell Blvd., G-169
   Petaluma, CA 94954

   If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place):*

   b. The hearing will concern *(subject matter):*

---

**NOTICE TO CLIENT**
You or your new attorney, if any, must prepare for and attend this hearing.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-053 [Rev January 1, 2007]

**ORDER GRANTING ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284,<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com

**PROOF OF SERVICE BY MAIL**

1

2     I am employed in the City and County of San Francisco, California. I am over the age of

3     18 and not a party to this action. My business address is 222 Columbus Ave., Suite 320, San

4     Francisco, California 94133. On March 19, 2008, I served the following document:

5     **NOTICE OF ENTRY OF ORDER**

6     on the interested parties in this action by placing true copies thereof in sealed envelope(s)

7     addressed as stated on the following mailing list:

8              Joanne Warwick
               1390 N. McDowell Blvd., G-169
9              Petaluma, CA 94594

10     I caused such envelopes, with postage fully prepaid thereon, to be placed in the United

11     States Mail in San Francisco, California.

12     I declare under penalty of perjury that the foregoing is true and correct and based on my

13     personal knowledge. Executed March 19, 2008 in San Francisco, California.

14

15                            

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE WALSTON LEGAL GROUP**
A Professional Corporation

- 2 -

# EXHIBIT 24



ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 2 2 2008

GORDON PARK-Li. Clerk
BY: _____ MARIA SANCHEZ
Deputy Clerk

1  Joanne Warwick, Esq.
2  1390 N. McDowell Blvd. Suite G #169,
   Petaluma, CA 94954
3  Tel.415.724 3124

4  Plaintiff in propria persona

5

6

7

8           **SUPERIOR COURT OF CALIFORNIA**

9           **COUNTY OF SAN FRANCISCO**

10

11  JOANNE WARWICK                    )  Case No.: CGC 06 455973
                                      )
12           Plaintiffs,              )  **RESPONSIVE DECLARATION OF**
                                      )  **JOANNE WARWICK TO ORDER TO**
13       vs.                          )  **SHOW CAUSE**
                                      )
14  CALIFORNIA PAROLE ADVOCACY        )
                                      )  **Date:  May 27, 2008**
15  PROGRAM, et al                    )  **Time:  1:30 pm**
                                      )  **Dept: 212**
16           Defendant.               )
                                      )  **Judge/Commissioner:  Arlene T. Borick**
17                                    )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20                                    )

21

22              **INTRODUCTION**

23      Plaintiff JOANNE WARWICK filed suit against defendants CALIFORNIA PAROLE

24  ADVOCACY PROGRAM (CALPAP) *et al* for *inter alia*, wrongful termination.   After much

25  delay in the case, Plaintiff is responding to an Order to Show Cause to show why this action

26  should not be dismissed or why sanctions should not be imposed for failure of former counsel to

27  file proof of service on defendant(s) and obtain answer(s), or enter default(s).  Plaintiff

28  # EXHIBIT 24

1  apologizes for not filing this response yesterday, however as discussed below she just obtained

2  the assistance of counsel yesterday.

3                                    **Proof of Service Issue**

4          Plaintiff is sorry this case has been stalled. It was never her intention to proceed this

5  way. Plaintiff wishes the Order to Show Cause (OSC) could have occurred much earlier so that

6  her prior Attorney Gregory S. Walston could have explained to the Court why he filed a Case

7  Management Conference statement in January 2007 claiming that all of the defendants had been

8  served in this case, and why corresponding proofs of service were not filed with the Court.

9  Despite Plaintiff's repeated inquiries regarding service of process and other matters, Mr. Walston

10  failed to explain to Plaintiff what service of process Mr. Walston or his office attempted.

11  Plaintiff has located and is including with this Response copies of the proofs of services executed

12  by Geri L. Toney of Aggressive Process Serving of Sacramento on January 12, 2007, which

13  Plaintiff found in her client file compiled by Attorney Walston's office and which apparently

14  were never filed with the Court by Attorney Walston or the Walston Legal Group. (See Exhibit

15  A.)

16                                   **Plaintiff's Health Issues**

17          Plaintiff has an ongoing health condition that leaves her anemic and not in an ideal

18  situation to be representing herself. Plaintiff was not willing to agree to relieve Mr. Walston as

19  counsel given Mr. Walston's failure to respond to basic inquiries regarding her case, including

20  the status of service on the defendants, her inability to find other counsel, and Plaintiff's health

21  condition. Plaintiff only discovered and understood that Mr. Walston had been relieved as her

22  counsel by the Court on March 20, 2008.

23          Since March 20, 2008, Plaintiff contacted over 17 attorneys or law firms seeking new

24  counsel and advice on how to proceed. Plaintiff also asked a friend to assist her in locating

25  individual defendants so that Plaintiff can serve them, after she called counsel for CDCR, Ms.

26  Karen Donald and counsel for McGeorge School of Law/CalPAP, Mr. Stephen Holden on May

27  14, 2008 to ask them if they would accept service of process for the individual defendants who

28

1  worked for their clients. Both informed Plaintiff that they would not. Plaintiff and her friend,

2  who was contacting CDCR directly, have had difficulty especially in locating CDCR defendants.

3        In addition, Plaintiff had a conversation with Mr. Stephen Holden on May 15, 2008 in

4  which he and she discussed that the amended complaint that Mr. Walston filed or caused to be

5  filed with the Court contains errors. Plaintiff told Mr. Holden that she would be asking leave of

6  the Court to amend, but that she felt she had to serve the complaint as is for now. Mr. Holden

7  suggested Plaintiff look at a letter he sent to Plaintiff's previous counsel Mr. Ramin Naderi in

8  2007 regarding errors he saw in the complaint.

9                              **Possible New Counsel**

10       Plaintiff spoke with potential counsel on approximately May 9, 2008 who said he was

11  interested in the case, but that he was preparing for an upcoming trial. He suggested that

12  Plaintiff request a continuance because he wanted to consider filing an amended complaint with

13  federal causes of action, which Plaintiff was considering. Not having a firm answer from this

14  attorney and given the approaching OSC court date, Plaintiff continued to seek counsel.

15       Fortunately, on Monday May 19, 2008, Plaintiff attended a National Lawyers Guild

16  meeting held at the law offices of Siegel & Yee in Oakland, California. An attorney from Siegel

17  & Yee who had some familiarity with the prison system, asked her to forward him information

18  regarding the situation and her case. The next day, Plaintiff met with Attorney Jose-Luis

19  Fuentes. Attorney Fuentes recommended that Plaintiff respond to the OSC, seek leave to amend

20  the amended complaint or a stipulation from defendants so that she can address some of the

21  concerns of Attorney Stephen Holden as well as Mr. Fuentes' concerns.

22       If the Court prefers to see the individual Defendants served prior to amending the

23  amended complaint, Plaintiff will serve the amended complaint as is and proceed. However,

24  Plaintiff is hoping to avoid unnecessary time and effort spent on a demurrer.

25       Plaintiff respectfully requests that given the circumstances discussed above that the Court

26  not dismiss Plaintiff's complaint as a sanction. Plaintiff has had real health issues, which

27  prevented her from meaningfully participating in her lawsuit, and although the situation has

28  improved, she still would prefer not to proceed pro per. Plaintiff has been in contact with the

---

1  attorneys for the institutional defendants as well as possible new counsel which will allow this

2  case to move forward expeditiously in an orderly manner. It would be unfair to impose the

3  severe sanction of dismissing Plaintiff's case given her health condition and prior difficulty with

4  former counsel. The institutional defendants have been served and the Second Amended

5  Complaint will be filed. Please see *Garcia v. McCutchen* 16 Cal. 4th 469; 66 Cal. Rptr. 2d 319;

6  940 P.2d 906 [Aug. 1997] [Trial court erred in dismissing Plaintiff's action for failure of

7  plaintiff's counsel to comply with fast track rules that implemented the Trial Court Delay

8  Reduction Act (Govt. Code, Section 68600 et seq.)]

9  **CONCLUSION**

10      Plaintiff's case is about due process, transparency, accountability, how state-appointed

11  counsel is handled and treated by the State and its contractor, and about respect for the attorney-

12  client relationship, in this case the parolee (often underprivileged and generally a disfavored

13  class but key to solving the current prison overcrowding crisis) /attorney relationship. Please

14  allow Plaintiff to proceed with new counsel and have her day in Court for all of the reasons listed

15  above. With assistance, Plaintiff will be able to proceed with this action.

16      I declare under penalty of perjury that the foregoing is true and correct to the best of my

17  knowledge.

18

19  Executed on May 21, 2008 in Oakland, California     *Joanne Warwick*

20                        Joanne Warwick, Plaintiff

21

22

23

24

25

26

27

28

EXHIBIT A

| *Attorney or Party without Attorney:* | | For Court Use Only |
|---|---|---|
| RAMIN NADERI<br>THE WALSTON LEGAL GROUP<br>222 COLUMBUS AVE., STE 320<br>North Beach, CA 94133<br>*Telephone No:* 415.956.9200    *FAX No:* 415.956.9205 | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

*Plaintiff:* JOANNE WARWICK

*Defendant:* California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar

| **PROOF OF SERVICE**<br>**Summons** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-455973 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; PLANTIFF'S AMENDED VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF; DEMAND FOR JURY TRAIL

3.  a. *Party served:*           CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
    b. *Person served:*          AURELIA LUCERO - AGENT FOR SERVICE

4.  *Address where the party was served:*       1515 SOUTH STREET
                                                 Sacramento, CA  95814

5.  *I served the party:*
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jan. 11, 2007 (2) at: 12:00PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    a. as an individual defendant

7.  *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. GERI L. TONEY                     d.  *The Fee* for Service was:    $70.00
    b. **AGGRESSIVE PROCESS SERVING**    e.  I am: (3)  registered California process server
       2214 Loma Vista Drive, Registration # 03-07        (i)   Employee
       Sacramento, CA  95825                              (ii)  *Registration No.:*    03-07
    c. (916) 488-5813, FAX (916) 488-5812                 (iii) *County:*              Sacramento

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Thu., Jan. 11, 2007

Judicial Council form POS-010                    **PROOF OF SERVICE**                    (GERI L. TONEY)
Rule 982.9.(a)&(b) Rev July 1, 2004                    Summons                          cgc-06-455.walston.4931

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| RAMIN NADERI<br>THE WALSTON LEGAL GROUP<br>222 COLUMBUS AVE., STE 320<br>North Beach, CA 94133<br>*Telephone No:* 415.956.9200    *FAX No:* 415.956.9205 | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

*Plaintiff:* JOANNE WARWICK

*Defendant:* California Parole Advocacy Program, A Business Entity, From Unkown; California Boar

| **PROOF OF SERVICE**<br>**Summons** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-455973 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Plantiff's Amended Verified Complaint For Damages, Declaratory Judgment And Permanent Injunctive Relief; Demand For Jury Trail

3. a. *Party served:*       CALIFORNIA PAROLE ADVOCACY PROGRAM
   b. *Person served:*     PARTY IN ITEM 3A

4. *Address where the party was served:*       3455 FIFTH AVENUE
                                                Sacramento, CA 95817

5. *I served the party:*
   b. **by substituted service.** On: Fri., Jan. 12, 2007 at: 10:43AM by leaving the copies with or in the presence of:
      TERI ENGLE
   (1) **(Business)** Authorized to Accept the Service of Process. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Jan. 12, 2007 from: Sacramento, CA
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. *Person Who Served Papers:*
   a. GERI L. TONEY
   b. **AGGRESSIVE PROCESS SERVING**
      2214 Loma Vista Drive, Registration # 03-07
      Sacramento, CA 95825
   c. (916) 488-5813, FAX (916) 488-5812

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $90.00
   e. I am: (3) registered California process server
      (i)    Employee
      (ii)   *Registration No.:*    03-07
      (iii)  *County:*              Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Fri, Jan. 12, 2007

   Judicial Council form POS-010
   Rule 982.9.(a)&(b) Rev July 1, 2004

   PROOF OF SERVICE
   Summons

   (GERI L. TONEY)
   cgc-06-455.walston.4929

| Attorney or Party without Attorney:<br>RAMIN NADERI<br>THE WALSTON LEGAL GROUP<br>222 COLUMBUS AVE., STE 320<br>North Beach, CA 94133<br>Telephone No: 415.956.9200     FAX No: 415.956.9205 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO |
|---|
| Plaintiff: JOANNE WARWICK |
| Defendant: California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar |

| **PROOF OF SERVICE**<br>**Summons** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-06-455973 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Plaintiff's Amended Verified Complaint For Damages, Declaratory Judgment And Permanent Injunctive Relief; Demand For Jury Trial

3. a. *Party served:*          UNIVERSITY OF THE PACIFIC MCGEORGE SCHOOL OF LAW
   b. *Person served:*         PARTY IN ITEM 3A

4. *Address where the party was served:*          3455 FIFTH AVENUE
                                                    Sacramento, CA 95817

5. *I served the party:*
   b. **by substituted service.** On: Fri., Jan. 12, 2007 at: 10:43AM by leaving the copies with or in the presence of:
      TERI ENGLE
   (1) **(Business)** Authorized to Accept the Service of Process. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Jan. 12, 2007 from: Sacramento, CA
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GERI L. TONEY                          d. *The Fee for Service was:*   $25.00
   b. **AGGRESSIVE PROCESS SERVING**         e. I am: (3) registered California process server
      2214 Loma Vista Drive, Registration # 03-07         (i) Employee
      Sacramento, CA 95825                                (ii) Registration No.:   03-07
   c. (916) 488-5813, FAX (916) 488-5812                  (iii) County:          Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jan. 12, 2007

PROOF OF SERVICE

Case No. CGC-06-455973

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my address is 825 Hayes Street, San Francisco 94117.

On May 22, 2008, I SERVED a true and correct copy of:

RESPONSIVE DECLARATION OF JOANNE WARWICK TO ORDER TO SHOW CAUSE and copies of PROOFS OF SERVICE ON INSTITUTIONAL DEFENDANTS [for 1)California Parole Advocacy Program, 2) University of the Pacific McGeorge School of Law, and 3) the California Department of Corrections and Rehabilitation] on the Court by filing these documents at San Francisco Superior Court, Attn:  Judge Arlene Borick, 400 McAllister, Department 212, San Francisco, 94102. In addition, I placed a courtesy copy of the same in the drop basket Department 212.

I served copies of the above documents by placing said copies in a sealed postage paid envelope addressed to the persons hereinafter listed, and by depositing said envelope in the U.S. Mail, First Class delivery.

Stephen Holden,
Holden Law Group
1234 High Street
Auburn, CA  95603


Karen L. Donald
Office of the Attorney General
Department of Justice
1515 Clay Street
Oakland, California  94612


Executed this May 22, 2008, in San Francisco, California.


Jim Dorenkott
825 Hayes Street
San Francisco, CA 94117

# EXHIBIT 25

1  EDMUND G. BROWN JR.,
      Attorney General
2  MIGUEL A. NERI
   FIEL TIGNO, Supervising
3     Deputy Attorneys General
   KAREN L. DONALD, State Bar No. 166437
4     Deputy Attorney General
   P.O. Box 70550
5  1515 Clay Street, Suite 2000
   Oakland, California 94612-0550
6  Telephone: (510) 622-2202
   Facsimile: (510) 622-2121
7

**F I L E D**
Superior Court of California
County of San Francisco

MAY 2 2 2008

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

8  Attorneys for Defendants California Department of Corrections and Rehabilitation

9         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

         FOR THE COUNTY OF SAN FRANCISCO
10

11 | JOANNE WARWICK,                          | Case No.: CGC-06-455973

12 |                              Plaintiff,  | **NOTICE OF UNAVAILABILITY**

13 |        v.

14 | CALIFORNIA PAROLE ADVOCACY PROGRAM,

15 |                              Defendants.

16

17

18 TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19         PLEASE TAKE NOTICE that Deputy Attorney General Karen Donald will be

20 unavailable from June 17, 2008 through August 26, 2008.

21 DATED: May 15, 2008                EDMUND G. BROWN JR., Attorney General
                                         of the State of California
22                                    MIGUEL A. NERI
                                      FIEL D. TIGNO
23                                       Supervising  Deputy Attorneys General

24

25                                    KAREN L. DONALD
                                      Deputy Attorney General
26
                                      Attorneys for Defendant
27                                    California Department of Corrections and
                                      Rehabilitation
28

**EXHIBIT 25**
1.

ORIGINAL

**PROOF OF SERVICE**

**CASE:**       *Joanne Warwick v. CAlPAP, et al*
**CASE NO.:**   San Francisco County Superior Court Case No. CGC-06-455973

I am employed in the County of Alameda, California. I am over the age of 18 years and not a party to the within entitled cause; my business address is 1515 Clay Street, 20th Floor, P. O. Box 70550, Oakland, California 94612-0550. On **May 15, 2008**, I served the following document(s):

## NOTICE OF UNAVAILABILITY

on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

(A)    **By First Class Mail:** I caused each such envelope to be placed in the internal mail collection system at the Office of the Attorney General with first-class postage thereon fully prepaid in a sealed envelope, for deposit in the United States Postal Service that same day in the ordinary course of business.

(B)    **By Messenger Service:** I caused each such envelope to be delivered by a courier employed by Professional Messenger, with whom we have a direct billing account, who personally delivered each such envelope to the office of the address on the date last written below.

(C)    **By Overnite Mail:** I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

(D)    **By Facsimile:** I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following fax numbers listed under each addressee below.

| TYPE OF SERVICE | ADDRESSEE |
|---|---|
| A | Joanne Warwick<br>1390 N. McDowell Boulevard, G-169<br>Petaluma, California 94954<br>*Plaintiff* |
| A | Ramin Naderi<br>The Walston Legal Group<br>222 Columbus Avenue, Suite 320<br>San Francisco, CA 94133<br>*Attorney for Plaintiff Joanne Warwick* |
| A | Steve Holden<br>Holden Law Group<br>1250 Sutterville Road<br>Sacramento, California 95822-1101<br>*Attorney for California Parole Advocacy Program* |

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on **May 15, 2008**, at Oakland, California.

CHRISTINE SOO

# EXHIBIT 26

| *Attorney or Party without Attorney:* | | | | *For Court Use Only* |
|---|---|---|---|---|
| RAMIN NADERI<br>THE WALSTON LEGAL GROUP<br>222 COLUMBUS AVE., STE 320<br>North Beach, CA 94133<br>*Telephone No:* 415.956.9200    *FAX No:* 415.956.9205 | | **IMAGED**<br>MAY 2 8 2008 | | **FILED**<br>San Francisco County Superior Court<br><br>MAY 2 2 2008<br>GORDON PARK-LI, Clerk<br>BY:<br>Deputy Clerk |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |

*Insert name of Court, and Judicial District and Branch Court:*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

*Plaintiff:* JOANNE WARWICK

*Defendant:* California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar

| **PROOF OF SERVICE**<br>**Summons** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-06-455973 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Plantiff's Amended Verified Complaint For Damages, Declaratory Judgment And Permanent Injunctive Relief; Demand For Jury Trail

3. a. *Party served:*                           UNIVERSITY OF THE PACIFIC MCGEORGE SCHOOL OF LAW
   b. *Person served:*                       PARTY IN ITEM 3A

4. *Address where the party was served:*      3455 FIFTH AVENUE
                                        Sacramento, CA 95817

5. *I served the party:*
   b. **by substituted service.** On: Fri., Jan. 12, 2007 at: 10:43AM by leaving the copies with or in the presence of:
                TERI ENGLE
   (1) **(Business)** Authorized to Accept the Service of Process. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Jan. 12, 2007 from: Sacramento, CA
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. **Person Who Served Papers:**                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GERI L. TONEY                            d. **The Fee** for Service was:    $25.00
   **b. AGGRESSIVE PROCESS SERVING**          e. I am: (3) registered California process server
      2214 Loma Vista Drive, Registration # 03-07          *(i)*   Employee
      Sacramento, CA 95825                     *(ii)*  *Registration No.:*   03-07
   c. (916) 488-5813, FAX (916) 488-5812            *(iii)* *County:*      Sacramento

# EXHIBIT 26

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jan. 12, 2007

# EXHIBIT 27

| Attorney or Party without Attorney: | | IMAGED | For Court Use Only |
|---|---|---|---|

**Attorney or Party without Attorney:**
RAMIN NADERI
THE WALSTON LEGAL GROUP
222 COLUMBUS AVE., STE 320
North Beach, CA 94133
Telephone No: 415.956.9200     FAX No: 415.956.9205

IMAGED
MAY 2 8 2008

**FILED**
San Francisco County Superior Court
MAY 2 2 2008
JOHN LYPATNIK, Clerk
BY Maria Venula Deputy Clerk

Ref. No. or File No.:

**Attorney for:** Plaintiff

**Insert name of Court, and Judicial District and Branch Court:**
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

**Plaintiff:** JOANNE WARWICK

**Defendant:** California Parole Advocacy Program, A Business Entity, From Unkown; Califrnia Boar

| PROOF OF SERVICE Summons | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-06-455973 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Plantiff's Amended Verified Complaint For Damages, Declaratory Judgment And Permanent Injunctive Relief; Demand For Jury Trail

3. a. *Party served:*
   b. *Person served:*

   CALIFORNIA PAROLE ADVOCACY PROGRAM
   PARTY IN ITEM 3A

4. *Address where the party was served:*

   3455 FIFTH AVENUE
   Sacramento, CA 95817

5. *I served the party:*
   b. **by substituted service.** On: Fri., Jan. 12, 2007 at: 10:43AM by leaving the copies with or in the presence of:
   TERI ENGLE
   (1) **(Business)** Authorized to Accept the Service of Process. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Jan. 12, 2007 from: Sacramento, CA
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GERI L. TONEY                          d. *The Fee* for Service was:     $90.00
   **b. AGGRESSIVE PROCESS SERVING**         e. I am: (3) registered California process server
   2214 Loma Vista Drive, Registration # 03-07          *(i)* Employee
   Sacramento, CA 95825                          *(ii) Registration No.:*     03-07
   c. (916) 488-5813, FAX (916) 488-5812          *(iii) County:*          Sacramento

# EXHIBIT 27

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jan. 12, 2007

Judicial Council form POS-010
Rule 982.9.(a)&(b) Rev July 1, 2004

PROOF OF SERVICE
Summons

(GERI L. TONEY)
cgc-06-455.walston.4929

# EXHIBIT 28

*Attorney or Party without Attorney:*
RAMIN NADERI
THE WALSTON LEGAL GROUP
222 COLUMBUS AVE., STE 320
North Beach, CA 94133
*Telephone No:* 415.956.9200    *FAX No:* 415.956.9205

IMAGED

MAY 2 8 2008

*Ref. No. or File No.:*

**FILED**
San Francisco County Superior Court

MAY 2 2 2008
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

*For Court Use Only*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

*Plaintiff:* JOANNE WARWICK

*Defendant:* California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar

| **PROOF OF SERVICE** Summons | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CGC-06-455973 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; PLANTIFF'S AMENDED VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF; DEMAND FOR JURY TRAIL

3. a. *Party served:*  CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
   b. *Person served:*  AURELIA LUCERO - AGENT FOR SERVICE

4. *Address where the party was served:*  1515 SOUTH STREET
   Sacramento, CA 95814

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jan. 11, 2007 (2) at: 12:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*
   a. GERI L. TONEY
   **b. AGGRESSIVE PROCESS SERVING**
   2214 Loma Vista Drive, Registration # 03-07
   Sacramento, CA 95825
   c. (916) 488-5813, FAX (916) 488-5812

*Recoverable Cost Per CCP 1033.5(a)(4)(B)*
d. **The Fee** for Service was:    $70.00
e. I am: (3)  registered California process server
   (i)   Employee
   (ii)  *Registration No.:*    03-07
   (iii) *County:*    Sacramento

# EXHIBIT 28

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Thu, Jan. 11, 2007

(GERI L. TONEY)

*Judicial Council form POS-010*
*Rule 982.9.(a)&(b) Rev July 1, 2004*

**PROOF OF SERVICE**
Summons

*cgc-06-455.walston 4931*

# EXHIBIT 29

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| JOANNE WARWICK | **Pretrial Department 212**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-455973** |
| CALIFORNIA PAROLE ADVOCACY PROGRAM<br>A BUSINESS et al | **Continued Order to Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The MAY-27-2008 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on AUG-25-2008 at 1:30 PM, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: MAY-23-2008          ARLENE T. BORICK
                            JUDGE/COMMISSIONER

# EXHIBIT 29

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-23-2008 I served the foregoing Continued Order to Show Cause on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : MAY-23-2008                              By: K COX

JOANNE WARWICK
1390 N. MCDOWELL BLVD., G-169
PETALUMA, CA 94954

KAREN L DONALD (166437)
DEPUTY ATTORNEY GENERAL
1515 CLAY STREET, 20TH FLOOR
OAKLAND, CA 946121413

2008 MAY 27 P 3: 40

KAREN L DONALD (166437)
DEPUTY ATTORNEY GENERAL
1515 CLAY STREET, 20TH FLOOR
OAKLAND, CA 946121413

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# EXHIBIT 30

1    Stephen R. Holden, Bar No. 166094
     Kelly A. Jones, Bar No. 212290
2    HOLDEN LAW GROUP
     1234 High Street
3    Auburn, CA 95603
     Telephone:    530.888.0901
4    Facsimile:    530.888.0902

5

6    Attorneys for University of the Pacific

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SAN FRANCISCO

11   JOANNE WARWICK,                      Case No.  CGC-06-455973

12               Plaintiff,               **UNIVERSITY OF THE PACIFIC'S**
                                          **MOTION TO QUASH SERVICE OF**
13        v.                              **SUMMONS BY SPECIAL APPEARANCE**
                                          **AND MEMORANDUM OF POINTS AND**
14   CALIFORNIA PAROLE ADVOCACY           **AUTHORITIES IN SUPPORT THEREOF**
15   PROGRAM, *et al.*,
                                          Date:  July 16, 2008
16               Defendants.              Time:  9:30 a.m.
                                          Dept:  301
17                                        Judge: Honorable Peter Busch

18
                                          Complaint filed: September 7, 2006
19                                        Amended Complaint filed: September 22, 2006

20        COMES NOW University of the Pacific, a California corporation ("UOP"), specially appearing

21   by counsel and respectfully requests that this Court enter an Order quashing service of Summons on

22   "University of the Pacific McGeorge School of Law" based upon the fact that University of the Pacific

23   McGeorge School of Law is not a party to the above-styled action.  In addition, and should the Court

24   somehow determine that University of the Pacific McGeorge School of Law is a party defendant,

25   Plaintiff failed to comply with California Code of Civil Procedure section 416.10 in serving process.

26   ///

27   ///            EXHIBIT 30

28

FILED AND ENTERED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
08 JUN 30 PM 2: 39
GORDON PARK - LI, CLERK
BY:
DEPUTY CLERK

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    **Background**

On September 7, 2006, Plaintiff filed a verified Complaint against, among others, California Parole Advocacy Program ("CalPAP"). Nowhere in the Complaint is University of the Pacific McGeorge School of Law named as a party defendant.

On September 22, 2006, Plaintiff filed an amended verified Complaint ("Amended Complaint"). While the caption of the Amended Complaint newly identifies "Institute for Administration of McGeorge School of Law" and states at paragraph 22 that "Defendant INSTITUTE FOR ADMINISTRATION OF MCGEORGE SCHOOL OF LAW is a business, form unknown, operating throughout the state of California", there are no specific allegations made against this mystery defendant.

On January 19, 2007, counsel for UOP authored a letter to Plaintiff's former counsel, which pointed out, among other defects, that CalPAP and the Institute for Administrative Justice are not entities separate and apart from the University. A true and accurate copy of the January 19, 2007 letter is attached hereto as Exhibit 1 and is incorporated herein by reference.

On July 11, 2007, counsel for UOP authored a letter to Plaintiff. First, the letter indicated that Plaintiff improperly filed a proof of service.[1] The July 11, 2007 letter again pointed to the fact that CalPAP is not a legal entity and that counsel for UOP was authorized to accept service on behalf of UOP. Plaintiff has never amended her Complaint to identify the correct legal entity and has never made an attempt to serve proper process on counsel for UOP. A true and accurate copy of the July 11, 2007 letter is attached hereto as Exhibit 2 and is incorporated herein by reference.

On May 14, 2008, Plaintiff left a telephone message for counsel for UOP asking whether counsel intended to accept service on behalf of individual defendants or only on behalf of CalPAP. Counsel (believing Plaintiff to be unrepresented) spoke with Plaintiff on May 15, 2008. The May 15, 2008 conversation was summarized in a letter to Plaintiff. Before the letter was sent, Jose Luis Fuentes, Plaintiff's newly retained counsel was in contact with counsel for UOP and the letter was instead

---

[1] That proof of service was later withdrawn. That proof of service also is identical to the proof of service filed May 22, 2008 as more specifically referenced below.

HOLDEN LAW GROUP
1224 High Street
Auburn, CA 95603
530.888.0901
MOTION TO QUASH; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF                    2

1  forwarded to Mr. Fuentes.  A true and accurate copy of the letter including a transmittal email is

2  attached hereto as Exhibit 3 and is incorporated herein by reference. In addition to the contents of the

3  letter, counsel explained to Plaintiff that he was authorized to accept service on behalf of UOP but not

4  the individual defendants.  He also explained repeatedly that she should review prior correspondence

5  because of information detailing the proper defendants, claims, and counsel's position regarding filing

6  and service of frivolous items.  *See* Declaration of Stephen R. Holden, Esquire filed contemporaneously

7  herewith.

8        On May 21, 2008 and May 22, 2008, counsel for UOP and counsel for Plaintiff exchanged

9  numerous emails.  A true and accurate copy of the string of emails is attached hereto as Exhibit 4 and is

10  incorporated herein by reference.  Once again counsel for UOP pointed out that Plaintiff needed to

11  follow proper procedure, that none of the purported defendants had been properly served and

12  questioning Plaintiff's counsel's threats to file a default against a defendant to whom a summons was

13  never prepared or served (i.e., McGeorge School of Law).

14        On May 22, 2008, Plaintiff filed what purported to be a Proof of Service of Summons on

15  "University of the Pacific McGeorge School of Law" by substitute service on January 12, 2007 at 10:43

16  a.m. by leaving copies with Teri Engle.  Teri Engle was a front desk clerk.  She was not an agent for

17  service.  She was not an officer or director of UOP or CalPAP.  As noted above, Plaintiff previously

18  filed the same proof of service, which was withdrawn because of its defects.  Plaintiff made no changes

19  to the Summons or Proof of Service of Summons before the May 22, 2008 filing.  A true and accurate

20  copy of the Proof of Service of Summons is attached hereto as Exhibit 5 and is incorporated herein by

21  reference.

22  **2.    Argument**

23      **a.    Service Upon University of the Pacific McGeorge School of Law Should Be
              Quashed.**

24      The proper procedure for attacking the validity of a summons which has been served upon a

25  person who is not a party to an action is by a motion to quash the service thereof.  *McGinn v. Rees* (1916)

26  33 Cal.App. 291, 294, 165 P. 52.  Further, the law is settled that a person who is not named either by his

27  true or a fictitious name or as an unknown defendant is not a proper party to an action, and service of

28

HOLDEN LAW GROUP
1234 High Street
Auburn, CA 95603
530.888.0901

**MOTION TO QUASH; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**                    3

1    summons upon such person upon proper motion should be quashed. *Kline v. Beauchamp* (1938) 29

2    Cal.App.2d 340, 342, 84 P.2d 194, 195.

3         Here, Plaintiff named as a defendant in the September 7, 2006 Complaint "California Parole

4    Advocacy Program" and named in the September 22, 2006 Amended Complaint "California Parole

5    Advocacy Program" and "Institute for Administration of McGeorge School of Law". Those parties

6    were not identified on the proof of service. Rather, the proof of service identifies "University of the

7    Pacific McGeorge School of Law" as the party served.

8         The proper legal entity, University of the Pacific, a California corporation, is not a party and the

9    parties named in the Amended Complaint were not identified on the Proof of Service of Summons.

10   While Plaintiff mailed and hand delivered a copy of the Amended Complaint to CalPAP (defective as it

11   was), she cannot hope to move forward against UOP when UOP is not a party; she cannot hope to

12   move forward against CalPAP when no Proof of Service of Summons has been filed as to that party.

13        Plaintiff has failed to amend her pleadings to reflect the proper defendant. Instead, she tried to

14   circumvent the process by merely naming what she believed to be the proper defendant on the Proof of

15   Service of Summons. This she cannot do and the alleged service of process on University of the Pacific

16   McGeorge School of Law must be quashed.

17        **b.    Service of the Summons Was Improper.**

18        As a note, California Parole Advocacy Program is a title given to a contract between UOP and

19   the State of California for ease of process by those carrying out UOP's duties under the contract.

20   California Parole Advocacy Program is not a business entity of any form. As noted above, the only

21   party to the contract (other than the State) is University of the Pacific, which is a California corporation.

22   In fact, a brief search of the Secretary of State's website shows that University of the Pacific is an active

23   California corporation.

24        In *Ferry v. North Pacific Stages, et al.* (1931) 112 Cal.App. 348, 296 P. 679, Plaintiff filed suit, among

25   others, against "Seattle-Portland-San Francisco Auto Stage Company, a corporation" and was explicit in

26   describing the company in the body of the complaint as a corporation. An affidavit of service of

27   summons was filed reciting that process was personally served upon "Seattle-Portland-San Francisco

28   Auto Stage Co., an association". The Third District Court of Appeals determined that identity of the

**MOTION TO QUASH; MEMORANDUM OF POINTS        4
AND AUTHORITIES IN SUPPORT THEREOF**

1  defendant as a corporation was fixed and certain and that process was never served upon any officer or

2  in any other manner required by Section 411 (now C.C.P. §416.10). *Id.* at 351.

3        In the present action, the Proof of Service of Summons filed by Plaintiff on May 22, 2008, on its

4  face, shows improper service. The Proof of Service states that substituted service was made on "Friday,

5  January 12, 2007 at 10:43AM by leaving the copies with or in the presence of TERI ENGLE" a person

6  allegedly authorized to accept service. The Summons allegedly was served at 3455 Fifth Avenue,

7  Sacramento, California. The Proof of Service of Summons also specifically states at paragraph 6 that the

8  "Notice to the Person Served" (on the Summons) was completed as follows: "a. as an individual

9  defendant."[2] Proper service of corporations is governed by Code of Civil Procedure section 416.10.

10  That section requires that service of process be made on (1) the agent for service; or, (2) the president,

11  chief executive officer, or other head of the corporation, a vice president, a secretary or assistant

12  secretary, a treasurer or assistant treasurer or controller or chief financial officer, a general manager, or a

13  person authorized by the corporation to receive service of process. Here, the Proof of Service of

14  Summons was not served in accordance with the applicable statute, it was served at an address different

15  from either University of the Pacific or McGeorge School of Law (which is located at 3400 Fifth

16  Avenue, Sacramento, California) and was served on the person as an individual defendant.

17        There is no way based upon the way the Summons was prepared or served that would give

18  either University of the Pacific or California Parole Advocacy Program proper notice that either was

19  being sued by Plaintiff. The Summons and service thereof are fatally flawed and must be quashed.

20      **c.  An Award of Attorney's Fees and Costs is Appropriate Under Code of Civil Procedure Section 128.6.**

21  California Code of Civil Procedure section 128.6 provides in part:

22

23      (a)  Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. …

24

25      (b)  For purposes of this section:

26

27      (1)  "Actions or tactics" include, but are not limited to, the making or

28

---

[2] A true and accurate copy of the Summons is attached hereto as Exhibit 6 for the Court's convenience.

**MOTION TO QUASH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**       5

opposing of motions or the filing and service of a complaint or cross-complaint. ...

(2) "Frivolous" means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.

(c) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order.

* * *

(e) The liability imposed by this section is in addition to any other liability imposed by law for acts or omissions within the purview of this section.

Counsel for McGeorge has repeatedly informed Plaintiff and her counsel that the incorrect party was sued and that the Summons and service thereof was defective. *See* Exhibits 1, 2, 3, and 4. Counsel also informed Plaintiff and her counsel that counsel for UOP was authorized to accept service on behalf of UOP if the defects in the Complaint and Summons were corrected. Plaintiff and her counsel ignored information provided to them and proceeded instead with the filing of an erroneous proof of service. Based upon the foregoing, it is proper for this Court to award UOP its fees and costs in the preparation and filing of this Motion and for any subsequent appearance fees as are more specifically set forth in the Declaration of Kelly A. Jones, Esquire filed contemporaneously herewith.

    **d.    Code of Civil Procedure Section 128.7 Sanctions.**

On June 6, 2008, counsel for UOP served upon counsel for Plaintiff, a motion for sanctions and attorney's fees and costs pursuant to California Code of Civil Procedure section 128.7. Said motion will be filed with the Court upon the expiration of the statutory "safe harbor" period. *See* California Code of Civil Procedure section 128.7(c).

///

///

///

HOLDEN LAW GROUP
1214 High Street
Auburn, CA 95603
530.888.0901

**MOTION TO QUASH; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**    6

1  WHEREFORE, University of the Pacific respectfully requests that this honorable Court grant

2  its Motion to Quash Service on "University of the Pacific McGeorge School of Law" and award UOP

3  its attorney's fees and costs incurred as a result of this motion and for such other relief the court deems

4  just and proper.

5  Respectfully Submitted,

6

7  Dated: June 6, 2008                     HOLDEN LAW GROUP

8

9  By: _____
   Kelly A. Jones
10  Attorneys for University of the Pacific

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLDEN LAW GROUP
1234 High Street
Auburn, CA 95603
530.888.0901

MOTION TO QUASH; MEMORANDUM OF POINTS          7
AND AUTHORITIES IN SUPPORT THEREOF



## Holden Law Group

January 19, 2007

**VIA FACIMILE**

Ramin Naderi
The Walston Legal Group
222 Columbus Avenue, Suite 320
San Francisco, CA 94133

Re:    Joanne Warwick v. California Parole Advocacy Program, et al.
       Case No. CGC-06-455973

Dear Mr. Naderi:

This letter will confirm our telephone conversation yesterday regarding the above-referenced matter, and provide the information that I promised you.

*Representation*

We understand that you are co-counsel with the Walston Law Group in your representation of Ms. Warwick, but that you are the lead counsel and we should continue to make contact and handle the litigation through your office.

*Service of the Complaint*

The First Amended Complaint was mailed to the CalPAP office without acknowledgment and receipt, without any of the documents required under the Chapter 3 of the California Rules of Court and Local Rule 3.4, and with a single summons that is ambiguously directed to an unnamed individual defendant. The First Amended Complaint was later hand delivered to the CalPAP office with the same defects. We were not served with and have not seen the original complaint. In short, the service is defective as to CalPAP and each CalPAP-related defendant.

Back in April of 2006 I did offer to accept service on behalf of the University of the Pacific, McGeorge School of Law ("McGeorge"). I did not make any representation regarding individuals. I reviewed my filed to confirm this. I am not currently authorized to accept service on behalf of any defendant other than McGeorge. Also, I explained to you, CalPAP and the Institute for Administrative Justice are not entities separate and apart from McGeorge.



EXHIBIT 1

January 19, 2007
Page 2

*Amendment of Complaint*

You stated that you were thinking about amending the First Amended Complaint. Perhaps this is because you are already aware of the complaint's defects. Back in April of 2006 when you first threatened a lawsuit, I asked for something outlining what claims Ms. Warwick thought she had or how she was wronged. You told me it was not your practice to write demand letters and we received nothing. I explained that discussing the claims before the filing of a lawsuit could avoid the potential for a frivolous suit. Unfortunately you did not take me up on the offer. Instead, the First Amended Complaint has been filed and it contains claims that are frivolous on their face. If you force us to file a demurrer or other motion to eliminate the frivolous claims we will move for reimbursement of the cost involved as a sanction. As a further accommodation to you, below you will find a quick summary of some of the defectives.

*Defective Complaint*

First Cause of Action

The first cause of action fails to specify the alleged public policy violated with sufficient particularity. A *Tameny* claim cannot be supported with vague charges of illegal activities "unaccompanied by citations to specific statutes or constitutional provisions." Such charges are insufficient because they put the defendant and the court "in the position of having to guess at the nature of the public policies involved, if any." *Turner v. Anheuser–Busch, Inc.* (1994) 7 Cal.4th 1238, 1257. It is plaintiff's burden to provide the specific statutes and regulations on which the claim is based. *Green v. Ralee Eng. Co.* (1998) 19 Cal.4th 66, 84.

Second Cause of Action

The second cause of action is uncertain in the sense that it is unclear what "express contractual duties" CalPAP allegedly breached or any allegation as to whether the contract was written, oral or implied-in-fact. Cal. Civ. Proc. Code § 430.10(f)-(g). Also, any damages based on harm to Plaintiff's reputation cannot properly be awarded for breach of a contract.

Third and Fourth Causes of Action

The third and fourth causes of action are barred by the applicable statute of limitations. Cal. Civ. Proc. Code § 340(3).

Fifth, Sixth & Twelfth Causes of Action

Although the fifth, sixth and twelfth causes of action are not pled against CalPAP, you should be aware that the claims are defective as to Defendant Walker in that an agent acting within the course and scope of his employment cannot be held liable for interfering with a relationship between his employer and a third party. *Wise v. Southern Pacific Co.* (1963) 223

January 19, 2007
Page 3

Cal. App. 2d 50, 72 (*overruled on other grounds*); *see Applied Equipment*, 7 Cal. 4th at 512 (n. 4) (in overruling *Wise* on other grounds: "We have endorsed and applied the agent's immunity rule expressed in *Wise*.... Nothing in this decision is intended to abrogate or impair the agent's immunity rule"). In the event you plan to try and fix this problem by amending the pleadings to allege that Walker was outside the course and scope of his employment, you are reminded that the First Amended Complaint is verified.

Seventh Cause of Action

The seventh cause of action for an alleged due process violation cannot be maintained against CalPAP because CalPAP is not a governmental entity. Performing work under a contract with the government does not convert a private organization into a governmental entity. *Rank v. Nimmo* (9th Cir.1982) 677 F.2d 692, 701. In any event, the complaint fails to allege any basis upon which CalPAP would be authorized and obligated to provide Plaintiff with a "pre-revocation notice."

Eighth Cause of Action

The eight cause of action fails because the complaint does not specifically allege facts sufficiently egregious to support a claim of intentional infliction of emotional defense. *E.g., Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116. Moreover, if Plaintiff was employed by CalPAP as she alleges, the claim is preempted by the exclusivity of the workers' compensation system. Cal. Lab. Code §§ 3601, 3602.

Ninth Cause of Action

The ninth cause of action will ultimately fail because there was no duty owed to Plaintiff and no breach even if some sort of duty could be manufactured. Moreover, even if there was a duty, with rare exceptions not applicable in this case, a breach of the duty must threaten physical injury, not simply damage to financial interests. *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal. 4th 965, 984. Moreover, if Plaintiff was employed by CalPAP as she alleges, the claim is preempted by the exclusivity of the workers' compensation system. Cal. Lab. Code §§ 3601, 3602.

Tenth Cause of Action

The tenth cause of action is subject to dismissal because it is duplicative of the ninth cause of action. A purported claim for negligent infliction of emotional distress is in actuality not a tort separate and apart from the tort of negligence. *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984; *see also Lawson v. Management Activities, Inc.* (1999) 69 Cal.App.4th 652, 656, 81 Cal.Rptr.2d 745 (noting that use of acronym for negligent infliction of emotional distress gives "more credence [to the allegation] than it deserves".)

January 19, 2007
Page 4

<u>Eleventh Cause of Action</u>

The eleventh cause of action cannot be asserted against CalPAP because CalPAP is not a state agency as defined by applicable statutes. Nor is Plaintiff a state employee. Additionally, Plaintiff did not comply with the exhaustion requirement for maintaining the claim. *See* Cal. Gov't Code § 8547.8(c).

<u>Thirteenth Cause of Action</u>

The thirteenth cause of action is defective in that Plaintiff has not described an actual controversy presently affecting her rights under a contract with CalPAP. Accordingly, her claim for declaratory relief does not comply with Cal. Civ. Proc. section 1060 and must fail.

Please respond by January 24, 2007 with your intentions. In light of the fact that all of the claims asserted against CalPAP and/or CalPAP employees are without proper legal basis, we strongly suggest that the complaint be dismissed. If you decide to amend the complaint and want the service on CalPAP to be effective, you will need to send me a complete packet with the new complaint, a proper summons and all the required documents and notices. Please be advised that we will aggressively seek sanctions for any frivolously asserted claims. You should also be reminded of our discussion on the individual defendants. Unless you can articulate a need or benefit for adding them as defendants, it will work to Plaintiff's disadvantage to have them involved. As with the frivolous claims, we will obtain reimbursement for the additional costs associated with removing them from the case.

Thank you for your consideration, and I look forward to speaking with you.

Very truly yours,

Stephen R. Holden

 Holden Law Group

July 11, 2007

Joanne Warwick
P.O. Box 21026
San Francisco, CA 94121

Re:    Joanne Warwick v. California Parole Advocacy Program, et al.
       Case No. CGC-06-455973

Dear Ms. Warwick:

Holden Law Group represents the University of the Pacific, McGeorge School of Law/CalPAP with regard to the above-referenced matter. In case you were unaware, we have been awaiting a Second Amended Complaint your former counsel, Ramin Naderi, assured us would be prepared and filed. The Second Amended Complaint was anticipated in response to myriad defects in the First Amended Complaint, to which we had alerted Mr. Naderi. I have attached copies of two letters sent to Mr. Naderi discussing the need to amend the pleadings.

In both of the letters, we also alerted Mr. Naderi to the fact that summons and complaint delivered to the CalPAP offices in Sacramento were not properly served for the purpose of initiating litigation against CalPAP. The necessary procedures are discussed within the letters. Despite our efforts to alert your counsel to the need to comply with proper procedures, in reviewing the Court's online docket, it shows that a proof of service has been filed as to CalPAP. The proof of service is incorrect – CalPAP has not been served with the complaint or a proper summons. Please withdraw the proof of service erroneously filed with the court. Otherwise, we may be compelled to prepare a motion to quash the service of the summons and seek all available remedies.

If you wish to proceed with the litigation, please prepare a summons with the required specificity and properly serve it. As we have indicated on several occasions now, we have been authorized to accept service on behalf of the University of Pacific, McGeorge School of Law/CalPAP. Please direct all service of process and any further communications to us. Before attempting any further action with regard to your First Amended Complaint, we must encourage you to consider the defects raised in the attached letters. If you choose to not amend your complaint, and we are compelled to respond, we will pursue all available remedies and sanctions.

Finally, there is some confusion with regard to your representation in this matter. In your most recent papers filed with the court, you indicate that you are representing yourself in *pro per*. However, the court's subsequent order suggests that Gregory Walston may in fact be representing you. Mr. Walston has not responded to our request to confirm any

**EXHIBIT 2**

representation he may be providing, and we therefore assume that your own statements regarding your representation, or lack thereof, are indeed accurate.  If we are in any way mistaken, please notify us immediately so that we may direct any further correspondence to your counsel.

If you have any further questions or concerns, please do not hesitate to contact the undersigned.

Kindest regards,

David Leas

CC:     Gregory Walston
        The Walston Legal Group
        222 Columbus Ave., Ste. 320
        San Francisco, CA 94133

# Kelly Jones

| | |
|---|---|
| **From:** | Steve Holden |
| **Sent:** | Thursday, May 22, 2008 12:57 PM |
| **To:** | Jose Luis Fuentes |
| **Subject:** | RE: Joanne Warwick |
| **Attachments:** | Lt to Warwick.pdf |

I believe he had long since expressed his desire to end the representation.

Attached is a letter that I had dictated, but had not yet been finalized sent to Ms. Warwick. In light of the fact that you now represent her, I will send it to you instead. I did not bother to have it printed on letterhead, etc. since we discussed this topic in our phone conversation last night.

I have not heard back from CalPAP yet today. I will contact you as soon as I do.

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, May 22, 2008 10:39 AM
**To:** Steve Holden
**Subject:** RE: Joanne Warwick

Mr. Holden,

I refer you to the register of action in Ms. Warwick case that shows that on March 6, 2008 the court entered an order relieving Mr. Walston as Ms. Warwick's attorney.

I express my gratitude for reaching out to your clients so we can move forward in an orderly manner for this point forward. I await your client's decision.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

=========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
=========

**EXHIBIT 3**

5/30/2008

May 29, 2008

Joanne Warwick
1390 N. McDowell Blvd. 6-199
Petaluma, CA 94954

Re:    Joanne Warwick v. California Parole Advocacy Program, et al.
       Case No. CGC-06-455973

Dear Ms. Warwick:

This letter follows our telephone conversation on May 15, 2008. During that conversation
you stated that you intended to file proofs of service in the case. I explained that we long
ago objected to the service and that the court should not be provided with proofs of service
indicating that proper service had actually occurred. I asked if you had read the letter
previously sent to your former attorney Ramin Naderi, dated January 19, 2007 regarding the
defects in the complaint and service. You told me that you had. At the time I had forgotten
that it had been sent to you directly in July of 2007. On more than one occasion I "highly
encouraged" you to review the January 19th letter before filing anything.

The purpose of this letter is to again "highly encourage" you to review the letter prior to
filing anything. If the defects are not corrected, we intend to very aggressively pursue all
available remedies against you.

Very truly yours,


Stephen R. Holden

SRH:tmt

**Kelly Jones**

| | |
|---|---|
| **From:** | Steve Holden |
| **Sent:** | Thursday, May 22, 2008 3:07 PM |
| **To:** | Tina Taylor |
| **Subject:** | FW: Joanne Warwick |

Please file

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Steve Holden
**Sent:** Thursday, May 22, 2008 3:07 PM
**To:** 'Jose Luis Fuentes'
**Subject:** RE: Joanne Warwick

I'm guessing you mean the McGeorge School of Law. You're planning on taking a default against a defendant to whom a summons was never prepared and served?

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, May 22, 2008 3:01 PM
**To:** Steve Holden
**Subject:** RE: Joanne Warwick

Dear Mr. Holden,

I have read your letters and I will take the default of McGuire Law School according to my e-mail of 2:23 p.m. of this day.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612


**EXHIBIT 4**

5/29/2008

Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

==========
This e-mail (including any attachments) may contain information that is private, confidential, or
protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.
==========

**From:** Steve Holden [mailto:Steve@holdenlawgroup.com]
**Sent:** Thursday, May 22, 2008 2:58 PM
**To:** Jose Luis Fuentes
**Subject:** RE: Joanne Warwick

I am still waiting to hear from the client.

In any event, did you not read the letters I sent you last night? Who are you going to take a default against?
None of the purported defendants have been properly served. Do you have some evidence of proper service that
has not been shared with this office in the last year and a half?

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege.
The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please
contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the
intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, May 22, 2008 2:23 PM
**To:** Steve Holden
**Subject:** RE: Joanne Warwick

Mr. Holden,

I will take defendants default on May 23, 2008 if I do not hear from you by 5 p.m. on the issue of stipulating to the
filing of a second amended complaint.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

==========
This e-mail (including any attachments) may contain information that is private, confidential, or
protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.
==========

5/29/2008

**From:** Steve Holden [mailto:Steve@holdenlawgroup.com]
**Sent:** Thursday, May 22, 2008 12:57 PM
**To:** Jose Luis Fuentes
**Subject:** RE: Joanne Warwick

I believe he had long since expressed his desire to end the representation.

Attached is a letter that I had dictated, but had not yet been finalized sent to Ms. Warwick. In light of the fact that you now represent her, I will send it to you instead. I did not bother to have it printed on letterhead, etc. since we discussed this topic in our phone conversation last night.

I have not heard back from CalPAP yet today. I will contact you as soon as I do.

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, May 22, 2008 10:39 AM
**To:** Steve Holden
**Subject:** RE: Joanne Warwick

Mr. Holden,

I refer you to the register of action in Ms. Warwick case that shows that on March 6, 2008 the court entered an order relieving Mr. Walston as Ms. Warwick's attorney.

I express my gratitude for reaching out to your clients so we can move forward in an orderly manner for this point forward. I await your client's decision.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

===========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
===========

**From:** Steve Holden [mailto:Steve@holdenlawgroup.com]
**Sent:** Thursday, May 22, 2008 10:16 AM
**To:** Jose Luis Fuentes

5/29/2008

**Subject:** RE: Joanne Warwick

With due respect, Ms. Warwick's attorney withdrew from the case in the summer of 2007. On July 11, 2007 we directly provided Ms. Warwick with all the information necessary regarding the filing of a proper complaint and service of it. She has had multiple OSC's since that time. So, if she is not a litigator, why did she not start looking for a replacement attorney until March of 2008? And, if she started in March, why is it that you just called last night? I do not believe your email provides an excuse for Ms. Warwick's lack of diligence in pursuing the matter.

Nevertheless, as I promised last night, I have contacted my client to see if the client is willing to enter into a stipulation regarding a second amended complaint. Both of my contacts are currently out of the office, so I do not yet have an answer for you.

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

<u>**Statement of Confidentiality**</u>
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Wednesday, May 21, 2008 9:02 PM
**To:** Steve Holden
**Cc:** 'Jose Luis Fuentes'
**Subject:** RE: Joanne Warwick

Dear Mr. Holden,

I understand your concern. I believe that the court filing provide the best answer. Ms. Warwick had an attorney that provided ineffective assistances. Your correspondence and his lack of action tell the whole story. Her attorney withdrew from the case without doing what he told you he would do. Ms. Warwick is not a civil litigator and has been trying to find an attorney to take her case since March 2008. We will take her case. We will litigate her case. Last year we obtained settlement or jury verdicts against Fresno State University for over 25 million dollars in a span of 6 months. We will take your correspondence seriously and litigate seriously. The statute of limitation has not run against the individual or the institutional plaintiffs. I can not see a reason why the Court would not allow a second amended complaint when all the parties are saying that the amended complaint needs to be amended. I believe it is in everybody's best interest to stipulate to an amended complaint and move forward with discovery.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
========

5/29/2008

**From:** Steve Holden [mailto:Steve@holdenlawgroup.com]
**Sent:** Wednesday, May 21, 2008 7:13 PM
**To:** jlf499@sbcglobal.net
**Subject:** Joanne Warwick

Mr. Fuentes,

Unfortunately, Ms. Warwick's matter has a long history.  Attached are some letters that I found in the file.  The point of the letters was to highly encourage Ms. Warwick and her attorneys to follow proper procedures and to only file legitimate claims that could be supported by law and fact.  We feel as though we gave her every opportunity to do so, but she has done nothing.  Does she have an excuse?  I do not ask to be argumentative at this point.  I ask because I am sure I will be asked tomorrow by CalPAP.

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*
*530.888.0901*

**Statement of Confidentiality**

The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only.  If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email.  Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

5/29/2008

| *Attorney or Party without Attorney:* | | | | | For Court Use Only |
|---|---|---|---|---|---|
| RAMIN NADERI | | | | | |
| THE WALSTON LEGAL GROUP | | | | | |
| 222 COLUMBUS AVE., STE 320 | | | | | |
| North Beach, CA 94133 | | | | | |
| *Telephone No:* 415.956.9200      *FAX No:* 415.956.9205 | | | | | |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | | |

*Insert name of Court, and Judicial District and Branch Court:*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANSISCO

*Plaintiff:* JOANNE WARWICK

*Defendant:* California Parole Advocacy Program, A Business Entity, From Unkown; Califronia Boar

| PROOF OF SERVICE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|
| **Summons** | | | | CGC-06-455973 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Plaintiff's Amended Verified Complaint For Damages, Declaratory Judgment And Permanent Injunctive Relief; Demand For Jury Trail

3. a. *Party served:*               UNIVERSITY OF THE PACIFIC MCGEORGE SCHOOL OF LAW
   b. *Person served:*          PARTY IN ITEM 3A

4. *Address where the party was served:*       3455 FIFTH AVENUE
                                       Sacramento, CA 95817

5. *I served the party:*
   b. **by substituted service.** On: Fri., Jan. 12, 2007 at: 10:43AM by leaving the copies with or in the presence of:
                     TERI ENGLE
    (1) **(Business)** Authorized to Accept the Service of Process. I informed him or her of the general nature of the papers.
    (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
        copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Jan. 12, 2007 from: Sacramento, CA
    (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GERI L. TONEY                     d. *The Fee for Service was:*    $25.00
   b. **AGGRESSIVE PROCESS SERVING**        e. I am: (3) registered California process server
     2214 Loma Vista Drive, Registration # 03-07            *(i)*   Employee
     Sacramento, CA 95825                          *(ii)*   *Registration No.:*     03-07
   c. (916) 488-5813, FAX (916) 488-5812             *(iii)*   *County:*           Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Fri., Jan. 12, 2007

Judicial Council form POS-010
Rule 982.9.(a)&(b) Rev July 1, 2004

**EXHIBIT 5**

PROOF OF SERVICE
Summons

(GERI L. TONEY)

cgc-06-455.walston.4930

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attached

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOANNE WARWICK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94133

CASE NUMBER:
*(Número del Caso):*
CGC-06-455973

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin Naderi, THE WALSTON LEGAL GROUP
222 Columbus Ave, Ste. 320, San Francisco, CA 94133  Tel: (415) 956-9200; Fax: (415) 956-9205

DATE:
*(Fecha):* Jun 7   2006

Gordon Park-Li                    , Deputy
(Secretario)                       (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Page 1 of 1

CCP §§ 412.20, 465

**EXHIBIT** [C]

## NOTICE TO DEFENDANTS

CALIFORNIA PAROLE ADVOCACY PROGRAM, a business entity, form unknown;
CALIFORNIA BOARD OF PAROLE HEARINGS, a state agency; CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION, a state agency;
MARVIN SPEED, in his individual and official capacities; MARY SWANSON, in her
individual and official capacities; ANDREW WALKER, in his individual and official
capacities; RICK HEYER, in his individual and official capacities; PAUL LACY in his
individual and official capacities; TED RICH, in his individual and official capacities;
J.D. STOKES, in his individual and official capacities; JILL BROWN, in her individual
and official capacities; CLAUDIA BELSHAW, in her individual and official capacities;
PAT CASSADY, in her individual and official capacities; RICK WINISTORFER, in his
individual and official capacities; PATRICIA MILLER, in her individual and official
capacities; ROBERT AMBROSELLI, in his individual and official capacities; SUE E.
FACCIOLA, in her individual and official capacities; GARY C. SWARTHOUT, in his
individual and official capacities; DAVID ROMERO, in his individual and official
capacities; MIKE MILLER, in his individual and official capacities; DOES ONE through
TWENTY-FIVE, inclusive

1   Stephen R. Holden, Bar No. 166094
    Kelly A. Jones, Bar No. 212290
2   HOLDEN LAW GROUP
    1234 High Street
3   Auburn, CA 95603
    Telephone:    530.888.0901
4   Facsimile:    530.888.0902

5

    Attorneys for University of the Pacific
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10
    JOANNE WARWICK,                      Case No.  CGC-06-455973
11
                Plaintiff,               **DECLARATION OF STEPHEN R.**
12                                       **HOLDEN IN SUPPORT OF UNIVERSITY**
         v.                              **OF THE PACIFIC'S MOTION TO QUASH**
13
    CALIFORNIA PAROLE ADVOCACY
14  PROGRAM, *et al.*,                   Date:  July 16, 2006
                                         Time:  9:30 a.m.
15              Defendants.              Dept:  301
                                         Judge: Honorable Peter Busch
16
                                         Complaint filed:  September 7, 2006
17

18
    I, STEPHEN R. HOLDEN, declare:
19
       1.  I am an attorney at law duly admitted to practice before all the courts of the State of California
20
           and an attorney of record herein for University of the Pacific ("UOP").  I have personal
21
           knowledge of the facts contained in this Declaration and could and would testify to them
22
           competently if called upon to do so.
23
       2.  I first became aware of Plaintiff when contacted by her former attorney, Ramin Naderi, back in
24
           April of 2006.  At that time Mr. Naderi stated that Plaintiff had "claims" against the California
25
           Parole Advocacy Program ("CalPAP").  But, he was unwilling to put the "claims" down in
26
           writing or make a demand so I could evaluate the "claims" prior to the initiation of litigation.
27
           Instead he indicated that he would just file a lawsuit.  I told him that if that was his intent, he
28

DECLARATION OF STEPHEN R. HOLDEN IN
SUPPORT OF MOTION TO QUASH

1    could serve my law office with the lawsuit and that I was authorized to accept service on behalf

2    of the University of the Pacific. No lawsuit was forthcoming.

3    3.  It was not until January of 2007 that I or my client became aware of the complaint filed by

4    Plaintiff in September of 2006. A copy of the an amended complaint was mailed to the offices

5    occupied by CalPAP along with the summons attached as Exhibit 6 to UOP's motion to quash.

6    Nothing else was included. Most notably missing was a notice of acknowledgment and receipt

7    for substitute service. I contacted Mr. Naderi and pointed out the defects (along with asking

8    why he did not simply serve me as I had offered previously). He argued that there was nothing

9    wrong with the service. Later in January, a copy of the amended complaint and the same

10    summons were dropped off with a front desk clerk at the CalPAP offices. Again, none of the

11    other documents required for proper service were included. Thereafter, I wrote Mr. Naderi on

12    January 19, 2007 to point out the specific problems with the service and the blatant defects in

13    the amended complaint. I also had numerous telephone conferences and email exchanges on

14    the subject with Mr. Naderi and Plaintiff's other attorney at the time, Greg Walston. I was

15    repeatedly told that Plaintiff would amend her complaint to address the defects. I again offered

16    that the amended complaint could be served by mail on my office. Nothing was ever served.

17    4.  In July of 2007, when we became aware that Plaintiff was no longer being represented by Mr.

18    Naderi, an associate from my office wrote Plaintiff to make sure she was aware of the previous

19    information we had provided to Mr. Naderi and Mr. Walston on the defects of service and

20    defects in the complaint. We strongly encouraged her to correct these problems, and warned (as

21    we had Mr. Naderi) that if we had to defend against frivolous claims, we would seek all possible

22    remedies.

23    5.  On May 15, 2008, I spoke by telephone with Plaintiff. She informed me that she would be

24    representing herself and that she had to file proofs of service. During the conversation, I

25    repeatedly (at least 5 times) highly encouraged Plaintiff to review the letter I wrote to her former

26    counsel dated January 19, 2007 before she served anything. I informed her that if the proof she

27    intended to file was based upon the alleged service back in January of 2007, it was defective and

28    that she should not file any such proof. She made a somewhat ambiguous reference to her

**DECLARATION OF STEPHEN R. HOLDEN IN
SUPPORT OF MOTION TO QUASH**    2

intent to amend the complaint to which I again stated that I was authorized to accept service on behalf of UOP but not any individuals. I explained repeatedly that she should review the January 19, 2007 letter because of the detail it contained on the proper defendants, claims and our position on the filing and service of frivolous items. Plaintiff stated that the amended complaint was already filed, so she just had to serve it and that she would deal with amending it later.

6. On the evening of May 21, 2008, I received a telephone call from Plaintiff's latest attorney, Jose Luis Fuentes. I discussed the history of the matter and my prior contacts with Plaintiff's other attorneys. As I had with Plaintiff, I encourage Mr. Fuentes to review my letter of January 19, 2007 and consider the defects in service and the complaint before filing anything. I emailed him copies of that letter along with the letter sent to Plaintiff in July of 2007. I also emailed him an exact copy of the documents that had been delivered to the CalPAP offices in January 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Auburn, California, on June 6, 2008.

Dated: June 6, 2008

HOLDEN LAW GROUP

By: _____
Stephen R. Holden
Attorneys for University of the Pacific

HOLDEN LAW GROUP
1234 High Street
Auburn, CA 95603
530.888.9901

DECLARATION OF STEPHEN R. HOLDEN IN
SUPPORT OF MOTION TO QUASH                    3

1    Stephen R. Holden, Bar No. 166094
     Kelly A. Jones, Bar No. 212290
2    HOLDEN LAW GROUP
     1234 High Street
3    Auburn, CA 95603
     Telephone:    530.888.0901
4    Facsimile:    530.888.0902

5    Attorneys for University of the Pacific

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11   JOANNE WARWICK,                        Case No. CGC-06-455973

12                  Plaintiff,              **DECLARATION OF KELLY A. JONES IN
                                            SUPPORT OF UNIVERSITY OF THE
                                            PACIFIC'S MOTION TO QUASH**
             v.

13   CALIFORNIA PAROLE ADVOCACY
14   PROGRAM, *et al.*,                     Date:  July 16, 2008
                                            Time:  9:30 a.m.
15                  Defendants.             Dept:  301
                                            Judge: Honorable Peter Busch

16                                          Complaint filed: September 7, 2006

17

18

19   I, KELLY A. JONES, declare:

20      1.  I am an attorney at law duly admitted to practice before all the courts of the State of California

21          and an attorney of record herein for University of the Pacific ("UOP").  I have personal

22          knowledge of the facts contained in this Declaration and could and would testify to them

23          competently if called upon to do so.

24      2.  I have spent approximately 9.0 hours researching and preparing UOP's Motion to Quash Service

25          of Summons.  My normal billable rate is $270.00 per hour.  Thus, at that billable rate, it has cost

26          my client $2,430.00 to file this motion and all supporting documents.

27      3.  I anticipate the hearing on this matter to be 5.0 hours in length, inclusive of travel time, for an

28          estimated cost of $1,350.00.

**DECLARATION OF KELLY A. JONES IN SUPPORT
OF MOTION TO QUASH**

1    I declare under penalty of perjury under the laws of the State of California that the foregoing is true

2    and correct.  Executed in Auburn, California, on June 6, 2008.

3    Dated:  June 6, 2008                          HOLDEN LAW GROUP

4

5                                                  By: _____

6                                                  Kelly A. Jones
                                                   Attorneys for University of the Pacific

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF KELLY A. JONES IN SUPPORT**          2
**OF MOTION TO QUASH**

# EXHIBIT 31



1  Stephen R. Holden, Bar No. 166094
   Kelly A. Jones, Bar No. 212290
2  HOLDEN LAW GROUP
   1234 High Street
3  Auburn, CA 95603
   Telephone:    530.888.0901
4  Facsimile:    530.888.0902

5

   Attorneys for University of the Pacific
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10
   JOANNE WARWICK,                    Case No. CGC-06-455973
11
              Plaintiff,              **UNIVERSITY OF PACIFIC'S NOTICE OF**
12                                    **MOTION TO QUASH SERVICE OF**
       v.                             **SUMMONS AND FOR ATTORNEY'S FEES**
13                                    **AND COSTS**
   CALIFORNIA PAROLE ADVOCACY
14 PROGRAM, *et al.*,                 Date:   July 16, 2008
                                      Time:   9:30 a.m.
15            Defendants.             Dept:   301
                                      Judge:  Honorable Peter Busch
16

17                                    Complaint filed: September 7, 2006

18
   TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ACTION:
19
       **NOTICE IS HEREBY GIVEN** that on July 16, 2008, at 9:30 a.m., or as soon thereafter as
20
   the matter may be heard, in Department 301 of this Court, located at 400 McAllister Street, San
21
   Francisco, California, University of the Pacific, a California corporation ("UOP") will bring on for
22
   hearing its Motion to Quash Service of Summons pursuant to California Code of Civil Procedure
23
   sections 418.10. The Motion will be based on this Notice; the Motion to Quash and Memorandum of
24
   Points and Authorities filed herewith; Declaration of Stephen R. Holden; Declaration of Kelly A. Jones;
25
   the complete records and files of this action; and such evidence as may be presented at the hearing.
26
27     ///

28     ///            **EXHIBIT 31**

HOLDEN LAW GROUP
1234 High Street
Auburn, CA 95603
530.888.0901
                 NOTICE OF MOTION

1    Pursuant to Local Rule 8.3, the court will make a tentative ruling on

2    the merits of this matter by 3:00 p.m., the court day before the

3    hearing. To receive the tentative ruling, call the department in which

4    the matter is to be heard at 415-551-4000 (Department 301).  If you

5    do not call the court and the opposing party by 4:00 p.m. the court

6    day before the hearing, no hearing will be held.

7    Dated: June 6, 2008                    HOLDEN LAW GROUP

8

9                                    By: _____

10                                        Kelly A. Jones
                                         Attorneys for University of the Pacific

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 32

# IMAGED

NAME, ADDRESS, TELEPHONE NUMBER OF ATTORNEY(S)

JOSE LUIS FUENTES, SBN 192236
SIEGEL & YEE
499 14 th. St., suite 220
OAKLAND, CA 94612
510-839-1200
ATTORNEY(S) FOR: JOANNE WARWICK

JUL 2 2008

SPACE BELOW OR COURT USE ONLY

**FILED**
Superior Court of California
County of San Francisco

JUL 2 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

| AMENDMENT TO COMPLAINT | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CASE NUMBER CGC-06-455973 |
|---|---|---|

JOANNE WARWICK
_____
Plaintiff(s)

vs. CALIFORNIA PAROLE ADVOCACY PROGRAM, ET AI
_____
Defendant(s)

## FICTITIOUS NAME [SEC. 474 C.C.P.]

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

Doe 1
_____

and having discovered the true name of the said defendant to be:

University of the Pacific
_____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for plaintiff(s)

## INCORRECT NAME [SEC. 473 (a)(1) C.C.P.]

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

_____

and having discovered the true name of the said defendant to be

_____

hereby amend(s) the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for Plaintiff(s)

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated: _____     _____
Judge

**F1011**
Rev. 12/04

### AMENDMENT TO COMPLAINT

# EXHIBIT 32

# EXHIBIT 33

ATTORNEY OF PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Jose Luis Fuentes                    192236
Siegel & Yee
499 14th Street, Suite 220
Oakland, CA 94612
TELEPHONE NO.: (510) 839-1200    FAX NO. *(Optional)*: (510) 444-6698
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: JOANNE WARWICK

**FOR COURT USE ONLY**

F I L E D
Superior Court of California
County of San Francisco

JUL 2 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street          IMAGED
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514    JUL 1 6 2008
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER:    JOANNE WARWICK | CASE NUMBER: CGC 06-455973 |
| DEFENDANT/RESPONDENT:    UNIVERSITY OF THE PACIFIC, also MCGEORGE SCHOOL OF LAW, INSTITU | |
| *Amended* PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: CGC-06-455973 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint - *Amended*
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: AMENDMENT TO COMPLAINT - *DOE 1*

3. a. Party served *(specify name of party as shown on documents served)*:
      University of the Pacific, *sued herein as Doe 1*

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Larry G. Brehm

4. Address where the party was served:
   3622 Stagway, Stockton, CA 95211

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: July 2, 2008    (2) at *(time)*: 12:00 p.m.
   b. [ ] **by substituted service.** On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Martin Dean's
ESSENTIAL FORMS

EXHIBIT 33    Joanne Warwick

PLAINTIFF/PETITIONER: JOANNE WICK

DEFENDANT/RESPONDENT: UNIVERSITY OF THE PACIFIC, also

NUMBER:
CGC 06-455973

5.  c. ☐ **by mail and acknowledgment of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                            (2)    from *(city)*:

(3)  ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4)  ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d.  ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐ as an individual defendant.

b.  ☒ as the person sued under the fictitious name of *(specify):*  Doe 1

c.  ☐ as occupant.

d.  ☒ On behalf of *(specify):* University of the Pacific

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)              ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                            ☐ other:

7.  **Person who served papers**

a.  Name: Jose Luis Fuentes

b.  Address: 499 14th Street, Suite 220, Oakland, CA 94612

c.  Telephone number: 510/839-1200

d.  **The fee** for service was: $

e.  I am:

(1)  ☒ not a registered California process server.

(2)  ☐ exempt from registration under Business and Professions Code section 22350(b).

(3)  ☐ registered California process server:

(i)  ☐ owner   ☐ employee   ☐ independent contractor.

(ii)  Registration No.:

(iii)  County:

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐ **I am a California sheriff or marshal and** certify that the foregoing is true and correct.

Date: July 2, 2008

Jose Luis Fuentes
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▸ _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Martin Dean's
ESSENTIAL FORMS™

Joanne Warwick

# EXHIBIT 34

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jose Luis Fuentes          192236<br>Siegel & Yee<br>499 14th Street, Suite 220<br>Oakland, CA 94612 | |

TELEPHONE NO.: (510) 839-1200    FAX NO. *(Optional)*: (510) 444-6698

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: JOANNE WARWICK

**F I L E D**
Superior Court of California
County of San Francisco

**JUL 0 3 2008**

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

CASE NAME:
WARWICK v. CalPAP

| **SUBSTITUTION OF ATTORNEY – CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CGC 06-455973 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Plaintiff                    makes the following substitution:

1. **Former legal representative** [X] Party represented self [ ] Attorney *(name)*:

2. **New legal representative** [ ] Party is representing self* [X] Attorney
   a. Name: Jose Luis Fuentes           b. State Bar No. *(if applicable)*: 192236
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
   499 14th Street, Suite 220, Oakland, CA 94612

   d. Telephone No. *(include area code)*: 510/839-1200

3. The party making this substitution is a [X] plaintiff [ ] defendant [ ] petitioner [ ] respondent [ ] other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: July 2, 2008

Joanne Warwick
_____
(TYPE OR PRINT NAME)

▶ _Joanne Warwick_ _____
(SIGNATURE OF PARTY)

5. [ ] I consent to this substitution.
   Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF FORMER ATTORNEY)

6. [X] I consent to this substitution.
   Date: July 2, 2008

Jose Luis Fuentes
_____
(TYPE OR PRINT NAME)

**EXHIBIT 34**

▶ _____
(SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**SUBSTITUTION OF ATTORNEY – CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

Joanne Warwick

MC-050

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney - Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney-Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney-Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*: 499 14th Street, Suite 220, Oakland, CA 94612

2. I served the Substitution of Attorney-Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing: July 2, 2008   (2) Place of mailing *(city and state)*: Oakland, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 2, 2008

Jose Luis Fuentes
(TYPE OR PRINT NAME)

_(SIGNATURE)_

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Stephen R. Holden
   b. Address *(number, street, city, and ZIP)*: Holden Law Group
   1234 High Street
   Auburn, CA 95603

   c. Name of person served: COURTNEY LUI
   d. Address *(number, street, city, and ZIP)*: Deputy Attorney General
   1515 Clay Street, 20th Fl
   Oakland, CA 94612

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY - CIVIL**
**(Without Court Order)**

Martin Dean's
ESSENTIAL FORMS™

Joanne Warwick

# EXHIBIT 35

1  DAN SIEGEL, SBN 56400
2  JOSE LUIS FUENTES, SBN 192236
   SIEGEL & YEE
3  499 14th Street, Suite 220
   Oakland, California 94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5
   Attorneys for Plaintiff
6  JOANNE WARWICK
7

**F I L E D**
Superior Court of California
County of San Francisco

**JUL 03 2008**

GORDON PARK-LI, Clerk

BY: _____
                        Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA

9              CITY AND COUNTY OF SAN FRANCISCO

10 JOANNE WARWICK,                      Case No. CGC 06-455-973

11          Plaintiff,

12     vs.                             **PLAINTIFF'S OPPOSITION TO
                                       DEFENDANT'S MOTIONS TO QUASH
13                                     AND MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT
14 CALIFORNIA PAROLE ADVOCACY          THEREOF;DECLARATION OF JOSE
   PROGRAM, ET. AL.,                   LUIS FUENTES**
15
            Defendants.                Date:  July 16, 2008
16                                     Time:  9:30 am
                                       Dept. 301
17                                     Judge:  Honorable Peter Busch

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 35

SIEGEL & YEE
199 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO QUASH

1    Plaintiff JOANNE WARWICK hereby opposes University of the Pacific's ("Defendant"),

2    [also known as University of the Pacific, McGeorge School of Law, University of the Pacific,

3    McGeorge School of Law, Institute of Administrative Justice, and doing business as and also

4    known as California Parole Advocacy Program (CalPAP)] Motion to Quash Service of Summons

5    ("MTQ") and request that the Court deny the MTQ in its entirety for the following three reasons:

6

7    1.    Defendant's contention unduly places form over substance because no one has

8    been deceived by the complained of Proof of Service or Amended Complaint previously filed in

9    this action. MTQ Ex. 5; *See Hawkins, Jr. v. Pacific Coast Building Products, Inc.* (Cal.App. 3

10   Dist., 2004 ) 124 Cal.App.4th 1497 (Hawkins was attempting to sue former employer but was

11   unaware of employer's proper corporate name until he received Pacific Coast's motion to quash

12   service of the summons.  The court reversed the trial court grant of defendant's demurrer.).  The

13   technical defect complained of by Defendant's counsel was cured on July 2, 2008 by filing

14   amended pleadings with the court.  *See* **Exhibit 5**, Declaration of Jose Luis Fuentes ("JLF Dec.")

15   hereby incorporated by reference and attached to this opposition. Therefore, Defendant's motion

16   is moot and was unnecessary because Plaintiff's counsel has tried to reason with Defendant's

17   counsel to stipulate to a 2Nd Amended Complaint, or in the alternative a stipulation allowing

18   Plaintiff to withdraw the alleged offending Proof of Service to no avail.  JLF Dec.

19   2.    Defendant's counsel is "guilty of the kind of legalistic myopia which brings the

20   law into disrepute" because he and his client had actual notice of the complaint by his own

21   representations to this Court and to plaintiff. (MTQ, 2:12-15; MTQ Ex. 2; *See Cory v. City of*

22   *Huntington Beach* (Cal.App. 1974.) 43 Cal.App.3d 131, 136; *Bell v. Tri-City Hosp. Dist.*

23   (Cal.App. 4 Dist.,1987*)* 196 Cal.App.3d 438 ("By resolving the case consistent with the correct

24   theory, we further the public policy of deciding cases on their merits and foster uniform treatment

25   of litigants.").  The Amended Proof of Service filed on July 2, 2008 by Plaintiff has provided no

26   information that Defendant did not already have.

27

28

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

2

1        3.      An award of attorney's fees is not authorized in connection with the MTQ under

2 C.C.P. § 416.10. Furthermore, an award of attorney's fees under C.C.P. § 128.7 is drastic and

3 should only be imposed where clearly authorized by law and where the demanding party has

4 established good cause. Defendant has not filed a separate motion pursuant C.C.P. § 128.7 (c)(1)

5 and therefore the request within the MTQ is unauthorized. Defendant can not bring a separate

6 motion because Plaintiff requested that Defendant's stipulate to remove the alleged offending

7 Proof of Service but Defendant's refused to stipulate to the removal. *See* JLF Dec.

8        In the final analysis, Plaintiff has leaped through all the hoops of C.C.P. § 474 because

9 Defendant's would not stipulate to allow Plaintiff to amend the complaint to fix the technicality.

10 By Defendant not stipulating to amend the complaint, they have created needless work and cost

11 for themselves, the Plaintiff, and the Court. Defendant's motion is a disservice to the cause of

12 justice when the identity of Defendant was known, the only thing unknown being the true name,

13 it is no disservice to Defendant or to the cause of justice to stipulate to technical amendments.

14 The Court should deny Defendant's motion in its entirety.

15

16 July 2, 2008                                 Siegel & Yee

17

18                                   JOSE LUIS FUENTES

19                                   Attorneys for Plaintiff

20                                   JOANNE WARWICK

21

22

23

24

25

26

27

28

1    DECLARATION OF JOSE LUIS FUENTES

2    I, JOSE LUIS FUENTES, declare and state as follows:

3    1. I am an attorney for the Plaintiff, JOANNE WARWICK. I make this declaration in support of

4    Plaintiff's Opposition to Defendant's Motions to Quash and Memorandum of Points and

5    Authorities in Support Thereof . If called upon as a witness, I could and would competently

6    testify to the following facts.

7    2. On May 21, 2008, I corresponded with Stephen R. Holden to introduce myself as a potential

8    attorney for Plaintiff and to inquire about the possibility of Defendant stipulating to allow

9    Plaintiff to amend her complaint.  **Exhibit 1,** May 21, 2008 correspondence, hereby incorporated

     by reference.

10   3. Between May 23, 2008 and June 26, 2008, I amended Plaintiff's complaint. On June 26, 2008,

11   I spoke with Defendant's counsel Kelly Jones who stated she had authority to enter into a

12   stipulation regarding the MTQ. Ms. Jones agreed to stipulate to allow Plaintiff to amend her

13   complaint as a resolution to the MTQ. After I sent her the stipulation she reneged on our

14   agreement.  **Exhibit 2,** June 26, 2008 correspondence, hereby incorporated by reference.

15   Thereafter, I asked Ms. Jones if she would stipulate to allow Plaintiff to withdraw the alleged

16   offending Proof of Services.  **Exhibit 3,** June 26, 2008 correspondence, hereby incorporated by

17   reference. She would not agree.  **Exhibit 4,** June 27, 2008 correspondence, hereby incorporated

18   by reference.

19   4. On July 2, 2007, I personally drove out to Stockton California to serve the summons, amended

20   complaint, Doe Amendment, and ADR package to Defendant's agent for service of process to

21   end the gamesmanship by Defendant's counsels.  **Exhibit 5, Amended Proof of Service and**

22   **Doe Amendment.** I also left a message with Defendant's counsel to inform him that his client

23   had been properly served and to inquire whether they would withdraw their MTQ and stipulate to

24   a 2nd Amended Complaint. As of the service of this Opposition, I have not heard from

     Defendant's counsel.

25   I declare under penalty of perjury under the laws of California that the foregoing is true and

26   correct.

27   Executed on July 2, 2008, at Oakland, California.

28                                                        Jose Luis Fuentes

## Jose Luis Fuentes

**From:** Jose Luis Fuentes [jlf499@sbcglobal.net]
**Sent:** Wednesday, May 21, 2008 9:02 PM
**To:** 'Steve Holden'
**Cc:** 'Jose Luis Fuentes'
**Subject:** RE: Joanne Warwick

Dear Mr. Holden,

I understand your concern. I believe that the court filing provide the best answer. Ms. Warwick had an attorney that provided ineffective assistances. Your correspondence and his lack of action tell the whole story. Her attorney withdrew from the case without doing what he told you he would do. Ms. Warwick is not a civil litigator and has been trying to find an attorney to take her case since March 2008. We will take her case. We will litigate her case. Last year we obtained settlement or jury verdicts against Fresno State University for over 25 million dollars in a span of 6 months. We will take your correspondence seriously and litigate seriously. The statute of limitation has not run against the individual or the institutional plaintiffs. I can not see a reason why the Court would not allow a second amended complaint when all the parties are saying that the amended complaint needs to be amended. I believe it is in everybody's best interest to stipulate to an amended complaint and move forward with discovery.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile:  510/ 444-6698

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

**From:** Steve Holden [mailto:Steve@holdenlawgroup.com]
**Sent:** Wednesday, May 21, 2008 7:13 PM
**To:** jlf499@sbcglobal.net
**Subject:** Joanne Warwick

Mr. Fuentes,

Unfortunately, Ms. Warwick's matter has a long history. Attached are some letters that I found in the file. The point of the letters was to highly encourage Ms. Warwick and her attorneys to follow proper procedures and to only file legitimate claims that could be supported by law and fact. We feel as though we gave her every opportunity to do so, but she has done nothing. Does she have an excuse? I do not ask to be argumentative at this point. I ask because I am sure I will be asked tomorrow by CalPAP.

*Steve Holden*
*Holden Law Group*
*1234 High Street*
*Auburn, CA 95603*

530.888.0901

Statement of Confidentiality
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**Jose Luis Fuentes**

**From:**    Kelly Jones [kelly@holdenlawgroup.com]
**Sent:**    Thursday, June 26, 2008 5:10 PM
**To:**      Jose Luis Fuentes
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Mr. Fuentes:

I may have jumped the gun with my agreement and should have reviewed my file rather than simultaneously agreeing with you. I cannot stipulate because my client has not been served with process and has not yet made a general appearance. Therefore, I think you will need to submit the stipulation only with the AG's office included. I apologize for any confusion.

Kelly Jones

Kelly A. Jones
Holden Law Group
1234 High Street
Auburn, CA 95603
530.888.0901
530.888.0902 (Fax)

Statement of Confidentiality
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, June 26, 2008 4:49 PM
**To:** Kelly Jones; karen.donald@doj.ca.gov
**Cc:** jlf499@sbcglobal.net
**Subject:** Warwick v. CalPAP, et al, CGC-06-455973

Dear Counsels,

Thank you for your patience. I have amended Ms. Warwick complaint and have it ready for filing. I am enclosing a stipulation and proposed order so that I may have it filed and served. Please review and if acceptable please sign and fax the signature page to my office for filing.

Thank you and I look forward to working with you folks.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

7/2/2008

## Jose Luis Fuentes

**From:**     Jose Luis Fuentes [jlf499@sbcglobal.net]
**Sent:**     Friday, June 27, 2008 2:17 PM
**To:**       'Kelly Jones'
**Subject:**  RE: Warwick v. CalPAP, et al, CGC-06-455973

Ms. Jones,

The clerk of the court requires a stipulation to withdraw the proof of service. Please let me know if you will sign a stipulation.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

---

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

---

**From:** Kelly Jones [mailto:kelly@holdenlawgroup.com]
**Sent:** Friday, June 27, 2008 8:07 AM
**To:** Jose Luis Fuentes
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Mr. Fuentes:

I don't think you need a stipulation to do so. In fact, I think to avoid the sanctions requested in our motion for monetary sanctions, you are required to withdraw the proof of service to avoid those sanctions. Please let me know if the court requires a stipulation.

The problem we have with taking the motions off calendar -- even faced with your impending amended complaint, is that Mr. Holden indicated to you that our client was not properly served and that the proof of service was improper. It was filed anyway. Based upon that our client has spent thousands of dollars filings its motions.

I am out of the office today. If you wish to discuss this matter further, I will be availabel on Monday.

Thank you.

Kelly Jones

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thu 6/26/2008 6:42 PM
**To:** Kelly Jones

**Cc:** jlf499@sbcglobal.net
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Ms. Jones,

I need to know if you folks will stipulate to Ms. Warwick withdrawing the proof of service that is the subject of your motion to quash?

Jose Luis Fuentes

---

**From:** Kelly Jones [mailto:kelly@holdenlawgroup.com]
**Sent:** Thursday, June 26, 2008 5:10 PM
**To:** Jose Luis Fuentes
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Mr. Fuentes:

I may have jumped the gun with my agreement and should have reviewed my file rather than simultaneously agreeing with you. I cannot stipulate because my client has not been served with process and has not yet made a general appearance. Therefore, I think you will need to submit the stipulation only with the AG's office included. I apologize for any confusion.

Kelly Jones

Kelly A. Jones
Holden Law Group
1234 High Street
Auburn, CA 95603
530.888.0901
530.888.0902 (Fax)

<u>Statement of Confidentiality</u>
The information contained in this email is intended to be personal, confidential and/or protected by the attorney-client privilege. The information is intended to be reviewed by the recipient(s) identified above only. If you are not an intended recipient, please contact the sender at 530.888.0901 or by return email. Any use, distribution, copying or disclosure by anyone other than the intended recipient is strictly prohibited.

---

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thursday, June 26, 2008 4:49 PM
**To:** Kelly Jones; karen.donald@doj.ca.gov
**Cc:** jlf499@sbcglobal.net
**Subject:** Warwick v. CalPAP, et al, CGC-06-455973

Dear Counsels,

Thank you for your patience. I have amended Ms. Warwick complaint and have it ready for filing. I am enclosing a stipulation and proposed order so that I may have it filed and served. Please review and if acceptable please sign and fax the signature page to my office for filing.

Thank you and I look forward to working with you folks.

Sincerely,

Jose Luis Fuentes
Siegel & Yee

499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile:  510/ 444-6698

This e-mail (including any attachments) may contain information that is private, confidential, or
protected by attorney-client or other  privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.

7/2/2008

## Jose Luis Fuentes

**From:**    Jose Luis Fuentes [jlf499@sbcglobal.net]
**Sent:**    Friday, June 27, 2008 2:17 PM
**To:**    'Kelly Jones'
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Ms. Jones,

The clerk of the court requires a stipulation to withdraw the proof of service. Please let me know if you will sign a stipulation.

Sincerely,

Jose Luis Fuentes
Siegel & Yee
499 14th Street, Suite 220
Oakland, California 94612
Telephone: 510/ 839-1200
Facsimile: 510/ 444-6698

═══════════

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

═══════════

**From:** Kelly Jones [mailto:kelly@holdenlawgroup.com]
**Sent:** Friday, June 27, 2008 8:07 AM
**To:** Jose Luis Fuentes
**Subject:** RE: Warwick v. CalPAP, et al, CGC-06-455973

Mr. Fuentes:

I don't think you need a stipulation to do so. In fact, I think to avoid the sanctions requested in our motion for monetary sanctions, you are required to withdraw the proof of service to avoid those sanctions. Please let me know if the court requires a stipulation.

The problem we have with taking the motions off calendar – even faced with your impending amended complaint, is that Mr. Holden indicated to you that our client was not properly served and that the proof of service was improper. It was filed anyway. Based upon that our client has spent thousands of dollars filings its motions.

I am out of the office today. If you wish to discuss this matter further, I will be availabel on Monday.

Thank you.

Kelly Jones

**From:** Jose Luis Fuentes [mailto:jlf499@sbcglobal.net]
**Sent:** Thu 6/26/2008 6:42 PM
**To:** Kelly Jones

7/2/2008

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Jose Luis Fuentes                     192236
Siegel & Yee
499 14th Street, Suite 220
Oakland, CA 94612

TELEPHONE NO.: (510) 839-1200    FAX NO. *(Optional):* (510) 444-6698
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* JOANNE WARWICK

FOR COURT USE ONLY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 2 2008

GORDON PARK-LI, Clerk
BY: ___BERNADETTE THOMPSON___
                              Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: JOANNE WARWICK

DEFENDANT/RESPONDENT: UNIVERSITY OF THE PACIFIC, also
MCGEORGE SCHOOL OF LAW, INSTITU

CASE NUMBER:
CGC 06-455973

**Amended** PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
CGC-06-455973

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint - **Amended**
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* AMENDMENT TO COMPLAINT - **DOE 1**

3. a. Party served *(specify name of party as shown on documents served):*
      University of the Pacific, **sued herein as Doe 1**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Larry G. Brehm

4. Address where the party was served:
   3622 Stagway, Stockton, CA 95211

5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* July 2, 2008    (2) at *(time):* 12:00 p.m.
   b. [ ] by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Martin Dean's
ESSENTIAL FORMS™

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10

Joanne Warwick

PLAINTIFF/PETITIONER: JOANNE CARWICK

DEFENDANT/RESPONDENT: UNIVERSITY OF THE PACIFIC, also

NUMBER: 06-455973

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:           (2)   from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☒ as the person sued under the fictitious name of *(specify)*: Doe 1

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify)*: University of the Pacific

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                                       ☐ other:

7. **Person who served papers**

  a. Name: Jose Luis Fuentes

  b. Address: 499 14th Street, Suite 220, Oakland, CA 94612

  c. Telephone number: 510/839-1200

  d. The fee for service was: $

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: July 2, 2008

Jose Luis Fuentes
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                 (SIGNATURE)

Joanne Warwick

1  DAN SIEGEL, SBN 56400
2  JOSE LUIS FUENTES, SBN 192236
   SIEGEL & YEE
3  499 14th Street, Suite 220
   Oakland, California 94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5
6  Attorneys for Plaintiff
   JOANNE WARWICK
7

**FILED**
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 JUL -3 AM 11: 15

GORD___ ___K - LI CLERK

BY _____
           DEPUTY CLERK

8              SUPERIOR COURT OF CALIFORNIA

9           CITY AND COUNTY OF SAN FRANCISCO

10  JOANNE WARWICK,                    Case No. CGC 06-455-973

11        Plaintiff,

12     vs.                             **PROOF OF SERVICE**

13  CALIFORNIA PAROLE ADVOCACY          Date: July 16, 2008
                                        Time: 9:30 am
14  PROGRAM, ET. AL.,                   Dept. 301
                                        Judge: Honorable Peter Busch
15        Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

SIEGEL & YEE
499 14th Street, Suite 220
Oakland, CA 94612
510-839-1200

                         1

**PROOF OF SERVICE**

1       I am employed in the County of Alameda, State of California. I am over the age of

2 18 years and not a party to the within action. My business address is 499 14th Street,

3 Suite 220, Oakland, California 94612.

4       On July 2, 2008, I served the following document(s):

5 1. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO QUASH
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

6 THEREOF;DECLARATION OF JOSE LUIS FUENTES

7 by transmitting a copy as follows:

8 Stephen R. Holden
Holden Law Group

9 1234 High Street
Auburn, CA 95603

10

11 Via the following manner:

12       By causing to be delivered to Federal Express these documents, which are in an

13 envelope addresses as stated above, and will be sealed with postage fully prepaid for next

14 day delivery.

15       I declare under penalty of perjury that the above is true and correct under the laws

16 of the State of California.

17 Dated: July 2, 2008                        SIEGEL & YEE

18

19

20                                By: _____
                               Jose Luis Fuentes

21

22

23

24

25

26

27

28

# EXHIBIT 36

**POS-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Kelly A. Jones  Bar No. 212290<br>Holden Law Group<br>1234 High Street<br>Auburn, CA  95603-5015<br><br>TELEPHONE NO.: 530.888.0901    FAX NO. (Optional): 530.888.0902<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): University of the Pacific | FOR COURT USE ONLY<br><br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>JUL  7 2008<br><br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

PETITIONER/PLAINTIFF: Joanne Warwick

RESPONDENT/DEFENDANT: California Parole Advocacy Program, et al

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CGC-06-455973 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   1234 High Street
   Auburn, CA  95603

3. On *(date):* 6/6/08        I mailed from *(city and state):* Auburn, CA
   the following **documents** *(specify):*

   [✓] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. [✓] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [ ] **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Jose Luis Fuentes
   b. **Address** of person served:
      499 14th Street, Suite 220
      Oakland, CA  94612

**EXHIBIT 36**

   [ ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/6/08

Tina M. Taylor
_____        _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

POS-030(D)

| SHORT TITLE: Warwick v. CalPAP et al | CASE NUMBER:<br>CGC-06-455973 |
| --- | --- |

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL  (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-030)*

The documents that were personally served by first-class mail are as follows *(describe each document specifically)*:

• Declaration of Kelly A. Jones in Support of University of the Pacific's Motion to Quash

• Declaration of Stephen R. Holden in Support of University of the Pacific's Motion to Quash

• University of Pacific's Motion to Quash Service of Summons By Special Appearance and Memorandum of Points and Authorities in Support Thereof

• University of Pacific's Notice of Motion to Quash Service of Summons and For Attorney's Fees and Costs

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY
FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
(Proof of Service)

Page ____ of ____

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT 37

1  JOSE LUIS FUENTES, SBN 192236
   SIEGEL & YEE
2  499 14th Street, Suite 220
3  Oakland, California 94612
   Telephone: (510) 839-1200
4  Facsimile: (510) 444-6698

**F I L E D**
Superior Court of California
County of San Francisco

JUL 1 8 2008

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

5  Attorneys for Plaintiff
   Joanne Warwick
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
9

10  JOANNE WARWICK                    Case No. CGC 06 455973
11                 Plaintiff,         STIPULATION OF COUNSEL
                                      ALLOWING PLAINTIFF TO
12                                    AMEND HER FIRST AMENDED COMPLAINT;
        vs.                           [PROPOSED] ORDER.
13
    CALIFORNIA PAROLE ADVOCACY
14
15  PROGRAM, et al                    Dept: 301
                                      Honorable Judge Peter Busch
16                 Defendants.        Action Filed: September 7, 2006

17
18

19
20
21      WHEREAS Plaintiff and Defendant California Department of Corrections and Rehabilitation
22
23  ("CDCR"), by and through their attorneys of record, have met and conferred regarding plaintiff
24  amending the First Amended Complaint;
25      WHEREAS the plaintiff, by and through her attorneys of record, will amend her complaint by
26  not including many of the individually named defendants in the Second Amended Complaint.
27

STIPULATION OF COUNSEL
ALLOWING PLAINTIFF TO AMEND HER FIRST AMENDED COMPLAINT; [PROPOSED] ORDER
-1-

**EXHIBIT 37**

1    Plaintiff and Defendant CDCR, by and through their attorneys of record, jointly request that

2  the Court allow plaintiff to amend her First Amended Complaint as stated above.

3  Dated: July 1, 2008                    SIEGEL & YEE

4

5                                    By

6                                        Jose Luis Fuentes
                                         Attorneys for Plaintiff
7

8                                        Joanne Warwick

   Dated: July 1, 2008
9                                        Deputy Attorney General

10

11                                   By
                                         COURTNEY LUI
12                                       Attorneys for Defendant

13                                       California Department of Corrections and
                                         Rehabilitation
14

15  IT IS SO ORDERED:

16

17

18  Dated:
                                         Honorable Judge Peter Busch
19

20

21

22

23

24

25

26

27

STIPULATION OF COUNSEL
ALLOWING PLAINTIFF TO AMEND HER FIRST AMENDED COMPLAINT; [PROPOSED] ORDER
-2-

# EXHIBIT 38

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 1 8 2008

GORDON PARK-LI, Clerk
BY: _____JOCELYN C. ROQUE_____
Deputy Clerk

1  JOSE LUIS FUENTES, SBN 192236
   SIEGEL & YEE
2  499 14th Street, Suite 220
   Oakland, California 94612
3  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
4

5  Attorneys for Plaintiff
   Joanne Warwick
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

10  JOANNE WARWICK                    Case No. CGC 06 455973

11                      Plaintiff,    STIPULATION OF COUNSEL
                                      ALLOWING PLAINTIFF TO
12        vs.                         AMEND HER FIRST AMENDED COMPLAINT;
                                      [PROPOSED] ORDER.      ORDER
13
    CALIFORNIA PAROLE ADVOCACY
14
    PROGRAM, et al                    Dept: 301
15                                    Honorable Judge Peter Busch
                                      Action Filed: September 7, 2006
16                      Defendants.

17

18

19

20

21        WHEREAS Plaintiff and Defendant University of the Pacific ("UOP"), by and through their

22  attorneys of record, have met and conferred regarding plaintiff amending the First Amended

23  Complaint;

24        WHEREAS the plaintiff, by and through her attorneys of record, will amend her complaint by

25  not including many of the individually named defendants in the Second Amended Complaint.

26
27  Defendant UOP reserves the right to file all appropriate responsive pleadings.
                                                                          thereto.

                          STIPULATION OF COUNSEL
     ALLOWING PLAINTIFF TO AMEND HER FIRST AMENDED COMPLAINT; [PROPOSED] ORDER
                                    -1-

# EXHIBIT 38

1     WHEREAS Defendant UOP does not have to answer the First Amended Complaint. Served
upon its agent for service on July 2, 2008.

2     Plaintiff and Defendant UOP, by and through their attorneys of record, jointly request that the

3  Court allow plaintiff to amend her First Amended Complaint as stated above.

4  Dated: July 3, 2008                          SIEGEL & YEE

5

6                                              By _____

7                                                 Jose Luis Fuentes
                                                  Attorneys for Plaintiff

8
                                                  Joanne Warwick

9
Dated: July 10, 2008

10
                                               HOLDEN LAW GROUP

11

12                                             By _____
                                                  Kelly Jones

13                                                Attorneys for Defendant

14
                                               University of the Pacific

15

16  IT IS SO ORDERED that plaintiff may file a Second Amended Complaint.

17

18  Dated: 7/18/08                              _____

19                                             Honorable Judge Peter Busch

20                                             JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

STIPULATION OF COUNSEL
ALLOWING PLAINTIFF TO AMEND HER FIRST AMENDED COMPLAINT; [PROPOSED] ORDER
-2-

# EXHIBIT 39

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| JOANNE WARWICK | **Pretrial Department 212**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-455973** |
| CALIFORNIA PAROLE ADVOCACY PROGRAM<br>A BUSINESS et al | **Continued Order to Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The AUG-25-2008 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on OCT-06-2008 at 1:30 PM, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s) as to Second Amended Complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: AUG-12-2008

ARLENE T. BORICK

JUDGE/COMMISSIONER

# EXHIBIT 39

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-12-2008 I served the foregoing Continued Order to Show Cause on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : AUG-12-2008                    By: LINDA ALLSTON

JOSE L. FUENTES (192236)
499 14TH ST, #220
OAKLAND, CA 94612
USA

KAREN L DONALD (166437)
DEPUTY ATTORNEY GENERAL
1515 CLAY STREET, 20TH FLOOR
OAKLAND, CA 946121413

STEPHEN R. HOLDEN (166094)
HOLDEN LAW GROUP
1234 HIGH STREET
AUBURN, CA 95603
USA

2008 AUG 14 P 3:38

KAREN L DONALD (166437)
DEPUTY ATTORNEY GENERAL
1515 CLAY STREET, 20TH FLOOR
OAKLAND, CA 946121413

CERTIFICATE OF SERVICE BY MAIL
Form 000001