Stephen R. Holden, Bar No. 166094
HOLDEN LAW GROUP
1234 High Street
Auburn, CA 95603
Email: steve@holdenlawgroup.com
Telephone: 530.888.0901
Facsimile: 530.888.0902

Attorneys for Defendant University of the Pacific

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE WARWICK,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF THE PACIFIC;<br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION ("CDCR");<br>PATRICIA MILLER; DAVID ROMERO;<br>DOES TWO through TWENTY-FIVE,<br><br>  Defendants. | Case No. CV 08 3904<br><br>ANSWER OF DEFENDANT, UNIVERSITY OF THE PACIFIC, TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT FOR DAMAGES |

Defendant, University of the Pacific ("UOP"), for itself alone and separate from all other Defendants, and in answer to Plaintiff's Second Amended Verified Complaint admits, denies and alleges as follows:

## INTRODUCTION

1. Answering Paragraph 1, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations contained in the first sentence of said Paragraph, and on that basis, denies the allegations contained in the first sentence of said Paragraph. As to the second and third sentences of Paragraph 1, Defendant is unable to admit or deny the allegations as they contain no facts and are legal conclusions. As to the third and fourth sentences of Paragraph 1,

Defendant admits that it was awarded a contract with the State of California for which it receives funding. Except as so admitted, the Defendant denies each and every remaining allegation of the third and fourth sentences of said Paragraph.

2. Answering Paragraph 2, Defendant denies each and every allegation in said paragraph.

## JURISDICTION

3. Answering Paragraph 3, Defendant is unable to admit or deny the allegations as they contain no facts and are legal conclusions to which no response is required. To the extent a response is required, Defendant denies said allegations.

4. Answering Paragraph 4, Defendant denies each and every allegation in said paragraph.

## PARTIES

5. Answering Paragraph 5, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations, and on that basis, denies the allegations contained in said Paragraph.

6. Answering Paragraph 6, Defendant admits that University of the Pacific is a California Corporation. Except as so admitted, Defendant denies each and every allegation contained in said Paragraph.

7. Answering Paragraph 7, upon information and belief Defendant admits the allegations in said Paragraph.

8. Answering Paragraph 8, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations, and on that basis, denies the allegations contained in said Paragraph.

9. Answering Paragraph 9, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations, and on that basis, denies the allegations contained in said Paragraph.

10. Answering Paragraphs 10, Defendant denies each and every allegation in said Paragraph.

11. Answering Paragraph 11, Defendant denies each and every allegation in said Paragraph.

ANSWER OF DEFENDANT UOP                               2

## FACTUAL ALLEGATIONS

12. Answering Paragraph 12, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations that "[o]n November 8, 9, and 10, 2004, Plaintiff went to the Milton Marks Conference Center in San Francisco for a parole attorney training", and on that basis denies said allegations. Defendant admits that Mary Swanson, Paul Lacy, Rick Heyer and Glenn Fait were present at the Milton Marks Conference Center in San Francisco on one or more days during November 8, 9 and 10, 2004. Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations that "which included as presenters ... Michael Bien of Rosen Bien & Asaro, now Rosen Bien & Galvan, the Valdivia Plaintiffs' Counsel firm that continues to oversee implementation of the Valdivia Injunction", and on that basis denies the allegations. Defendant denies each and every remaining allegation in said Paragraph.

13. Answering Paragraph 13, Defendant denies each and every allegation in said Paragraph.

14. Answering Paragraph 14, Defendant denies each and every allegation in said Paragraph including subparagraphs a., b., c., d., e., and f.

15. Answering Paragraph 15, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations, and on that basis, denies the allegations contained in said Paragraph including subparagraphs a., b., c., d., e., and f.

16. Answering Paragraph 16, Defendant is unable to admit or deny these allegations as they contain no facts and are a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies said allegations.

17. Answering Paragraph 17, Defendant denies each and every allegation contained in said Paragraph.

18. Answering Paragraph 18, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations that "Warwick filed a claim with the California Victim Compensation and Government Claims Board" or that "on March 21, 2006, VCGCB mailed Warwick a denial order", and on that basis, denies said allegations contained in said Paragraph. The Defendant is unable to admit or deny the remaining allegations of said Paragraph as they contain no facts and are legal conclusions to which no response is required. To the extent a response is required,

the Defendant denies said allegations.

19. Answering Paragraph 19, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations contained in said Paragraph, and on that basis, denies said allegations contained in said Paragraph.

20. Answering Paragraph 20, Defendant denies each and every allegation contained in said Paragraph.

21. Answering Paragraph 21, Defendant denies each and every allegation contained in said Paragraph.

22. Answering Paragraph 22, Defendant denies each and every allegation contained in said Paragraph.

## FIRST CLAIM FOR RELIEF

### (Violation of 42 U.S.C. §1983 Free Speech, Retaliation & Due Process)

23. Answering Paragraph 23, Defendant incorporates by reference paragraphs 1 through 22 above.

24. Answering Paragraph 24, Defendant denies each and every allegation contained in said Paragraph.

25. Answering Paragraph 25, Defendant denies each and every allegation contained in said Paragraph.

26. Answering Paragraph 26, Defendant denies each and every allegation contained in said Paragraph.

27. Answering Paragraph 27, Defendant denies each and every allegation contained in said Paragraph.

28. Answering Paragraph 28, Defendant denies each and every allegation contained in said Paragraph.

29. Answering Paragraph 29, Defendant denies each and every allegation contained in said Paragraph.

30. Answering Paragraph 30, Defendant denies each and every allegation contained in said Paragraph.

## SECOND CLAIM FOR RELIEF

### (Wrongful Termination in Violation of Public Policy)

31. Answering Paragraph 31, Defendant incorporates by reference paragraphs 1 through 30 above.

32. Answering Paragraph 32, Defendant denies each and every allegation contained in said Paragraph.

33. Answering Paragraph 33, Defendant denies each and every allegation contained in said Paragraph.

34. Answering Paragraph 34, Defendant denies each and every allegation contained in said Paragraph.

35. Answering Paragraph 35, Defendant denies each and every allegation contained in said Paragraph.

## THIRD CLAIM FOR RELEIF

### (Negligent Supervision)

36. Answering Paragraph 36, Defendant incorporates by reference paragraphs 1 through 35 above.

37. Answering Paragraph 37, Defendant denies each and every allegation contained in said Paragraph.

38. Answering Paragraph 38, Defendant denies each and every allegation contained in said Paragraph.

39. Answering Paragraph 39, Defendant denies each and every allegation contained in said Paragraph.

40. Answering Paragraph 40, Defendant denies each and every allegation contained in said Paragraph.

41. Answering Paragraph 41, Defendant denies each and every allegation contained in said Paragraph.

///

///

## FOURTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

42. Answering Paragraph 42, Defendant incorporates by reference paragraphs 1 through 41 above.

43. Answering Paragraph 43, Defendant denies each and every allegation contained in said Paragraph.

44. Answering Paragraph 44, Defendant denies each and every allegation contained in said Paragraph.

## FIFTH CLAIM FOR RELIEF

### (Violation of California Labor Code § 1102.5 and California Government Code §§8547, et al.)

45. Answering Paragraph 45, Defendant incorporates by reference paragraphs 1 through 44 above.

46. Answering Paragraph 46, Defendant denies each and every allegation contained in said Paragraph.

47. Answering Paragraph 47, Defendant denies each and every allegation contained in said Paragraph.

48. Answering Paragraph 48, Defendant denies each and every allegation contained in said Paragraph.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

49. Answering Paragraph 49, Defendant incorporates by reference paragraphs 1 through 48 above.

50. Answering Paragraph 50, Defendant admits that it entered into a written contract with Plaintiff the contents of which speak for themselves.  Except as so admitted, Defendant denies each and every allegations contained in said Paragraph.

51. Answering Paragraph 51, Defendant is unable to admit or deny this allegation as it contains no facts and is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies said allegation.

52. Answering Paragraph 52, Defendant denies each and every allegation contained in said Paragraph.

53. Answering Paragraph 53, Defendant denies each and every allegation contained in said Paragraph.

54. Answering Paragraph 54, Defendant denies each and every allegation contained in said Paragraph.

### SEVENTH CLAIM FOR RELIEF

#### (Intentional Interference with Prospective Economic Advantage)

55. Answering Paragraph 55, Defendant incorporates by reference paragraphs 1 through 54 above.

56. Answering Paragraph 56, Defendant denies each and every allegation contained in said Paragraph.

57. Answering Paragraph 57, Defendant is without sufficient knowledge and information to form the belief as to the truth of the allegations, and on that basis, denies the allegations contained in said Paragraph.

58. Answering Paragraph 58, Defendant denies each and every allegation contained in said Paragraph.

59. Answering Paragraph 59, Defendant denies each and every allegation contained in said Paragraph.

60. Answering Paragraph 60 Defendant denies each and every allegation contained in said Paragraph.

61. Answering Paragraph 61, Defendant denies each and every allegation contained in said Paragraph.

### EIGHTH CLAIM FOR RELIEF

#### (Intentional Interference with Contractual Relations)

62. Answering Paragraph 62, Defendant incorporates by reference paragraphs 1 through 61 above.

63. Answering Paragraph 63, Defendant admits that a contractual relationship existed

between it and Warwick, the terms of which speak for themselves. Defendant denies each and every remaining allegation contained in said Paragraph.

64. Answering Paragraph 64, Defendant, as DOE ONE, had knowledge of the contractual relationship admitted to in the preceding paragraph. Defendant is without sufficient knowledge and information to form the belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations contained in said Paragraph.

65. Answering Paragraph 65, Defendant denies each and every allegation contained in said Paragraph.

66. Answering Paragraph 66, Defendant denies each and every allegation contained in said Paragraph.

67. Answering Paragraph 67, Defendant denies each and every allegation contained in said Paragraph.

68. Answering Paragraph 68, Defendant denies each and every allegation contained in said Paragraph.

### NINTH CLAIM FOR RELIEF

(Negligence)

69. Answering Paragraph 69, Defendant incorporates by reference paragraphs 1 through 68 above.

70. Answering Paragraph 70, Defendant is unable to admit or deny these allegations as they contain no facts and are legal conclusions.

71. Answering Paragraph 71, Defendant denies each and every allegation contained in said Paragraph.

72. Answering Paragraph 72, Defendant denies each and every allegation contained in said Paragraph.

73. Answering Paragraph 73, Defendant denies each and every allegation contained in said Paragraph.

///

///

## TENTH CLAIM FOR RELIEF

### (Declaratory Relief)

74. Answering Paragraph 74, Defendant incorporates by reference paragraphs 1 through 73 above.

75. Answering Paragraph 75, Defendant denies each and every allegation contained in said Paragraph.

76. Answering Paragraph 76, Defendant denies each and every allegation contained in said Paragraph.

77. Answering Paragraph 77, Defendant denies each and every allegation contained in said Paragraph.

## PUNITIVE DAMAGES

78. Answering Paragraph 78, Defendant incorporates by reference paragraphs 1 through 77 above.

79. Answering Paragraph 79, Defendant denies each and every allegation contained in said Paragraph.

80. Answering Paragraph 80, Defendant denies each and every allegation contained in said Paragraph.

## PRAYER

81. Answering Plaintiff's Prayer, Defendant denies each and every allegation in the last unnumbered Paragraph of Plaintiff's Second Amended Verified Complaint commencing "WHEREFORE", including subparagraphs 1., 2., 3., 4., 5., 6., 7., and 8. and will require strict proof of said allegations.

## AFFIRMATIVE DEFENSES

1. AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff has failed to state a claim upon which relief may be granted.

2. AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff is unable to establish the requisite elements of a claim for punitive damages under the applicable provisions of California Civil Code section 3294 or such other similar statutes

which may be applicable.

3. AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's Complaint, and each and every claim set forth therein, fails to set forth facts to constitute a basis for recovery of attorneys' fees and costs.

4. AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff has failed to mitigate her alleged damages.

5. AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT to the extent Plaintiff has made any claim for special damages, she failed to state such claim with the requisite specificity.

6. AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff, by her actions, is estopped from pursuing any and all claims against Defendant.

7. AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred by laches.

8. AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff's claims are barred by the applicable statute of limitations including but not limited to her claims under 42 U.S.C. §1983, which applies the California state statute of limitation for personal injury as proscribed under California Code of Civil Procedure section 335.1.

9. AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT to the extent the Plaintiff has failed to exhaust her administrative remedies under state and federal law her claims are barred.

10. AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT any and all emotional injuries alleged by Plaintiff were not caused by any conduct or action of Defendant, but rather by alternative stressors or Plaintiff's preexisting mental condition.

11. AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her alleged employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act,

*Labor Code* Sections 3200-4627.

12. AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT any injury or damage allegedly suffered by Plaintiff was caused by her own intentional and/or negligent acts and/or omissions or by the intentional and/or negligent acts and/or omissions of person other than Defendant.

13. AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT its activities undertaken with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business-related reasons which were neither arbitrary, capricious nor unlawful, and which were undertaken to protect Defendant's economic interests and/or relations.

14. AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES THAT it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to this answer as discovery continues.

### PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint be dismissed and that she take nothing thereby;
2. That judgment be entered for Defendant and against Plaintiff;
3. That Defendant be awarded costs of suit and attorneys' fees incurred herein; and
4. For other just and equitable relief that the Court may deem appropriate in the circumstances.

Dated: August 15, 2008                HOLDEN LAW GROUP

By: _____
Stephen R. Holden
Attorneys for Defendant University of the Pacific