1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | MIGUEL A. NERI
FIEL D. TIGNO
3 | Supervising Deputy Attorneys General
COURTNEY S. LUI, State Bar No. 173064
4 | Deputy Attorney General
  1515 Clay Street, 20th Floor
5 | P.O. Box 70550
  Oakland, CA  94612-0550
6 | Telephone:  (510) 622-2115
  Fax:  (510) 622-2270
7 | Email:  Courtney.Lui@doj.ca.gov

8 | Attorneys for Defendant California Department of
Corrections and Rehabilitation

9

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13

14 | **JOANNE WARWICK,**                          Case No. CV 08 3904 CW

15 |                          Plaintiff,

16 |              v.                             **DEFENDANT CALIFORNIA
DEPARTMENT OF CORRECTIONS
AND REHABILITATION'S**
17 | **UNIVERSITY OF THE PACIFIC;**              **MEMORANDUM OF POINTS AND
CALIFORNIA DEPARTMENT OF**               **AUTHORITIES IN SUPPORT OF**
18 | **CORRECTIONS AND**                         **MOTION TO DISMISS SECOND
REHABILITATION ("CDCR");**               **AMENDED VERIFIED COMPLAINT**
19 | **PATRICIA MILLER; DAVID ROMERO;**          **[Fed. R. Civ. Proc. Rule 12(b)(6)]**
**DOES TWO THROUGH TWENTY-**
20 | **FIVE, inclusive,**                        Date:        October 9, 2008
                                             Time:        2:00 p.m.
21 |                          Defendant.        Courtroom:   2
                                             Judge:       The Honorable
22 |                                                          Claudia Wilken

23

24

25

26

27

28

1  Plaintiff Joanne Warwick ("plaintiff")'s lawsuit arises from her termination as a panel

2  attorney from the California Parole Advocacy Program ("CalPAP"), which provides counsel to

3  parolees facing parole revocation.  CalPAP is operated by the University of the Pacific ("UOP"),

4  a private entity, through a contract awarded to it by the State of California.

5  Plaintiff commenced her lawsuit on September 7, 2006 in the Superior Court of the State

6  of California in and for the City and County of San Francisco, entitled *Joanne Warwick v.*

7  *California Parole Advocacy Program, et al.,* by filing an initial verified complaint, numbered as

8  CGC-06-455973.  Defendant the California Department of Corrections and Rehabilitation

9  ("CDCR") was named as one of the defendants in this action, but was not served the complaint.

10  On September 22, 2006, plaintiff filed Plaintiff's Amended Verified Complaint for

11  Damages, Declaratory Judgment and Permanent Injunctive Relief in the above-mentioned action.

12  Plaintiff served this complaint on the CDCR on January 11, 2007.  Counsel for plaintiff and

13  counsel for the CDCR stipulated to allow plaintiff to amend this complaint in exchange for the

14  CDCR not being required to answer the first amended complaint.

15  On July 18, 2008, plaintiff filed her Second Amended Verified Complaint in the above-

16  mentioned action, naming as defendants the UOP, the CDCR, and individuals Patricia Miller and

17  David Romero.  This complaint alleges 10 causes of action:  (1) Violation of 42 U.S.C. § 1983

18  Free Speech, Retaliation and Due Process; (2) Wrongful Termination in Violation of Public

19  Policy; (3) Negligent Supervision; (4) Intentional Infliction of Emotional Distress; (5) Violation

20  of CA Labor Code § 1102.5 and CA Government Code §§ 8547 et al.; (6) Breach of Contract;

21  (7) Intentional Interference with Prospective Economic Advantage; (8) Intentional Interference

22  with Contractual Relations; (9) Negligence; and (10) Declaratory Relief.

23  On August 15, 2008, the UOP filed for removal of this action based upon plaintiff's

24  newly alleged violation of 42 U.S.C. § 1983.  The CDCR joined in the notice of removal.

25  **STANDARD OF REVIEW**

26  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

27  claim upon which relief can be granted is proper "if it is clear that no relief could be granted

28  under any set of facts that could be proved consistent with the allegations." *Hishon v. King &*

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]                                    Joanne Warwick v. UOP, CDCR, et al.
                                                                              CV 08 3904 CW
1

1 | *Spalding*, 467 U.S. 69, 73 (1984). In reviewing a Rule 12(b)(6) motion, the court accepts the

2 | facts alleged in the complaint as true. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

3 | Cir. 1990). However, "conclusory allegations of law and unwarranted inferences are insufficient

4 | to defeat a motion to dismiss for failure to state a claim." *In re Verifone Securities Litigation*, 11

5 | F.3d 865, 868 (9th Cir. 1993). The court need not "conjure up unpleaded facts that might turn a

6 | frivolous claim . . . into a substantial one." *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.

7 | 1976). When a complaint omits facts that, if they existed, would clearly dominate the case, it

8 | seems fair to assume that those facts do not exist. *Id*. Furthermore, dismissal can be based on the

9 | lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

10 | theory. *Balistreri*, 901 F.2d at 699.

**ARGUMENT**

11

12 | I.  **FIRST CLAIM FOR RELIEF**:  Violation of 42 U.S.C. § 1983 Free Speech, Retaliation and Due Process

13

14 | **A. The CDCR and Its Employees May Not Be Sued Under 42 U.S.C. § 1983**

15 | The U.S. Supreme Court has held that states, its agencies and state officials sued in their

16 | official capacities are not "persons" under the language of 42 U.S.C. section 1983 and, therefore,

17 | cannot be sued under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

18 | Also, the Eleventh Amendment bars a damages action against the State of California, its agencies

19 | and state officials sued in their official capacities in federal court under section 1983. *Quern v.*

20 | *Jordan*, 440 U.S. 332 (1979); *see, also, Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding

21 | that the Eleventh Amendment bar remains in effect when state officials are sued for damages in

22 | their official capacity.)  Accordingly, this claim against the CDCR and those individual

23 | defendants sued in their official capacities, Patricia Miller and David Romero, should be

24 | dismissed.

25 | **B. The § 1983 Cause of Action is Time-Barred**

26 | In addition to the fact that the CDCR and employees in their official capacities may not

27 | be sued under § 1983, Plaintiff's claim under this section is also time-barred.  In § 1983 cases,

28 | the statutory time period is calculated using the forum state's statute of limitations for personal

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

2

1    injury tort claims. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). In California, the

2    applicable statute of limitations period is two years. California Code of Civil Procedure § 335.1;

3    *see, also, Krupnick v. Duke Energy Borro Bay, L.L.C.*, 115 Cal.App. 4th 1026, 1029 (2004).

4        Plaintiff alleges that she was terminated on May 31, 2005. Yet she did not allege her

5    claim under 42 U.S.C. § 1983 until she filed her Second Amended Verified Complaint on July

6    18, 2008, which is beyond the two-year statute of limitations.

7  II.    **SECOND CLAIM FOR RELIEF**: **Wrongful Termination in Violation of Public Policy**

8

9        Plaintiff's second cause of action is vague and ambiguous as to which defendant

10   terminated her. (*See*, paragraph 32 of complaint (at 11:12): "said defendants terminated

11   plaintiff;" para. 33 (at 11:19): "plaintiff's termination effected by defendants;" para. 34 (at

12   11:26): "Defendants [sic] termination of Warwick.") The CDCR can only speculate as to

13   whether plaintiff is alleging that the CDCR wrongfully terminated her. To the extent that

14   plaintiff is alleging such, plaintiff's claim must fail for the following reasons.

15    **A. The CDCR Cannot Be Held Liable for Common-Law Torts Under the California Tort Claims Act**

16

17       Under the California Tort Claims Act, the CDCR, as a public entity, cannot be liable for

18   common-law torts. Specifically, Government Code section 815 expressly provides that, except

19   as allowed by statute, a "public entity is not liable for an injury, whether such injury arises out of

20   an act or omission of the public entity or a public employee or any other person." In other words,

21   section 815 "abolishes common law liability and states that a public entity may only be held

22   liable in tort if a statute declares it to be liable." *Stevenson v. San Francisco Housing Authority*,

23   24 Cal.App.4th 269, 279 (1994); *see, also, Munoz v. City of Union City*, 120 Cal.App.4th 1077,

24   1111 (2004) [direct liability of public entities must be based on a specific statute declaring them

25   liable, and not on general tort provisions]; *Bates v. Franchise Tax Board*, 124 Cal.App.4th 367,

26   381 (2004) [same].)

27       In her second cause of action, plaintiff, who was not a CDCR employee, attempts to

28   assert a common-law-tort claim for conduct "in violation of public policy," which is an apparent

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

3

1   attempt to assert a claim derivative of the tort of wrongful termination in violation of public

2   policy recognized in *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167, 178 (1980). However, as

3   discussed above, the CDCR canot be held liable for common-law torts.  Accordingly, a *Tameny*-

4   type tort claim, such as plaintiff's second cause of action, is barred against public entities under

5   the Tort Claims Act.  (*See, Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1118, 1131-1132

6   (2002) [California Tort Claims Act provides that a public entity can be liable based solely on

7   statute].)   Because plaintiff may not allege such a cause of action against CDCR, as a matter of

8   law, this cause of action should be dismissed.

9           **B.  Plaintiff Fails to Establish an Employer-Employee Relationship with CDCR**

10              Even if the court does not apply the provisions of the Tort Claims Act, plaintiff still

11  cannot prevail on this second cause of action.  A claim of wrongful termination in violation of

12  public policy requires that the plaintiff establish: (a) an employer-employee relationship; (2) a

13  sufficient violation of public policy; (3) the termination was the legal cause of the employee's

14  damage; and (4) the nature and extent of the employee's damage. *Holmes v. General Dynamics*

15  *Corp.*, 17 Cal.App.4th 1418, 1426 (1993).

16              Plaintiff, who was and is not a CDCR employee, does not and cannot allege an employer-

17  employee relationship with CDCR.  Instead, she alleges that she was the employee of the

18  University of the Pacific, a private entity. (*See*, para. 14 of complaint, at 5:22-26.)  Hence, she

19  cannot allege a wrongful termination claim against the CDCR, as a matter of law.

20  **III.    THIRD CLAIM FOR RELIEF:  Negligent Supervision**

21              As discussed above, the CDCR as a public entity cannot be held liable for common law

22  torts as a matter of law, and this cause of action should be dismissed.

23              Even if the Tort Claims Act did not apply, plaintiff's allegations are vague and

24  ambiguous as she fails to allege the basis upon which the CDCR owed her a duty of care.

25  Plaintiff has not alleged that she was an employee of CDCR.  Thus, plaintiff cannot be alleging

26  that she was a CDCR employee who was injured by the acts of another CDCR employee whom

27  the CDCR was negligent in supervising.

28              To the extent that plaintiff is claiming the CDCR is liable to her as a third person who

1  was injured by the CDCR's negligent supervision of a CDCR employee, plaintiff fails to allege

2  facts sufficient to claim relief.

3       The elements of a cause of action for negligence are:  (1) the existence of a legal duty to

4  use due care; (2) breach of that duty; (3) the breach as a proximate cause of the plaintiff's injury.

5  *Federico v. Superior Court*, 59 Cal.App.4th 1207, 1210-1211 (1997).  A duty of care to third

6  persons arises only when a risk of harm to such persons by the employee was reasonably

7  foreseeable, that is, only "when the employer knows, or should know, facts which would warn a

8  reasonable person that the employee presents an undue risk of harm to third persons in light of

9  the particular work to be performed." *Id.* at 1214.

10       Plaintiff alleges that the CDCR and its employees Miller and Romero , together with the

11  UOP and its employee Lacy, caused plaintiff's gate clearance at San Quentin State Prison to be

12  suspended/revoked without proper notice and due process to plaintiff, and that UOP employee

13  Lacy conspired with CDCR employee Miller to terminate Plaintiff from her job. (*See*, para. 17 of

14  complaint at 7:25-8:9.)  These are merely conclusory allegations.  Plaintiff fails to allege what

15  exactly is the risk of harm that CDCR's employees would cause her.  Plaintiff also fails to allege

16  what  facts the CDCR knew, or should have known, that its employees would present "an undue

17  risk of harm to third persons in light of the particular work to be performed," and that such risk

18  of harm   was <u>reasonably</u> <u>foreseeable</u>.

19  **IV.**   **FOURTH CLAIM FOR RELIEF**: **Intentional Infliction of Emotional Distress**

20       Since Plaintiff's fourth cause of action fails to identify the specific defendant or

21  defendants that allegedly committed this tort against her, the CDCR can only speculate.  To the

22  extent that plaintiff is alleging this cause of action against the CDCR, the CDCR cannot be held

23  liable under the Tort Claims Act, as discussed above.

24       However, even if the Tort Claims Act is inapplicable, plaintiff still fails to allege facts to

25  establish this claim.  The tort of intentional infliction of emotional distress consists of three

26  elements:  (1) extreme and outrageous conduct by the defendant with the intention of causing, or

27  reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered

28  severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

5

1  proximately caused by the defendant's outrageous conduct. *Berkley v. Dowds* 152 Cal.App.4th

2  518, 533 (2007) ; *Conroy v. Regents of Univ. of California* 151 Cal.App.4th 132, 146 (2007).

3  The first element of this claim is satisfied only if the alleged conduct is "so extreme as to exceed

4  all bounds of that usually tolerated in a civilized community." *Berkley*, 152 Cal.App.4th at p.

5  533 (internal quotation marks and citation omitted).

6          In this case, plaintiff has failed to allege facts satisfying *any* of the necessary elements.

7  Plaintiff claims that, on information and belief, UOP/CalCAP worked in conjunction with the

8  CDCR and its employees to withhold and subsequently suspend/revoke her "parole attorney"

9  clearance at San Quentin State Prison without proper notice or due process, and that "on

10 information and belief, UOP/CalPAP employee ratified and/or conspired with CDCR employee

11 Patricia Miller to terminate Plaintiff from CalPAP." (*See,* para. 17 of complaint, at 7:25-8:9.)

12         Plaintiff has alleged no facts describing what defendants actually did, let alone showing

13 that the challenged conduct was so extreme and outrageous as to "exceed all bounds of decency."

14 *Berkley*, 152 Cal.App.4th at p. 533.  Indeed, plaintiff fails to allege, and cannot allege, that the

15 CDCR was not entitled to revoke her clearance.  As a non-employee, plaintiff had no right to

16 access CDCR facilities including state prisons.  The complaint does not, and cannot, allege that

17 defendants *deliberately acted* in order to cause plaintiffs severe emotional distress.  Finally,

18 plaintiff has failed to allege any facts demonstrating that defendants' alleged conduct actually

19 caused plaintiff to suffer severe emotional distress.  Thus, plaintiff has failed to state a claim for

20 IIED and, for this additional reason, this claim must be dismissed.

21 V.     **FIFTH CLAIM FOR RELIEF:  Violation of CA Labor Code § 1102.5 and CA
           Government Code §§ 8547 et al.**

22

23         Plaintiff's fifth cause of action fails as a matter of law.  Plaintiff cannot maintain a claim

24 under California Government Code §§ 8547 et al., because she fails to allege that she is a state

25 "employee" as defined by Government Code § 8547.2, *i.e..* an "employee" is "any individual

26 appointed by the Governor or employed or holding office in a state agency."  In addition, plaintiff

27 would have had to file a whistleblower claim before the State Personnel Board, a fact which

28 plaintiff fails to allege in her complaint.

CDCR's Memo of P&As in Support of Motion                          Joanne Warwick v. UOP, CDCR, et al.
to Dismiss [FRCP 12(b)(6)]                                        CV 08 3904 CW

1    In addition, she cannot maintain a claim under Labor Code § 1102.5. This section

2   prohibits retaliation by employers. Here, plaintiff fails to allege, and cannot allege, that the

3   CDCR was her employer. Furthermore, although Labor Code § 1102.5 prohibits retaliation by

4   employers, the statute does not contain language providing a private right of action, and

5   specifically against a public entity or employees. Assuming a private right of action exists,

6   plaintiff was obligated to exhaust administrative remedies with the California Labor

7   Commissioner before attempting to sue directly under the statute. Labor Code §§ 98.6 and 98.7

8   require that a person claiming a violation of Labor Code section 1102.5 first file a complaint, and

9   exhaust their administrative remedies, with the Labor Commissioner. *See, Neveu v. City of*

10  *Fresno*, 392 F.Supp.2d 1159, 1179-1180 (2005). Nowhere in plaintiff's complaint does she

11  contend that she complied with this requirement.

12  **VI.    SIXTH CLAIM FOR RELIEF:  Breach of Contract**

13       Plaintiff's complaint does not appear to plead this cause of action against the CDCR.

14  Plaintiff does not allege that a contractual relationship existed between her and the CDCR, and as

15  a matter of law no such contractual relationship can exist. Under California law, public

16  employment is not held by contract, but by statute. *Miller v. State of California*, 18 Cal.3d 808,

17  813-14 (1977); *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 1432 (1988). Since a

18  contractual relationship does not exist between Plaintiff and CDCR, there are no set of facts that

19  Plaintiff can allege in support of this claim as to the CDCR.

20  **VII.   SEVENTH CLAIM FOR RELIEF:  Intentional Interference with Prospective
        Economic Advantage**

21

22       As discussed above, as a matter of law, the Tort Claims Act prevents plaintiff from

23  asserting this claim against the CDCR. However, even if the court does not apply the Tort

24  Claims Act, this claim would still not be actionable against the CDCR for the following reasons.

25       To sustain this claim, plaintiff must show: (1) an economic relationship between plaintiff

26  and some third party, with the probability of future economic benefit to plaintiff; (2) defendant's

27  knowledge of the relationship; (3) intentional acts on defendant's part designed to disrupt the

28  relationship; (4) actual disruption of the relationship; (5) economic harm to plaintiff proximately

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

7

1  caused by defendant's acts; and (6) defendant's acts were "wrongful by some legal measure other

2  than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29Cal.4th

3  1134, 1153-1154 (2003) (internal quotes omitted).

4       Here, plaintiff fails to allege facts to support this claim, and merely makes conclusory

5  statements that the elements of this cause of action have been met. (*See*, paras. 55-61 of the

6  complaint, at 16:8-26.) For instance, plaintiff makes vague allegations that UOP/CalPAP,

7  together with the CDCR and Miller and Romero, suspended/revoked plaintiff's gate clearance at

8  San Quentin State Prison, and that UOP/CalPAP employee Lacy conspired with CDCR

9  employee Lacy to terminate plaintiff from CalPAP. (*See*, complaint at 7:25-8:9). Plaintiff fails

10  to allege the specific intentional acts that were designed to disrupt the relationship between her

11  and CalPAP, and does not allege how the purported acts were "wrongful by some legal measure

12  other than the fact of interference itself."

13  **VIII.**   **EIGHTH CLAIM FOR RELIEF**: **Intentional Interference with Contractual Relations**

14

15       As discussed above, as a matter of law, the Tort Claims Act prevents plaintiff from

16  asserting this claim against the CDCR. Even if this point is disregarded, plaintiff still cannot

17  sustain this claim against the CDCR for the following reasons:

18       To state a claim for interference with contractual relations, a plaintiff must show: (1) an

19  enforceable contract between plaintiff and a third party; (2) defendant's knowledge of the

20  existence of that contract; (3) defendant's intentional acts or conduct, designed to induce a breach

21  or interruption of the contractual relationship; (4) actual breach or disruption of the relationship;

22  and (5) resulting damage. *Reeves v. Hanlon* 33 Cal.4th 1140, 1148 (2004).

23       Aside from plaintiff's conclusory statements that these elements have been met, and her

24  vague allegations as discussed in section VII, above, plaintiff fails to allege that there was an

25  enforceable contract, that the CDCR had knowledge of this contract, and that there was

26  intentional acts or conduct by the CDCR designed to induce a disruption of the contractual

27  relationship.

28  //

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]
Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW
8

IX.    **NINTH CLAIM FOR RELIEF**: Negligence

As discussed above, as a matter of law, the Tort Claims Act prevents plaintiff from asserting this claim against the CDCR.  Even if the Tort Claims Act is not applied, plaintiff still fails to allege under what basis the CDCR owes her a duty of care.  To the extent that plaintiff is claiming a breach of duty owed to her under an employment contract, (1) no contractual relationship may exist between plaintiff and the CDCR as a matter of law (*see*, section VI, above), and (2) even if such a contractual relationship exists, plaintiff cannot transform a breach of contractual duty into a negligence cause of action by alleging the duty was performed negligently, if the breach is the sole basis of liability.  *Wilmington Liquid Bulk Terminals, Inc. v. Somerset Marine Inc.*, 53 Cal.App.4th 186, 194 (1993).

X.    **TENTH CLAIM FOR RELIEF**: Declaratory Relief

Plaintiff's complaint does not appear to plead this cause of action against the CDCR.  However, to the extent that plaintiff is seeking declaratory relief against the CDCR, the CDCR joins in the arguments regarding this cause of action made by co-defendant the University of the Pacific in its 12(b)(6) motion (*see*, section I of UOP's motion, at 9:21-11:7), filed herein on August 15, 2008, referred to and incorporated by reference herein.  The CDCR further notes that: (1) the CDCR does not operate CalPAP, nor is it in privity of contract with plaintiff's purported employment agreement with CalPAP/UOP (if such an agreement exists); and (2) the individual CDCR defendants in this action, Patricia Miller and David Romero, are not named defendants in the *Valvidia* lawsuit.

XI.    **Punitive Damages**

Under Government Code § 818, "a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." *See, e.g., Marron v. Superior Court,* 108 Cal.App.4th 1049, 1059 (2003).  Accordingly, to the extent that plaintiff claims punitive damages against the CDCR, such damages are barred as a matter of law.

//

//

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

9

# CONCLUSION

For the reasons set forth above, Defendant the California Department of Corrections and Rehabilitation respectfully requests that the Court grant its motion to dismiss with prejudice Plaintiff's Second Amended Verified Complaint, and award it fees, costs and all other such relief as the Court deems just and proper.

Dated:  August 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

MIGUEL A. NERI
FIEL D. TIGNO
Supervising Deputy Attorneys General

COURTNEY S. LUI
Deputy Attorney General
Attorneys for Defendant California
Department of Corrections and Rehabilitation

90091937.wpd

CDCR's Memo of P&As in Support of Motion
to Dismiss [FRCP 12(b)(6)]

Joanne Warwick v. UOP, CDCR, et al.
CV 08 3904 CW

10