**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE WARWICK,

      Plaintiff,

  v.

UNIVERSITY OF THE PACIFIC; CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION; PATRICIA MILLER; AND
DAVID ROMERO,

      Defendants.
_____/

No. C 08-03904 CW

ORDER GRANTING
MOTIONS TO DISMISS

    Defendant University of the Pacific (UOP) has filed a Rule
12(b)(6) motion to dismiss all claims against it, and has moved for
attorneys' fees.  Defendant California Department of Corrections
and Rehabilitation (CDCR) has filed a Rule 12(b)(6) motion to
dismiss all claims against it.  Defendant Patricia Miller has filed
a Rule 12(b)(6) motion to dismiss and a motion for a more definite
statement.  Plaintiff opposes the motions.  Defendant David Romero
has not filed any motions.[1]

    The motions were heard on October 30, 2008.  Having considered

---

    [1] It appears that Romero may not have been served.  If he was
not served within 120 days of the filing of the complaint,
Plaintiff must move for leave of the Court pursuant to Federal Rule
of Civil Procedure 4 for an extension of time to serve him.

United States District Court
For the Northern District of California

all of the papers filed by the parties, the Court GRANTS UOP's, CDCR's and Miller's motions to dismiss.  The Court DENIES Miller's motion for a more definite statement.  The Court sua sponte dismisses the claims against Romero.  Plaintiff is granted leave to amend her complaint.

BACKGROUND

The following facts are alleged in the Second Amended Verified Complaint.  This case arises out of Plaintiff's May 31, 2005 termination as a California Parole Advocacy Program (CalPAP) attorney.  The CalPAP program was created as a result of the permanent injunction in Valdivia v. Schwarzenegger, No. Civ. S-94-0671 (E.D. Cal Mar. 9, 2004), which required the State of California to establish a parole revocation attorney program.  CalPAP is administered by the McGeorge School of Law, at the UOP, a private university, pursuant to a contract with CDCR.  Plaintiff argues in her opposition brief that she was employed by both UOP and CDCR under a joint employer theory.

During her tenure as a CalPAP attorney, Plaintiff voiced her concerns that the program was not complying with the law in serving its parolee clients.  Plaintiff claims she made the following constitutionally protected expressions: assisting a parolee client in filing a grievance with the State Bar Association over due process issues; contacting class counsel for Valdivia to report that CalPAP attorneys were not receiving proper training and support in accordance with the injunction; relaying to other CalPAP attorneys her concerns over violations of her clients' due process rights; reporting to the Board of Prison Terms (BPT) and UOP/CalPAP a due process violation over the issuance of a subpoena; informing

BPT, UOP/CalPAP and <u>Valdivia</u> class counsel of a lack of access to client files; and filing a complaint with BPT Executive Director Marvin Speed about violations of her clients' rights under state and federal law as well as the CDC Operations Manual.

Plaintiff alleges that her employment with UOP was terminated in retaliation for voicing her concerns. She claims that Defendants Miller and Romero conspired to, and did, "cause" her termination. Plaintiff states that she was terminated in effect by having her San Quentin State Prison parole attorney gate clearance withheld, and subsequently revoked on May 27, 2005. Plaintiff claims she was officially terminated May 31, 2005.

Plaintiff originally filed her lawsuit in state court on September 7, 2006. She did not name or serve UOP as a Defendant; instead she named the "California Parole Advocacy Program, a business entity, form unknown." Plaintiff also named Does One through Twenty-Five as Defendants. On July 2, 2008, Plaintiff filed an amendment to her amended verified complaint in state court, substituting UOP for Doe One. The parties stipulated to allow Plaintiff to file a Second Amended Verified Complaint on July 18, 2008, naming Defendants UOP, CDCR, Miller and Romero and adding claims under Title 42 U.S.C. § 1983. Defendant UOP then removed the action to this Court based upon federal question jurisdiction arising from Plaintiff's newly added § 1983 claims. Defendant CDCR joined in the notice of removal.

Plaintiff pleads ten causes of action in her Second Amended Verified Complaint: (1) Violation of 42 U.S.C. § 1983; (2) Wrongful Termination in Violation of Public Policy; (3) Negligent Supervision; (4) Intentional Infliction of Emotional Distress;

3

(5) Violation of California Labor Code § 1102.5 and California Government Code §§ 8547 et seq. (both of which protect "whistle-blowers"); (6) Breach of Contract; (7) Intentional Interference with Prospective Economic Advantage; (8) Intentional Interference with Contractual Relations; (9) Negligence; and (10) Declaratory Relief.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007). The plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-1965. The Twombly Court emphasized that it did not require a heightened standard beyond fact pleading, just that there must be facts sufficient to state a claim that is "plausible on its face." Id. at 1974.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

United States District Court
For the Northern District of California

F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading to which a responsive pleading is permitted is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A Rule 12(e) motion is proper "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

DISCUSSION

I.   Statute of Limitations

As noted above, Plaintiff did not name or serve UOP until July, 2008, nor did she bring her § 1983 claims until then.

The statute of limitations for § 1983 claims borrows from the most analogous state statute of limitations; in California, the personal injury statute of limitations of two years applies. Berg v. California Horse Racing Bd., 419 F. Supp. 2d 1219, 1225 (E.D. Cal. 2006).  Plaintiff alleges she was terminated May 31, 2005. Therefore, her claims arising from the termination accrued on that date.  The § 1983 claims filed after May 30, 2007 are therefore

United States District Court
For the Northern District of California

time-barred unless they relate back to the original complaint.  All
of Plaintiff's other claims also carry statutes of limitations of
two years, with the exception of the breach of contract claim.
Therefore, these claims are also time-barred against UOP if they do
not relate back to the original complaint.

Because the relevant amendments and service of process
preceded removal to federal court, the Court must look to state
procedural rules to determine whether the claims relate back for
statute of limitations purposes.  Anderson v. Allstate Ins. Co.,
630 F.2d 677, 682 (9th Cir. 1980)

A.   Relation Back of the Section 1983 Claim Against All
     Defendants

All moving Defendants argue that the § 1983 claims are time-
barred because they were not plead in the original complaint.  The
California relation-back doctrine requires that the newly added
causes of action must (1) rest on the same general set of facts;
(2) involve the same injury; and (3) refer to the same injury-
causing instrumentality as the original complaint.  Norgart v.
Upjohn Co., 21 Cal. 4th 383, 408-409 (1999).

The § 1983 claims rest on the same set of facts, involve the
same injuries and refer to the same injury-causing instrumentality
as the original claims.  Therefore, the § 1983 claims relate back
under California procedural rules and are not time-barred, at least
as to Defendants named in the original complaint.

B.   Claims Against UOP

Under California law, if a complaint is amended after the
statute of limitations has run, to identify a Doe defendant and to
assert a cause of action against that defendant not included in the

6

original complaint, the amended complaint will relate back for statute of limitations purposes if: (1) the original complaint stated a valid cause of action against the now-identified Doe defendant; (2) the plaintiff was "genuinely ignorant" of the defendant's identity or the facts rendering the defendant liable when the original complaint was filed; and (3) the amended complaint is based on the "same general set of facts" as the original and refers to the same accident and same injuries. <u>Austin v. Massachusetts Bonding & Ins. Co.</u>, 56 Cal. 2d 596, 600-601 (1961) The purpose of California Code of Civil Procedure § 474, which allows for fictitious names in pleadings, is to enable a plaintiff to bring suit before it is barred by the statute of limitations. <u>Id.</u> at 602.

UOP does not dispute that it was properly substituted as a Doe Defendant.  To prevent the claims against UOP from relating back to the original complaint, the burden would be on UOP to prove Plaintiff's earlier awareness of its identity and of the facts creating its liability.  See <u>Breceda v. Gamsby</u>, 267 Cal. App. 2d 167, 179 (1968).  UOP has not made any such arguments.  Therefore all of the claims against UOP relate back for statute of limitations purposes.

II.  Section 1983 Free Speech Claim

Plaintiff alleges that each Defendant violated § 1983 by depriving her of her constitutional first amendment and due process rights.[2]  Section 1983 authorizes an injured person to assert a

---

[2] Plaintiff claims, in a conclusory manner, that Defendants deprived her of her right to due process secured by the Fifth and
(continued...)

United States District Court
For the Northern District of California

claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a prima facie case, the plaintiff must allege both (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Gomez v. Toledo, 446 U.S. 635, 640 (1980).

    A.    Section 1983 Claim Against Defendant UOP

    Normally, private entities like UOP are not liable under § 1983 because the Fourteenth Amendment imposes limitations only on state action under color of state law and does not reach the conduct of private parties.  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).  Plaintiff seems to claim that UOP may be liable because it conspired with state actors.

    An agreement or conspiracy between a government actor and a private party is sufficient to satisfy the state action test.  See Dennis v. Sparks, 449 U.S. 24, 29 (1980) (private individual jointly acting with state officials may be engaged in conspiracy and acting "under color of state law").  However, conclusory allegations of a conspiracy between a state actor and a private

---

[2](...continued)
Fourteenth Amendments by "failing to provide due process in connection with plaintiff's termination."  Second Amended Verified Complaint at ¶ 26.  Plaintiff makes no factual allegations to support this claim other than that she was terminated.  The due process claim is insufficiently plead.  Furthermore, this claim would not apply to UOP, because employees of private entities have no constitutional right to due process before they are terminated, nor to Miller and Romero because they were not her employers.

party which are not supported by material facts are insufficient to state a claim against the private party under § 1983.  See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  To establish liability against UOP based on a conspiracy with a state actor, Plaintiff must allege facts showing the essential elements of conspiracy, namely that UOP and a state actor (1) agreed to accomplish an illegal objective; (2) committed one or more acts in its furtherance; and (3) had the intent to commit the underlying offense.  See United States v. Penagos, 823 F.2d 346, 348 (9th Cir. 1987).

Plaintiff has not plead facts sufficient to state a § 1983 claim against UOP.  For this reason, UOP's motion to dismiss is GRANTED.  Plaintiff is granted leave to amend.

B.   Section 1983 Claim Against Defendant CDCR

CDCR moves to dismiss the § 1983 cause of action against it because, as a matter of law, a state or state agency is not a "person" under § 1983 and may not be sued for damages under that section.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988).  CDCR is correct.  Likewise, Plaintiff's theory alleging respondeat superior liability against CDCR also fails as a matter of law.  Taylor v. List, 880 F.2d 1040, 1045 (1989) ("[t]here is no respondeat superior liability under section 1983"); see also Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993).

Officials of the CDCR, in their official capacity, may be sued for an injunction.  The Eleventh Amendment permits suits for

9

**United States District Court**
For the Northern District of California

prospective injunctive relief against state officials in their official capacities. <u>Frew ex rel. Frew v. Hawkins</u>, 540 U.S. 431, 437 (2004) (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)). In such a case, a federal court may order prospective relief and measures ancillary to prospective relief but may not award money damages or its equivalent. <u>Green v. Mansour</u>, 474 U.S. 64, 71-73 (1985). Plaintiff has requested an injunction in a conclusory fashion. In her amended complaint, she may specify the injunctive relief she is requesting against the appropriate CDCR officials.

CDCR's motion to dismiss the § 1983 claims against it is GRANTED. Plaintiff is granted leave to amend. She may attempt to allege a claim against one or more CDCR officials for specified injunctive relief.

C. Section 1983 Claims Against Defendants Miller and Romero

As a CDCR employee, Miller may not be sued for damages in her official capacity under § 1983. However, Plaintiff indicates that she is suing Miller in her individual capacity.

An individual defendant is liable for money damages under § 1983 only if the defendant personally participated in or otherwise proximately caused the unconstitutional deprivations of which the plaintiff complains. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). To establish individual liability, Plaintiff must allege one of the following: (1) Defendant personally participated in or ordered the constitutional violation; (2) Defendant, acting in a supervisory capacity, failed to train properly or supervise personnel, resulting in the violation; (3) Defendant was responsible for an official policy or custom which caused the violation; or (4) Defendant knew of the violation

10

and failed to prevent it.  <u>Taylor</u>, 880 F.2d at 1045; <u>Ybarra v.</u>
<u>Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680 (9th Cir.
1984).

Plaintiff alleges that Miller conspired with UOP to terminate
her in retaliation for exercising her First Amendment rights.
However, as noted above, conclusory allegations of a conspiracy
which are not supported by material facts are insufficient to
state a claim under § 1983.  <u>Woodrum</u>, 866 F.2d at 1126.

Further, Plaintiff does not plead facts from which one could
infer that Plaintiff's exercise of free speech caused Miller to
revoke her gate pass, which led to her termination.  For example,
Plaintiff does not allege that Miller knew of her protected
speech, nor that it occurred in temporal proximity to the
revocation of the gate pass.  Therefore the § 1983 claim against
Miller is dismissed.  Plaintiff is granted leave to amend to
allege, if she truthfully can, facts from which causation and
conspiracy may be inferred.

The claims against CDCR employee Romero are virtually
identical to those against Miller.  Although Romero has not moved
to dismiss, a court may dismiss sua sponte claims against a non-
moving defendant when the claims against that defendant are very
similar to those against a moving defendant.  <u>See</u> <u>Silverton v.</u>
<u>Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981).
Therefore, the Court dismisses the § 1983 claim against Romero as
well, with leave to amend.

III. Wrongful Termination in Violation of Public Policy

Under California law, an employee may maintain a tort cause
of action against his or her employer where the employer's

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

discharge of the employee contravenes fundamental public policy.

Foley v. Interactive Data Corp., 47 Cal. 3d 654, 666 (1988).  Such

claims are often referred to as Tameny claims, after the decision

in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 176-177

(1980).  A claim for wrongful termination in violation of public

policy must be based on a fundamental policy established by a

constitutional, statutory or regulatory provision.  Green v. Ralee

Eng'g Co., 19 Cal. 4th 66, 76, 90 (1998).

Plaintiff claims that Defendants UOP and CDCR terminated her

in violation of the public policy against punishing employees for

exercising their rights to free speech under the United States and

California constitutions.  Plaintiff also cites the public policy

established by California whistleblower protection statutes

(Government Code §§ 8547 et seq. and California Labor Code

§§ 1102.5 et seq.), California Code of Civil Procedure § 284,

regarding substitution of counsel, and Title 15 of the California

Code of Regulations, governing Crime Prevention and Corrections,

as sources of public policy for this claim.

A.   Wrongful Termination Claim Against UOP

California courts of appeal are somewhat divided as to whether

Tameny free speech claims are cognizable against private employers.

One court recently held that "the First Amendment prohibition

against government intrusions into free speech fails to establish

public policy forbidding free-speech-based terminations by private

employers."  Grinzi v. San Diego Hospice Corp., 120 Cal. App. 4th

72, 81 (2004).  But see, Ali v. L.A. Focus Publ'n., 112 Cal. App.

4th 1477, 1486-1488 (2003) (finding a triable issue as to whether

private employee who engaged in "off-duty" political speech was

wrongfully terminated in violation of the public policy in favor of free speech). <u>Ali</u> is distinguishable, however, because Plaintiff's speech was not off-duty and was directly related to her job.

The other sources of public policy upon which her claim rests are also insufficiently plead. As will be discussed below, Government Code §§ 8547 <u>et seq.</u> do not apply to Plaintiff because, as a CalPAP parole attorney, she did not meet the statutory definition of "state employee." The reference to Title 15 is too broad. Plaintiff provides authority in her opposition brief that <u>Tameny</u> claims based on Labor Code § 1102.5 are cognizable;[3] however, she does not explain how UOP allegedly violated that public policy with facts sufficient to state a claim. Plaintiff does not explain, nor cite any authority, for her theory that § 284 of the Code of Civil Procedure "inures to the benefit of the public" rather than to the interests of an individual. <u>See</u> <u>Ross v. RagingWire Telecommunications, Inc.</u>, 42 Cal. 4th 920, 932 (2008) (quoting <u>Stevenson v. Superior Court</u>, 16 Cal. 4th 880, 889-890 (1997)).

Plaintiff has failed to state a <u>Tameny</u> claim against UOP. UOP's motion to dismiss is GRANTED. Plaintiff is granted leave to amend to allege that UOP violated a public policy applicable to it as a private employer.

B.   Wrongful Termination Claim Against CDCR

Plaintiff pleads various employment causes of action against

---

[3] The anti-retaliation provision of § 1102.5 provides:

An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

both UOP and CDCR and alleges in her opposition brief that she was jointly employed by both entities.  However, because Plaintiff has not alleged in her complaint that CDCR was her employer or joint employer, her employment claims against CDCR are dismissed with leave to amend to add this allegation, if she truthfully can do so.

Plaintiff has not cited any statutory authority supporting her argument that she is a state employee.  California public employment is held by statute, not by contract.  See <u>Lachtman v. Regents of Univ. of California</u>, 158 Cal. App. 4th 187, 207 (2007) (citing <u>Miller v. State of California</u>, 18 Cal.3d 808, 813 (1977)).

Under certain circumstances, two entities can be held liable as joint employers of an employee.  The Ninth Circuit has endorsed a four-factor "economic realities" test for determining joint employment in the context of the Fair Labor Standards Act (FLSA). <u>Gilbreath v. Cutter Biological, Inc.</u>, 931 F.2d 1320, 1324 (9th Cir. 1991).  Under this test, a court must examine whether the alleged joint employer (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.  <u>Id.</u> (citing <u>Bonnette v. California Health & Welfare Agency</u>, 704 F.2d 1465, 1470 (9th Cir. 1983) (applying test in the FLSA context), <u>abrogated on other grounds by</u> <u>Garcia v. San Antonio Metropolitan Transit Authority</u>, 469 U.S. 528, 539 (1985)).

Plaintiff argues that CDCR controlled access to a site essential to her work, San Quentin State Prison.  Without such access, Plaintiff could not perform her job duties.  Plaintiff alleges that CDCR employees, including Miller and Romero, supervised

**United States District Court**
For the Northern District of California

and controlled her conditions of employment.  Apparently UOP determined Plaintiff's wage because it contracted with her. Plaintiff does not indicate which entity maintained employment records.  Significantly, Plaintiff alleges that she signed an employment contract with UOP, which presumably set out certain conditions of her employment that would be relevant to the Court's determination of the joint employer question.  However, Plaintiff does not provide a copy, or any detail about the terms of her contract.  This information would likely illustrate the circumstances of her employment with UOP, including pay practices, supervisory authority and any terms under which the employment relationship could be terminated.

In sum, Plaintiff has not specifically plead that she was a state employee, nor has she alleged sufficient facts from which the Court could infer that she was a state employee under a joint employer theory.  Plaintiff must plead such facts in order to state a claim against CDCR as her employer.

Plaintiff's <u>Tameny</u> claim against CDCR has other defects. First, a public entity is liable for its acts or omissions only as provided by statute, and therefore a common law <u>Tameny</u> claim generally does not lie against a public entity.  Cal. Gov. Code § 815(a); <u>see</u> <u>Ross v. San Francisco Bay Area Rapid Transit Dist.</u>, 146 Cal. App. 4th 1507, 1514 (2007); <u>Palmer v. Regents of the Univ. of California</u>, 107 Cal. App. 4th 899, 909 (2003).

In addition, Plaintiff has failed to allege that she made a written claim to the CDCR pursuant to the requirements of the California Tort Claims Act, Government Code § 945.4, which requires the presentation of a written claim to a state agency as a

prerequisite to filing suit.  If she has not presented such a claim

to CDCR, Plaintiff may not pursue any state law tort claims against

it.  The wrongful termination claim against CDCR is dismissed with

leave to amend if Plaintiff can truthfully allege she has exhausted

her administrative remedies under the TCA and that she was jointly

employed by CDCR and UOP.

IV.  Negligent Supervision Claims Against UOP and CDCR

     Plaintiff pleads negligent supervision claims against UOP and

CDCR.  Plaintiff claims that UOP failed to protect her from having

her gate pass revoked and being terminated.  California's Workers'

Compensation Act provides the exclusive remedy for claims of

negligence which occur in the course and scope of employment.  Cal.

Lab. Code § 3602(a); see, e.g., Cole v. Fair Oaks Fire Prot. Dist.,

43 Cal. 3d 148, 161 (1987); Coit Drapery Cleaners, Inc. v. Sequoia

Ins. Co., 14 Cal. App. 4th 1595, 1606 (1993) (an employee may not

sue his or her employer for negligent supervision).  The only way

such a claim could succeed is if Plaintiff could allege that the

injury did not occur in the normal course of employment.  See Cole,

43 Cal. 3d at 158-159.  Because Plaintiff did not allege that, the

negligent supervision claim against UOP is dismissed.  Plaintiff is

granted leave to amend.

     With respect to CDCR, as with the wrongful termination claim,

Plaintiff has failed to exhaust her administrative remedies under

the TCA by presenting a written claim to CDCR.  Furthermore, if

Plaintiff could successfully allege that she was jointly employed by

CDCR, this claim would most likely be preempted by the California

Workers' Compensation Act.

     CDCR's motion to dismiss the negligent supervision claim

16

against it is GRANTED.  Plaintiff is granted leave to amend.

V.   Intentional Infliction of Emotional Distress (IIED)

Plaintiff claims she has suffered physical and mental injuries as a result of her wrongful termination and treatment by Defendants. To state such a claim, a plaintiff must plead (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually or proximately caused by the defendant's outrageous conduct.  Berkley v. Dowds, 152 Cal. App. 4th 518, 533 (2007).  The conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community."  Unterberger v. Red Bull N. America, Inc., 162 Cal. App. 4th 414, 423 (2008) (citations omitted).  The distress must be so severe that "no reasonable [person] in a civilized society should be expected to endure it."  Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).  Plaintiff fails to specify how each Defendant's conduct was "extreme and outrageous" enough to sustain a claim for intentional infliction of emotional distress.  Plaintiff argues that extreme and outrageous conduct may be plead simply by pleading a constitutional violation.  Plaintiff relies on a case that does not stand for this proposition.  See Blair v. City of Pomona, 223 F.3d 1074, 1081 (9th Cir. 2000).  As plead, Plaintiff fails to state a claim against any Defendant.

A.   IIED Claim Against UOP

Plaintiff's IIED claim against it will most likely be preempted by the California Workers' Compensation Act.  Cal. Labor Code §§ 3201 et seq.  Claims that arise out of the normal course of

United States District Court
For the Northern District of California

employment are preempted.  See Livitsanos v. Superior Court, 2 Cal. 4th 744, 756 (1992).  Plaintiff has not alleged that her tort claims arise outside of the normal course of business.  Therefore, the IIED claim against UOP is dismissed.  Plaintiff is granted leave to amend, if she can truthfully allege this.

    B.    IIED Claim Against CDCR

    In addition to the general problems with the IIED claim discussed above, Plaintiff's failure to allege exhaustion of TCA administrative remedies bars the IIED claim against CDCR.  CDCR's motion to dismiss is GRANTED.  Plaintiff is given leave to amend if she can allege that she filed a claim pursuant to the TCA.

    C.    IIED Claims Against Miller and Romero

    The TCA includes a requirement that "one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer."  Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (1991); Cal. Gov't Code § 950.2.  Plaintiff has not alleged that she filed a TCA claim with the CDCR containing her claims against Miller and Romero.  Nor has Plaintiff alleged that Miller and Romero acted outside of the scope of their employment.  The IIED claims against Miller and Romero are therefore dismissed with leave to amend.

VI.  Labor Code § 1102.5 and Government Code § 8547

    At the October 30, 2008 hearing on Defendants' motions, Plaintiff conceded that she had not exhausted administrative remedies as to the Labor Code § 1102.5 claim.  Therefore, this claim is dismissed with prejudice against all Defendants.

    Government Code §§ 8547 et seq., the California Whistleblower Protection Act, protects from retaliation "state employees" who

18

**United States District Court**
For the Northern District of California

report "waste, fraud, abuse of authority, violation of law, or threat to public health." Cal. Gov. Code § 8547.1. The statute defines "state employee" as "any individual appointed by the Governor or employed or holding office in a state agency." Cal. Gov. Code § 8547.2. Plaintiff does not allege that she was appointed by the Governor, nor does she allege that she is employed or holds office in a state agency. Though the issue of joint employment for the purposes of other causes of action may be determined differently, as a matter of law, under Government Code § 8547.2, Plaintiff was not a "state employee" and cannot state a claim under the Whistleblower Protection Act. Therefore, Defendants' motions to dismiss the Government Code § 8547 claims against them are GRANTED with prejudice because amendment would be futile.

## VII. Breach of Contract

Plaintiff pleads a breach of contract claim against UOP only. She also alleges that UOP breached the implied covenant of good faith and fair dealing by cutting her caseload and by conspiring to have her gate clearance suspended or revoked, or ratifying the suspension or revocation, in order to terminate her under the terms of the contract. Second Amended Verified Complaint at ¶ 52. To prevail on a breach of contract claim, Plaintiff must establish four elements: "(1) the existence of a valid contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's unjustified or unexcused failure to perform; and (4) damage to Plaintiff." <u>Lincoln Nat'l Corp. v. TakeCare, Inc.</u>, 1998 WL 281290, *3 (N.D. Cal.); <u>see also</u> <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001).

**United States District Court**
For the Northern District of California

1   Plaintiff has not attached her contract with UOP to her

2   complaint, nor has she provided any detail about its relevant

3   provisions.   Plaintiff claims she contracted to provide legal

4   representation to parolees and UOP agreed to secure Plaintiff's

5   clearance into CDCR facilities.   Plaintiff does not provide

6   information about, for example, provisions of the contract regarding

7   whether Plaintiff was employed "at-will," whether the contract set a

8   certain period of time for Plaintiff's employment or how the

9   contract could be terminated.   Plaintiff has not clearly alleged

10   what contractual obligation was breached.   Further, Plaintiff fails

11   to allege that she adequately performed her contractual obligations.

12   Plaintiff also fails to allege a breach of the implied covenant

13   of good faith and fair dealing.   The implied covenant of good faith

14   and fair dealing acts as a "supplement to the express contractual

15   covenants, to prevent a contracting party from engaging in conduct

16   that frustrates the other party's rights to the benefits of the

17   agreement." Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36

18   (1995) (citations omitted).   "Absent [a] contractual right, however,

19   the implied covenant has nothing upon which to act as a supplement,

20   and 'should not be endowed with an existence independent of its

21   contractual underpinnings.'"   Id.   Plaintiff has not sufficiently

22   alleged the nature of her contract with UOP, nor has she alleged how

23   UOP breached any supplemental implied covenant.   Therefore,

24   Plaintiff has not adequately stated a claim for breach of the

25   implied covenant of good faith and fair dealing.

26   UOP's motion to dismiss this cause of action is GRANTED with

27   leave to amend.

28

VIII. Intentional Interference with Prospective Economic Advantage

Plaintiff alleges intentional interfere with prospective economic advantage (IIPEA) against CDCR, Miller and Romero.

To state a claim for the tort of intentional interference with prospective economic advantage, Plaintiff must show, for each Defendant: (1) an economic relationship between Plaintiff and a third party containing the probability for future economic benefit for Plaintiff; (2) Defendant's knowledge of this relationship; (3) intentional acts by Defendant designed to disrupt the relationship; (4) actual disruption of the relationship; (5) damages proximately caused by Defendant's acts; and (6) that Defendant's acts were wrongful by some legal measure other than the fact of the interference itself. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153-54 (2003).

A.   IIPEA claim against CDCR

This claim is barred by Plaintiff's failure to allege exhaustion of her administrative remedies under the TCA, for the reasons discussed above.  Furthermore, Plaintiff has failed to clearly allege element (6) of the cause of action, that CDCR's actions were wrongful by some legal measure other than the interference itself.  CDCR's motion to dismiss the IIPEA claim is GRANTED.  Plaintiff is granted leave to amend.

B.   IIPEA claims against Miller and Romero

Likewise, Plaintiff has not adequately plead element (6) of this cause of action against Miller and Romero: that Miller's and Romero's acts were wrongful by some legal measure other than the interference itself.  Plaintiff may be able to plead that the acts were wrongful because they were in retaliation for Plaintiff

United States District Court
For the Northern District of California

exercising her First Amendment rights.  To state such a claim,
Plaintiff must plead facts from which one could infer that her
protected speech caused Miller's and Romero's actions.

Furthermore, this claim is barred by Plaintiff's failure to
allege exhaustion of administrative remedies under the TCA.
Miller's motion to dismiss is GRANTED and her IIPEA claim against
Romero is also dismissed for the same reasons.  Plaintiff is granted
leave to amend.

IX.  Intentional Interference with Contractual Relations

Plaintiff alleges intentional interference with contractual
relations (IICR) against Defendants CDCR, Miller and Romero.
To state a claim for intentional interference with contractual
relations, Plaintiff must show: (1) an enforceable contract between
Plaintiff and a third party; (2) Defendant's knowledge of the
existence of that contract; (3) Defendant's intentional acts or
conduct, designed to induce a breach or interruption of the
contractual relationship; (4) actual breach or disruption of the
relationship; and (5) resulting damage.  Reeves v. Hanlon, 33 Cal.
4th 1140, 1148 (2004).

This cause of action against CDCR, as well as against Miller
and Romero, is barred by the TCA, as discussed above, and is
dismissed.

X.  Negligence

To state a cause of action for negligence, Plaintiff must
allege the traditional elements of duty, breach, actual causation,
and proximate causation.  See United States Liab. Ins. Co. v.
Haidinger-Hayes, Inc., 1 Cal. 3d 586, 594 (1970).  Plaintiff has
failed to plead these elements as to any Defendant.

22

**United States District Court**
For the Northern District of California

As to UOP, this claim, like the other tort claims discussed above, is preempted by the California Workers' Compensation Act. Consequently, UOP's motion to dismiss is GRANTED with leave to amend if Plaintiff can allege that UOP's actions were outside of the employment bargain.

As to CDCR, the negligence cause of action is barred by the TCA. Plaintiff has failed to plead that she filed a claim with CDCR for this tort prior to filing suit.

As to Miller and Romero, this claim is likewise barred by the TCA. Even if it were not barred, Plaintiff has failed to allege the requisite elements of the tort. Plaintiff alleges that Miller and Romero owed her a general duty to use ordinary care, citing California Civil Code § 1714, which provides, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself." The settled standard for determining the exercise of due care is the hypothetical conduct of a reasonably prudent person. See, e.g., Mosley v. Arden Farms Co., 26 Cal. 2d 213, 216 (1945). Plaintiff has not alleged how Miller or Romero breached this general duty of care.

Plaintiff also alleges that a duty was established by her employment contract, the Valdivia injunction and California Code of Regulations Title 15 §§ 3285 et seq., 3172.1 et seq. and 3176. The employment contract with UOP imposes no duty upon Miller or Romero. The Valdivia injunction establishes a duty to parolees but it does

23

United States District Court
For the Northern District of California

not establish a duty to Plaintiff, because Plaintiff is not a beneficiary of the injunction.  The regulations Plaintiff cites govern, inter alia, mandatory disclosures to prison visitors; the reporting of prison fights; prisoner cell and body inspections; signage to inform the public of the prison facility; trespassing; granting discretion to approve or disapprove visitors; and visiting hours.  The Court can glean no duty to Plaintiff established by these regulations.

Miller's motion to dismiss this claim is GRANTED and the negligence claim against Romero is dismissed for the same reasons.  Plaintiff is granted leave to amend if she can truthfully allege a basis for a duty Miller and Romero have towards Plaintiff and that she complied with the requirements of the TCA.

XI.  Declaratory Relief

Plaintiff requests declaratory judgment on two issues: (1) that CalPAP's representation of parolees does not comply with applicable rules of professional conduct required by the State Bar of California, California state law, federal law, the <u>Valdivia</u> injunction and "VRP" and (2) that Plaintiff "did not do anything wrong to merit suspension/revocation of her clearance at San Quentin State Prison."  Second Amended Verified Complaint at ¶ 77.

Plaintiff has no standing for the first part of her declaratory judgment demand.  Plaintiff is not a party to the <u>Valdivia</u> lawsuit, she is not a California parolee, and she is no longer a parole attorney with the CalPAP program.  The second part of Plaintiff's demand is duplicative of her first nine claims.  It is also overly broad.  Therefore, Plaintiff fails to state a claim for declaratory relief.  This claim is dismissed against all Defendants.  Plaintiff

1  is granted leave to amend.

2  XII. UOP's Motion for Attorneys' Fees and Costs

3       UOP cites no legal basis for this motion.  Therefore the motion

4  is DENIED.

5                              CONCLUSION

6       For the foregoing reasons, the Court GRANTS UOP's, CDCR's and

7  Miller's motions to dismiss.  The Court DENIES as moot Miller's

8  motion for a more definite statement.  The Court sua sponte

9  dismisses Plaintiff's claims against Romero.  Plaintiff is granted

10 leave to amend her complaint as to each claim, with the exception of

11 the Labor Code § 1102.5 and the Government Code § 8547 claims which

12 are dismissed with prejudice because amendment would be futile.

13      Plaintiff may file and serve a third amended complaint within

14 twenty (20) days of this order.  Defendants shall respond twenty

15 (20) days thereafter.  Any motions to dismiss shall be noticed for

16 February 5, 2009 at 2:00 p.m.  Plaintiff shall file a single brief

17 in opposition to Defendants' motions to dismiss.  A further case

18 management conference will be held on February 5, 2009 at 2:00 p.m.,

19 whether or not any motions to dismiss are filed.

20

21      IT IS SO ORDERED.

22

23

24 Dated:  11/21/08                   _____
25                                    CLAUDIA WILKEN
                                      United States District Judge
26

27

28

United States District Court
For the Northern District of California