IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE WARWICK, | No. C 08-03904 CW |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO OPPOSE COSTS |
| UNIVERSITY OF THE PACIFIC; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; PATRICIA MILLER; DAVID ROMERO; DOES TWO THROUGH TWENTY-FIVE, inclusive, | (Docket No. 191) |
| Defendants. / | |

    Plaintiff has filed a motion opposing costs taxed on her by the Clerk of the Court following entry of judgment in the action. Docket No. 191. Defendants University of the Pacific (UOP) and California Department of Corrections and Rehabilitation (CDCR) oppose Plaintiff's motion. Having considered all of the parties' submissions, the Court denies Plaintiff's motion.

BACKGROUND

    Plaintiff served as an attorney under an independent contract with the California Parole Advocacy Program (CalPap). In 2005, CalPap terminated her contract. Subsequently, Plaintiff sued the UOP, the CDCR, and numerous individuals. Plaintiff asserted the

following claims: (1) Violation of 42 U.S.C. § 1983; (2) Negligent Supervision; (3) Breach of Contract; (4) Intentional Interference with Prospective Economic Advantage; (5) Intentional Interference with Contractual Relations; (6) Negligence; and (7) Declaratory Relief.

On July 6, 2010, the Court granted summary judgment and awarded costs in Defendants' favor. Docket No. 173. On August 11, 2010, the Clerk taxed costs in the amount of $7,435.10 for UOP, and $11,589.65 for CDCR. On August 18, 2010, Plaintiff filed a motion opposing the costs. Docket No. 191. Defendant CDCR has indicated that it is amenable to staggered payments. Opp. Mot. at 5.

LEGAL STANDARD

Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-945 (2003). The Ninth Circuit requires the Court to consider the plaintiff's limited financial resources, and the chilling effect on future civil rights litigants of imposing high costs, before rejecting a losing civil rights plaintiff's motion to deny costs. Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999). "Although a district court must 'specify reasons' for its refusal to tax costs to the losing party . . . [the Ninth Circuit has] never held that a district court must specify reasons for its decision to abide the presumption and tax costs to the losing party." Save Our Valley, 335 F.3d at 945.

2

DISCUSSION

Plaintiff has failed to make a sufficient showing to justify departure from the presumption awarding costs to prevailing parties. Plaintiff's submissions do not adequately support her contention that she lacks the ability to pay costs over time. Rather, Plaintiff is an attorney currently licensed to practice in California. She has also passed the Michigan and Illinois state bar exams. Plaintiff has indicated that she has employment contacts with at least one elected official who apparently invited her to work for him, a legal aid organization, and a restaurant. Plaintiff continues to pursue her case, taking on expenses to file her appeal and request transcripts. The record demonstrates that Plaintiff has resources at her disposal that set her apart from other low-income litigants who seek to be excused from costs.

Furthermore, Plaintiff's case did not raise civil rights issues of sufficient novelty, weight and merit that costs should be excused. The pressing legal issues that Plaintiff identifies, namely the due process rights of parolees, were not the paramount concerns in the legal claims she plead against Defendants. Plaintiff's case is different from cases where courts have denied the imposition of costs on unsuccessful plaintiffs. See e.g., National Org. For Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982) (affirming denial of costs to defendants where plaintiffs had limited resources and lawsuit alleged wide-scale racial discrimination); Assoc. Of Mexican-American Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000) (affirming denial of $216,443.67 in costs to prevailing defendants where the plaintiffs

3

pursued a class action challenging teacher examination).  The Court is not persuaded that the award of costs in this case will chill future civil rights litigants.

## CONCLUSION

Because Plaintiff has failed to make a sufficient showing to overcome the presumption awarding costs to the prevailing Defendants, the Court DENIES Plaintiff's motion.

Dated: 12/17/2010

CLAUDIA WILKEN
United States District Judge

4