IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE WARWICK,

      Plaintiff,

   v.

UNIVERSITY OF THE PACIFIC;
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION
(CDCR); PATRICIA MILLER; MATTHEW
CATE; MARVIN SPEED; TED RICH;
MICHAEL BRADY; CLAUDIA BELSHAW;
JILL BROWN; JOHN D. STOKES; GARY
SWARTHOUT; DOES TWO THROUGH
TWENTY-FIVE, inclusive,

      Defendants.

═══════════════════════════════════/

No. C 08-3904 CW

ORDER DENYING
PLAINTIFF'S
RULE 60 MOTION FOR
RELIEF FROM THE
ORDER DENYING
PLAINTIFF'S MOTION
TO OPPOSE COSTS
(DOCKET NO. 247)

Plaintiff Joanne Warwick moves for relief from the Court's

order denying her motion to oppose costs, pursuant to Federal

Rules of Civil Procedure 1 and 60(b)(1), (2) and (3), and the

Court's inherent equitable power.[1]  Docket No. 247.  Plaintiff

_____

    [1] Federal Rule of Civil Procedure 1 states that the Federal
Rules of Civil Procedure "govern the procedure in all civil
actions and proceedings in the United States district courts,"
except for certain exceptions not relevant in this motion.  Rule 1
further states that the Federal Rules of Civil Procedure "should
be construed and administered to secure the just, speedy, and
inexpensive determination of every action and proceeding."
Because Plaintiff does not point to authority or provide
substantive argument based on Rule 1 and the Court's inherent
authority, this Order addresses the standard for relief under Rule
60(b).

also requests that the Court issue an order requiring Defendants

to show cause as to why, given Defendants' purported litigation

misconduct, she should still be required to pay costs.

Defendants oppose the motion.  Having considered all of the

parties' submissions, the Court denies the motion.

BACKGROUND

This lawsuit arises from Warwick's termination as a contract

attorney for the California Parole Advocacy Program (CalPAP).

CalPAP trains, appoints and assigns contract attorneys to parolees

facing parole revocation proceedings.  CalPAP is operated by

Defendant University of Pacific (UOP) through a contract with the

State of California.  CalPAP removed Warwick from the CalPAP panel

of attorneys because her gate clearance at San Quentin prison was

revoked.  In response to her termination, Warwick filed suit

against Defendants UOP, the California Department of Corrections

and Rehabilitation (CDCR) and various individuals, claiming

violations under Title 42 U.S.C. § 1983 and California business

tort law.  Throughout the litigation, Warwick has asserted that

her gate clearance was revoked and she was terminated as a CalPAP

contract attorney in retaliation for her various complaints

regarding the management of CalPAP.

On July 6, 2010, this Court granted Defendants' motions for

summary judgment on all claims.  On July 8, 2010, the Court

entered judgment in favor of Defendants.  On July 30, 2010,

Warwick filed objections to the Bill of Costs submitted by CDCR

and UOP.  On August 4, 2010, Defendants moved to strike Warwick's objections, arguing that they failed to comply with Civil Local Rule 54-2(b), requiring parties to meet and confer in an effort to resolve the disagreement.  The objecting party must make a good faith effort to arrange such a conference.  In addition, on August 4, 2010, Warwick's counsel filed a notice of substitution of counsel and a proposed order to withdraw as counsel.

On August 11, 2010, the Clerk of the Court taxed costs in the amount of $11,589.65 for the CDCR and $7,435.19 for the UOP, reducing, by a relatively small amount, Defendants' costs request. On that same day, the Court granted Warwick's counsel's request to withdraw.  A week later, Warwick filed, on her own behalf, a four-page motion to oppose costs, accompanied by over two hundred pages of exhibits.  Warwick argued that she should be excused from paying costs because Defendants were at fault for the protracted litigation.  Warwick indicated that she had been searching for housing that week and requested an opportunity to supplement her briefing.  The Court denied the motion to oppose costs, determining that Warwick had not demonstrated (1) that limited financial resources impeded her ability to pay costs over time, (2) that future litigants would be chilled from pursuing such civil rights litigation, or (3) that her lawsuit otherwise presented an issue of sufficient novelty, weight and merit that the presumption in favor of awarding costs was rebutted.  The

Court did not otherwise address her request to file further briefing.

Subsequently, Warwick sought relief from judgment, pursuant to Rule 60(b).  On November 11, 2011, the Court denied Warwick relief from judgment.  On December 19, 2011, more than a year after the Court issued its order denying her motion to oppose costs, Warwick moved for relief from that order.

LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "upon such terms as are just," a court may relieve a party from an order or final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from operation of the judgment.  Fed. R. Civ. P. 60(b).

Under Rule 60(b)(3), the movant must (1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct; and (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his or her case or defense.  Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Jones v.

United States District Court
For the Northern District of California

1    <u>Aero/Chem Corp.</u>, 921 F.2d 875, 878-79 (9th Cir. 1990).

2    Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by

3    due diligence before or during the proceedings.  <u>Casey</u>, 362 F.3d

4    at 1260.

5                            DISCUSSION

6         As an initial matter, Warwick's motion is untimely.

7    Rule 60(c) of the Federal Rules of Civil Procedure states,

8
          A motion under Rule 60(b) must be made within a
9         reasonable time--and for reasons (1), (2), and (3) no
          more than a year after the entry of the judgment or
10        order or the date of the proceeding.

11   Fed. R. Civ. P. 60(c)(1).

12        On December 17, 2010 the Court denied Plaintiff's motion to

13   oppose costs, and more than one year later, on December 19, 2011,

14   she moved for relief from the Court's order.  Accordingly

15   Warwick's motion is denied as untimely.  <u>United States v. Carey</u>,

16   2010 WL 2180364, *1 (E.D. Cal.) (holding that under Rule 60(c)(1)

17   the defendants' motion for relief from judgment pursuant to Rules

18   60(b)(2) and (3) was untimely because it was filed more than one

19   year after entry of judgment).

20        Warwick's motion also lacks merit.  She argues that her

21   request should be granted based on her excusable neglect.  In

22   <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379 (9th Cir. 1997),

23   the case upon which Warwick relies, the plaintiff missed the

24   deadline to oppose the defendant's motion to dismiss and shortly

25   thereafter the district court dismissed the action and entered

26

27

28

judgment against him.  The plaintiff then filed a motion to set aside the judgment, arguing that his failure to meet the deadline constituted excusable neglect.  The Ninth Circuit held that the equitable test for excusable neglect established in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 381-82 (1993), applies to Rule 60(b).  Under that test, courts are to consider, taking account of all relevant circumstances, the danger of prejudice to the opposing party, the length of the movant's delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.  Id.  The four enumerated factors, while not an exclusive list, provide the framework for deciding whether missing a deadline constitutes "excusable" neglect.  Id.

Warwick does not argue that she missed the deadline to file her original motion to excuse costs, as occurred in Briones. Rather, she argues that she was excusably negligent in preparing her unsuccessful motion to oppose costs because at the time she was overwhelmed by a confluence of factors including her loss of her lawsuit on summary judgment, her loss of counsel and her search for housing, the latter two of which occurred in the week prior to her filing of her motion to be excused from costs. Warwick's motion included copious amounts of immaterial documents and omitted specific information about her income.  As noted earlier, in denying Warwick's motion to oppose costs, the Court

United States District Court
For the Northern District of California

stated that her submissions did not adequately support her contentions that she lacked the ability to pay costs over time, that future litigants would be chilled from pursuing civil rights litigation if relief from costs were not granted, or that the case was of sufficient novelty and merit that relief was warranted.  In her current motion, Warwick repeats her prior arguments that her case was meritorious and novel.  Furthermore, she does not argue that at the time she moved to oppose costs, she was unable to provide sufficient information about her financial status.  For these reasons, Warwick has not demonstrated that excusable neglect justifies relief from the Court's prior denial of her request to be excused from costs.

Warwick also argues that she is entitled to relief from the Court's prior order based on newly discovered evidence, under Rule 60(b)(2).  In connection with the present motion, Warwick submitted the following items as evidence: a March 29, 2006 letter from Ernest Galvan, counsel for class plaintiffs in <u>Valdivia v. Brown</u>,[2] No. 94-cv-0671 (E.D. Cal.); a December 1, 2011 article by Eric Jacobson; a September 29, 2011 letter from CDCR notifying an attorney of a temporary exclusion order against him or her; and a December 8, 2011 letter from a psychotherapist treating Warwick. The first three items of evidence appear directed at Warwick's

---

[2] This class action concerns the constitutionality of California's parole revocation process, including the right of parolees to appointed counsel.

contention that her lawsuit raised important issues regarding the due process rights of parolees.  Warwick had the letter from Galvan at the time she originally moved to oppose costs.  The letter does not constitute newly discovered evidence.

Nor do the December 1, 2011 article, the September 29, 2011 letter or Warwick's therapist's letter from December 8, 2011, constitute newly discovered evidence.  These documents did not exist at the time that the Court denied Warwick's motion to excuse costs.  See Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (holding that a declaration did not constitute newly discovered evidence under Rule 60(b)(2) because it discussed evidence that was not inexistence at the time of judgment).

Nor do these documents support Warwick's contention that her case was of exceptional importance or merit.  Although the December 1, 2011 article discusses the broader implications of the Supreme Court's ruling in Garcetti v. Ceballos, 547 U.S. 410 (2006), this Court found it unnecessary to rule on the application of that precedent to her case because she failed to produce evidence that the revocation of her gate clearance was in retaliation for her speech.  Because Warwick lacked such evidence, her case did not afford an opportunity to address whether the principle announced in Garcetti applies CalPAP contract attorneys.  The article does not mention her case.  The September 29, 2011 letter fails to establish that Warwick's case was of exceptional

importance or merit; it does not evidence that the attorney's temporary exclusion raised any meritorious or novel legal issue and does not demonstrate any connection to Warwick's case. Likewise, Warwick's therapist's letter does not bear on the applicable standard for excusing costs.

In sum, Warwick has not submitted newly discovered evidence that changes the Court's prior determination that her case was not of sufficient merit or novelty that she should be excused from paying costs. Cf. Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572, 593 (9th Cir. 2000) (affirming denial of $215,443.67 in costs to prevailing defendants where the plaintiffs pursued a class action challenging teachers' examination); National Org. For Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982) (affirming denial of costs to defendants where plaintiffs had limited resources and lawsuit alleged wide-scale racial discrimination). In addition, in the present motion Warwick does not argue that the Court previously failed to consider her financial circumstances.

Finally, Warwick argues that the Court's denial of her request to be excused from costs resulted from Defendants' fraud and the Court should issue an order to show cause as to why she should be required to pay despite Defendants' alleged misconduct. Her assertions are unwarranted because they are grounded in her oft-repeated accusations that Defendants engaged in litigation misconduct related to certain discovery requests. Warwick was

unsuccessful in litigating her discovery disputes and the Court has not found that Defendants engaged in misconduct.  Thus, her request for relief pursuant to Rule 60(b)(3) is denied.

CONCLUSION

Warwick's motion for relief is DENIED.

IT IS SO ORDERED.

Dated:  7/31/2012

_____
CLAUDIA WILKEN
United States District Judge